IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| | ) | |
| DAVID C. KERNELL | ) | |

## MOTION TO DISMISS

Comes the Defendant, DAVID C. KERNELL, by and through counsel, pursuant to Rules 7(c) and 12 of the Federal Rules of Criminal Procedure, and hereby moves the Court for an Order dismissing the Indictment against him because the Indictment improperly joins two functionally identical misdemeanor provisions in an attempt to create a felony. Under the charged statutes, as applied to the allegations stated in the Indictment, this should be a misdemeanor case.

In support of this motion, Mr. Kernell would show the following:

1. Mr. Kernell has been charged in a one-count indictment with accessing a Yahoo! e-mail account after it was reported in the press that Governor Sarah Palin had been using this web based e-mail account for official business.

2. The Indictment charges Mr. Kernell with violating Title 18, United States Code, Section 1030(a)(2), for accessing a computer without authorization and thereby obtaining information.

3. A violation of this statute is generally a misdemeanor.

1

4. The statute contains an enhancement provision making it a felony if the crime of unauthorized access is committed in furtherance of another crime.

5. The fatal flaws in this Indictment stem from the government's attempt to charge misdemeanor conduct as a felony.

6. The government has improperly attempted to charge that the act of unauthorized access was committed in furtherance of two other misdemeanor statutes that are either exactly or functionally the same as the unauthorized access statute itself.

7. The Indictment first charges that Mr. Kernell violated section 1030(a)(2) in furtherance of violating the exact same section – 1030(a)(2); the Indictment thereby explicitly alleges that Mr. Kernell accessed a computer in furtherance of accessing a computer.

8. The Indictment next claims that David Kernell violated section 1030(a)(2) in furtherance of violating Title 18 U.S.C., Section 2701, which also prohibits unauthorized access.

9. This attempt to create a felony from two functionally identical misdemeanors is in violation of the plain language of the statute and the intent of Congress, evidenced by the legislative decision to create and maintain a misdemeanor provision applicable to conduct such as accessing someone else's e-mail.

10. The Indictment is fatally duplicitous because it charges a violation of two statutes in the same count, though both govern the same conduct. In this case, the harm of a duplicitous count is greater than normal because misdemeanors are being combined to create a felony.

11. Further, the Indictment fails to allege the essential elements necessary to sustain a conviction.

12. Finally, if the Indictment were interpreted to state an offense under the cited statutes, the Indictment should be dismissed because the statutes are unconstitutionally vague, both

facially and as applied to Mr. Kernell.  A person accessing someone else's e-mail under the conditions alleged in the Indictment would not be on notice that the conduct could be considered to constitute a felony.

13. In further support of this motion, Mr. Kernell relies on the authorities cited in the accompanying memorandum.

Respectfully submitted this 27th day of October, 2008.

RITCHIE, DILLARD & DAVIES, P.C.

_____
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN  37901-1126
(865) 637-0661

*Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 27th day of October, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

   /s/ Wade V. Davies_____
WADE V. DAVIES

3

Case 3:08-cr-00142   Document 10   Filed 10/27/08   Page 3 of 3