IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| | ) | |
| DAVID C. KERNELL | ) | |

**MOTION IN LIMINE TO PROHIBIT
THE USE OF THE TERM "HACKING"**

Comes the defendant, David C. Kernell, through undersigned counsel and pursuant to Rules 401 through 403 of the Federal Rules of Evidence and the Sixth Amendment to the U.S. Constitution, and hereby respectfully moves the Court for an Order directing the prosecution and all its witnesses to refrain from referring to the incident in this case as "hacking" or David Kernell as a "hacker." The bases for this motion are that these slang terms are irrelevant; they are not used in the statute; and they do not accurately describe the alleged conduct in this case.

In further support of this motion Mr. Kernell would show as follows:

1. David C. Kernell has been charged in a one-count Indictment with violating 18 U.S.C. § 1030(a)(2) by allegedly obtaining information from a protected computer without authorization. Mr. Kernell allegedly accessed a Yahoo! e-mail account used by Governor Sarah Palin. Upon the indictment, the government issued a press release referring to an alleged "hack of Governor Sarah Palin's e-mail account."

2. The statute governs "accessing" computer information without authorization. The word "hacking" does not appear anywhere in the relevant statutes.

3. Computer hacking is a non-statutory, slang term indicating the use of specialized computer skills to break codes and often to do damage to remote computers.

4. The use of the slang term "hacking" would not even appropriately describe the allegations that have been made against Mr. Kernell. According to the Indictment and information provided in pretrial discovery, Mr. Kernell is a college student who allegedly accessed a Yahoo! e-mail account simply by guessing three security questions based on readily available information from public sources. "Hacking," which implies the use of sophisticated means or specialized computer skills, is not applicable to the alleged conduct.

5. The terms should be excluded under Rules 401 through 403 of the Federal Rules of Evidence.

6. Pursuant to Rule 401, the terms are legally irrelevant. The use of these terms has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Because the terms are not used in the statute, they are legally irrelevant.

7. Rule 403 of the Federal Rules of Evidence provides for the exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Because of the negative connotations evoked by these terms, there is a significant danger of unfair prejudice, confusion of the issues, and misleading the jury. Hackers are commonly portrayed as dangerous criminals who are involved in malicious conduct such as credit card fraud, stealing, intentional disruption of legitimate activities and causing economic damages. <u>See</u> Majid Yar, <u>Cybercrime and Society</u> (Sage Publications, 2006), pp. 22-32 (attached as Exhibit 1).

2

Case 3:08-cr-00142   Document 12   Filed 10/27/08   Page 2 of 3

Accordingly, counsel for David Kernell respectfully asks the Court to grant his motion and prohibit the use of these terms during trial.

Respectfully submitted this day of 27th October 2008.

RITCHIE, DILLARD & DAVIES, P.C.


\_\_/s/ WADE V. DAVIES_____
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661

*Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 27th day of October, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

\_\_/s/ Wade V. Davies_____
WADE V. DAVIES

3

Case 3:08-cr-00142   Document 12   Filed 10/27/08   Page 3 of 3