UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-142 |
| v. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| DAVID C. KERNELL, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This case came before the Court on November 14, 2008, to address the pending Joint Motion to Continue Trial Date and All Corresponding Deadlines [Doc. 14]. Assistant United States Attorney Greg Weddle and Attorney Mark Krotoski were present for the Government. Attorney Wade Davies and Attorney Anne Passino were present for the Defendant, who was also present.

The Defendant was arraigned on the currently pending charges on October 8, 2008. On October 27, 2008, the Defendant filed three motions which remain pending: Motion to Dismiss [Doc. 10], Motion in Limine to Prohibit the Use of the Term Hacking [Doc. 12], and Motion for a Bill of Particulars [Doc. 13]. In their motion, the parties move the Court to continue the trial date, which is currently December 16, 2008, and to extend all corresponding deadlines. The parties seek addition time because the nature of the case requires significant forensic evaluation. The motion states that the parties have agreed that despite their due diligence and cooperation in the discovery process, additional time is needed to complete effective trial preparation.

At the hearing, Attorney Davies addressed the motion first and explained that the assistance of an expert was required for the parties to review evidence in the case, electronic messages and computer data, which slowed the parties' trial preparation. Attorney Davies noted the approaching discovery deadlines and agreed that the time between the present trial date and a new trial date would be fully excludable under the Speedy Trial Act. AUSA Weddle stated that the Government also anticipated additional evidence being added to that presently in the parties possession. AUSA Weddle concurred with the view that any time between the present and new trial dates would be fully excludable under the Speedy Trial Act.

Based on the foregoing, the Court finds the Joint Motion to Continue Trial Date and All Corresponding Deadlines **[Doc. 14]** is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that, given the nature of the evidence in this case, a continuance is required to allow all parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). In light of these findings and its granting of the motion, the Court set a new trial date of May 19, 2009; the Court also set new discovery deadlines. The Court finds that the period of time between the filing of the Motion to Dismiss [Doc. 10], the Motion in Limine [Doc. 11], and the Motion for Bill of Particulars [Doc. 13] on October 27, 2008, and the hearing held on November 14, 2008, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F). Further, the Court finds that the period between the hearing on November 14, 2008, and the new trial date of May 19, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

1. The Joint Motion to Continue Trial Date and All Corresponding Deadlines **[Doc. 14]** is **GRANTED**;

2. The Defendant shall have up to and including **January 9, 2009**, in which to file motions;

3. The Government shall have up to and including **February 13, 2009,** in which to respond to such motions;

4. The Government shall have up to and including **March 9, 2009**, in which to disclose its expert discovery to the Defendant;

5. The Defendant shall have up to and including **March 30, 2009**, in which to disclose its expert discovery to the Government;

6. The parties shall have up to and including **March 9, 2009**, in which to disclose other reciprocal discovery;

7. A pretrial conference is reset for **March 9, 2009, at 9:30 a.m.**;

8 The trial is reset to commence on **May 19, 2009, at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge; and

9. All time between **November 14, 2008**, and the new trial date of **May 19, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED**

                **ENTER:**

                  s/ C. Clifford Shirley, Jr.
                United States Magistrate Judge