UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
|     a/k/a "rubico," | ) | |
|     a/k/a "rubico10," | ) | |
| | ) | |
|         Defendant. | ) | |

UNITED STATES' OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT
THE USE OF THE TERM "HACKING"

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response in opposition to Defendant's Motion *in Limine* to Prohibit The Use of the Term "Hacking". The Defendant's motion must be denied because the defendant made a series of statements to others that he had "hacked" into the e-mail account of Governor Sara Palin. These statements of the defendant are directly admissible under FED. R. EVID. 801(d)(2)(A), and directly relevant to issues in this case, as noted below.

The investigation in this case established that after the defendant reset the password to the e-mail account of Governor Palin, he told a number of other individuals that he had "hacked" into the Yahoo! e-mail account. In essence, the defense motion seeks to exclude relevant evidence from the jury concerning the defendant's statements and conduct in this case, contrary

to the rules of evidence and established case law. He should not be allowed to deprive the jury from considering this relevant evidence.

It is well-settled that the statements of the defendant are directly admissible against him at trial, under FED. R. EVID. 801(d)(2)(A).[1] Consequently, there are no hearsay issues in admitting the defendant's statements about his actions at trial.[2]

The statements are also directly relevant to each of the charged counts and place in context his conduct. The statements by the defendant that he "hacked" into the account are relevant to show the defendant's intent and that his access and control over the account was

---

[1] Rule 801(d)(2)A) provides:

(d) Statements which are not hearsay. – A statement is not hearsay if--

...

(2) Admission by party-opponent.--The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity".

[2] *See, e.g.*, *United States v. McDaniel*, 398 F.3d 540, 544 (6th Cir. 2005) ("Federal Rule of Evidence 801(d)(2) excludes admissions by a party-opponent (which are offered against the party) from the definition of hearsay because the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial."); *see also United States v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007) ("The deposition excerpts are not hearsay because each statement was offered and received only against the party who made it."); *United States v. Payne*, 437 F.3d 540, (6th Cir. 2006) ("We need not decide whether Payne's statement qualified for the coconspirator exclusion of Rule 801(d)(2)(E), however, because in any event Payne's statement was admissible under Rule 801(d)(2)(A) as a party-opponent's own admission.") (citing other cases); *United States v. Davis*, 170 F.3d 617, 626-27 (6th Cir.) (defendant's recorded conversation directly admissible against the defendant), *cert. denied*, 528 U.S. 861 (1999); *United States v. Maliszewski*, 161 F.3d 992, 1007-08 (6th Cir. 1998) ("The statements of Edward that were testified to by Akin are non-hearsay under Rule 801(d)(2)(A) because they are the admissions of a party, Edward, offered against him. Edward has no legal basis for complaining of the admission of these statements."); *Bondie v. Bic Corp.*, 947 F.2d 1531, 1534 (6th Cir. 1991) ("a party's own statement offered against the party is, by definition, not hearsay").

without authorization. The Superseding Indictment charges the Defendant with four counts, including (1) Identity Theft, under 18 U.S.C. § 1028(a)(7); (2) Wire Fraud, under § 1343; (3) Obtaining Information from a Computer, under 18 U.S.C. § 1030(a)(2)( C); and (4) Destruction, Alteration, or Falsification of Records in Federal Investigations, under 18 U.S.C. § 1519. The defendant's statements about "hacking" into the account tend to show the he was aware that his access to the account was unauthorized and that he intended to commit each of the charged offenses. Under Rule 401, the evidence need only have "*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Finally, the statements are not excludable under FED. R. EVID. 403,[3] as the defense contends, since the statements are not *unfairly* prejudicial. It may be that the defense finds the evidence strong, but that is why it is probative. Most relevant evidence has some prejudicial impact but only evidence that is *unfairly* prejudicial may be excluded under Rule 403 where its probative value is *substantially* outweighed by prejudice. *See, e.g.*, *United States v. Pinillos-Prieto*, 419 F.3d 61, 72 (1st Cir. 2005) ("Virtually all evidence is prejudicial – if the truth be told, that is almost always why the proponent seeks to introduce it – but it is only *unfair* prejudice against with the law protects.") (emphasis in original); *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988) (Unfair prejudice "does not mean the damage to a defendant's case

---

[3] Rule 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3

that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.") (citation and quotation marks omitted).

For all of the above reasons and authorities, the Defendant's Motion *In Limine* should be denied.

Respectfully submitted this 13th day of February, 2009.

>JAMES R. DEDRICK
>United States Attorney
>
>*S/ D. Gregory Weddle*
>*S/ Mark L. Krotoski*
>_____
>D. Gregory Weddle
>Mark L. Krotoski
>Assistant U.S. Attorneys
>800 Market Street, Suite 211
>Knoxville, TN 37902
>865-225-1710

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2009, a copy of the foregoing UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE USE OF THE TERM "HACKING" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
*S/ Mark L. Krotoski*
_____
D. Gregory Weddle
Mark L. Krotoski
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710