UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-142 |
| v. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| DAVID C. KERNELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This matter is before the Court on the defendant's Unopposed Motion to Continue Trial Date and All Corresponding Deadlines. [Doc. 32] On March 9, 2009, the parties appeared before the Court for an arraignment on the Superceding Indictment [Doc. 21] and a hearing on the instant motion. Assistant United States Attorney Greg Weddle and Attorney Mark Krotoski were present on behalf of the Government. Attorney Wade Davies was present on behalf of the Defendant, who was also present.

The defendant moves the Court to continue the trial date in this matter, currently set for May 15, 2009. As grounds, the defendant states that additional time is needed to respond to the recently filed Superseding Indictment, including additional time needed to file a motion to dismiss, and any other necessary motions, as to the three new charges raised by the Superseding Indictment. The government does not oppose the motion. At the hearing, the defendant acknowledged that he had been advised of his speedy trial rights and requested the continuance as being in his own best

interest.

Based on the foregoing, the Court finds the defendant's motion to continue **[Doc. 32]** to be well-taken, and the same is hereby **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that, given the Superseding Indictment, a continuance is required to allow the defendant the time to file motions in response to the Superseding Indictment, to allow the Court to rule on any such motions, and to allow the parties to prepare for trial in light of the Court's ruling. See 18 U.S.C. § 3161(h)(8)(B)(iv). In light of these findings and its granting of the motion, the Court set a new trial date of **October 27, 2009**; the Court also set new discovery deadlines. The Court finds, and the parties agreed, that the period of time between the March 9, 2009, hearing and the October 27, 2009, trial date shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED** that:

1. The defendant's motion to continue **[Doc. 32]** is **GRANTED**;

2. The Defendant shall have until and including **May 11, 2009**, in which to file motions as to the new charges raised by the Superseding Indictment;

3. The Government shall have until and including **June 8, 2009,** in which to respond to any such motions;

4. The Government shall have until and including **June 30, 2009**, in which to disclose its expert discovery to the Defendant;

5. The Defendant shall have until and including **July 31, 2009**, in which to disclose its expert discovery to the Government;

6. The parties shall have until and including **June 30, 2009**, in which to disclose other reciprocal discovery;

2

7. A motion/evidentiary hearing and pretrial conference is set for **June 30, 2009, at 9:00 a.m.**;

8 The trial is reset to commence on **October 27, 2009, at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge; and

9. All time between **March 9, 2009**, and the new trial date of **October 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED**

                              **ENTER:**

                              _s/ C. Clifford Shirley, Jr._
                              United States Magistrate Judge