IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| | ) | |
| DAVID C. KERNELL | ) | |

**MOTION TO AUTHORIZE ISSUANCE OF
SUBPOENAS FOR PRETRIAL PRODUCTION OF
EVIDENTIARY MATERIAL**

Comes the defendant, David C. Kernell, by and through undersigned counsel and pursuant to Rule of Criminal Procedure 17(c), the compulsory process, confrontation, and fair trial provisions of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment, and respectfully moves the Court for an Order authorizing the issuance of subpoenas directing pretrial production of evidentiary material on a date certain prior to trial.

Because of the issues raised in this case, including technological issues, pretrial production is necessary in order to allow Mr. Kernell to present evidence in his defense. This request is not made for all of the subpoenas that Mr. Kernell would issue for trial but only for that material that is necessary to obtain pretrial. The proposed subpoenas would be issued to Yahoo!, the network provider in the indictment, 4CHAN, the website mentioned in the indictment, and Governor

Sarah Palin and/or the custodian of records in the Governor's office. The items to be subpoenaed are set out in Attachment A (Yahoo!), Attachment B (4CHAN), and Attachment C (Governor Palin).

In support of this motion, Mr. Kernell would show as follows:

1. David Kernell has been charged in a four-count superseding indictment with accessing an e-mail account maintained and used by Alaska Governor Sarah Palin. The issues necessarily involve, and require analysis of, electronic transactions and computerized data. Count 3, charging unauthorized computer access in furtherance, in part, of a claim of tortious invasion of privacy, necessarily introduces complicated issues regarding the privacy interests of a political candidate and public figure.

2. In situations where pretrial analysis is required in order to allow a party to present evidence adequately, Rule 17(c) specifically provides for pretrial production:

> **(c) Producing Documents and Objects.**
> **(1) In General**. A subpoena may order a witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect or part of them.

Rule 17(c)(1), Fed. R. Crim. Proc.

3. The pretrial production provisions of Rule 17(c) were created "to expedite the trial by providing a time and place before trial for the inspection

of subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). See also United States v. Nixon, 418 U.S. 683, 693-99 (1974).

4. While the rule does not require leave of court prior to the issuance of a Rule 17(c) subpoena, Mr. Kernell's counsel seeks an Order so that any issues regarding the necessity for pretrial production can be resolved expeditiously. See Wright, Federal Practice and Procedure: Criminal 3d § 274, p. 245 (noting that a pretrial motion is an orderly and desirable procedure not required by the rule).

5. Advanced production is normally ordered when the factors first set out in United States v. Iozia, 13 F.R.D. 335, 338 (D.C.N.Y. 1952), are followed. Wright, Federal Practice and Procedure: Criminal 3d § 274, p. 246.

6. The factors to be examined are:

> (1) That the documents are evidentiary and relevant; (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence; (3) That the defendant cannot properly prepare for trial without such production or inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; (4) That the applications are made in good faith and is not intended for a general expedition.

Iozia, 13 FRD at 338.

7. Pretrial production is especially appropriate in cases involving analysis of electronic data.

8. The documents to be subpoenaed are directly relevant to issues raised by the superseding indictment. For example, the indictment puts at issue the way in which Yahoo! services are offered:

> Yahoo! was based in Sunnyvale, California and provides a global online network of integrated services, which included e-mail services, to the public in the United States and abroad through its website at www.yahoo.com. Yahoo! e-mail subscribers accessed their e-mail accounts on computers and servers maintained by Yahoo! from any computer connected to the Internet located anywhere in the world. The computers and servers for the yahoo.com domain were located outside the state of Tennessee.

[Doc. 21: Superseding Indictment, p. 1 ¶ 2].

9. Further, the indictment contains specific allegations regarding how it is alleged the unauthorized access was carried out. The indictment also contains an allegation of the use of a proxy server to conceal an internet protocol address. Superseding Indictment, p. 3, ¶ 9.

10. The indictment then contains an allegation that screen shots of confidential and personal information were been posted on the website called 4CHAN.org. Superseding Indictment, p. 3, ¶ 11. The indictment also states that at least one other individual successfully used the reset password to access the email account. Superseding Indictment, p. 3, ¶ 12.

11. Thus, to defend against the allegations in the indictment, Mr. Kernell will need to be in a position to introduce fairly complex technological events and to rebut a claim of state tort law invasion of privacy.

4

12. The government has already had the opportunity through the use of grand jury subpoenas to obtain material that was appropriate for its investigation. Mr. Kernell seeks the opportunity to obtain evidentiary material so that it can be effectively used at trial.

## Conclusion

Because of the technical nature of the information that must be presented at trial, the use of Rule 17(c) to allow pretrial production will satisfy its purpose of allowing the more orderly administration of the trial and is necessary to preserve Mr. Kernell's right to put on a defense. The requested subpoenas have been narrowed to insure that only necessary information is requested. Accordingly, Mr. Kernell requests that this court set a date certain for the production of the material to be subpoenaed at least 30 days before the date that the defendant's expert report would be due, July 31, 2009.

Respectfully submitted this 11th day of May, 2009.

RITCHIE, DILLARD & DAVIES, P.C.

/S/ WADE V. DAVIES
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO [BPR #027456]
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
wdavies@rddlawfirm.com
apassino@rddlawfirm.com

*Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 11th day of May, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                 /s/ Wade V. Davies
                 WADE V. DAVIES