# PROPOSED ATTACHMENT TO DUCES TECUM SUBPOENA FOR YAHOO!

SUMMON:

Yahoo! Record Custodian
701 First Avenue
Sunnyvale, California 94089

In addition to personal appearance, pursuant to Fed. R. Crim. P. 17(c) the accompanying subpoena commands that you bring with you the following:

For purposes of this subpoena duces tecum, the term "document" is all inclusive and means the original or any copy of all material that is written, printed, typed, photographed, or any other form of record preserving information, or which is capable of being recorded or reproduced in any form. The term includes, but is not limited to, papers, books, records, letters, photographs, tangible things, **electronic mail**, correspondence, telegrams, cables, telex messages, memoranda, accounting records, filings with governmental authorities, notes, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of other meetings, affidavits, statements, summaries, opinions, reports, analyses, evaluations, contracts, agenda, bulletins, notices, announcements, advertisements, charts, annuals, brochures, publications, schedules, statistical records, calendars, appointment books, diaries, lists, spreadsheets, sound recordings, computer diskettes, microfilm, books of accounts, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing however denominated.

Each request is limited to the following email accounts:

gov.sarah@yahoo.com

gov.palin@yahoo.com

rubico10@yahoo.com

(1)  Any and all documents, to include but not limited to, notes, items, data, user profiles, dates, times and Internet Protocol ("IP") addresses, log-in attempts, snapshots of the account contents, Yahoo! cookie information, IP logs, alternate screen names, the status of the account, detailed billing logs, the date the account was opened and closed, the method of payment, and detailed billing records (log on & log off times) for the above-listed email accounts.

(2)  Any documents in your custody, possession, or control which relate, reflect, and/or refer in any manner the manner in which a user may authorize others to access an Yahoo! e-mail account and/or setting out the responsibilities of the user for preventing unauthorized access.

(3) Any documents in your custody, possession, or control which relate, reflect, and/or refer in any manner to distinguishing log-in attempts from successful long-ins to these accounts.

(4) Any documents in your custody, possession, or control which relate, reflect, and/or refer in any manner to Yahoo!'s privacy policies in effect at the time the above-listed email accounts were created and in September 2008.

(5) Any disclaimers that were part of a "clickwrap" agreement that a subscriber to a Yahoo! email account would have been required to acknowledge in connection with creating a Yahoo! email account at the time the above-listed email accounts were created and in September 2008.

(6) Any documents in your custody, possession, or control which relate, reflect, and/or refer in any manner to formal or informal complaints filed with Yahoo! concerning the security of email accounts and/or password protection, including reports made to Yahoo! that users' email accounts had been accessed due to the password changing feature.

(7) Any documents in your custody, possession, or control which relate, reflect, and/or refer in any manner to Yahoo! password security, tips or information on safeguarding passwords, account verification, terms of service at the time the above-listed email accounts were created and in September 2008.

(8) Descriptions of all security features available to Yahoo! email users and the dates these features were added.

(9) Any and all documents, to include but not limited to, handwritten notes, memoranda, reports, recordings, and other items, concerning Yahoo!'s interactions with law enforcement agents in response to:

    Subpoena dated September 19, 2008

    Subpoena dated September 25, 2008

(10) Any documents showing the physical location on any server of the e-mail accounts listed above.

(11) Any documentation of the location of the "protected" computer allegedly accessed by means of an interstate communication by Mr. Kernell on or about September 16, 2008.