UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA,       )
                                )
v.                              )       No. 3:08-CR-142
                                )       Judges Phillips/Shirley
DAVID C. KERNELL,               )
        a/k/a "rubico,"         )
        a/k/a "rubico10,"       )
                                )
                Defendant.      )


RESPONSE OF THE UNITED STATES IN OPPOSITION TO
DEFENDANT'S MOTION TO AUTHORIZE ISSUANCE OF SUBPOENAS FOR PRETRIAL PRODUCTION OF
EVIDENTIARY MATERIAL

--------------------------------------------------

        Comes now the United States and files its response to Defendant's Motion to Authorize

Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 36].  Defendant has

requested authorization to issue, pursuant to Rule 17(c), subpoenas to Yahoo!, 4Chan, and

Governor Palin requiring production of materials prior to trial.  Because the Defendant has not

shown that the materials requested are relevant or necessary for the preparation of trial, the

motion should be denied.

        Rule 17(c), Federal Rules of Criminal Procedure, provides that a subpoena may order a

witness to produce books, papers, documents, and other objects the subpoena designates.

Fed.R.Crim.P. 17(c).  Such production of documents is appropriate only if: (1) the documents are

evidentiary and relevant; (2) the documents are not otherwise procurable with due diligence in

advance of trial; (3) the party cannot adequately prepare for trial; and (4) the application is in

good faith and not a fishing expedition. *United States v. Hughes*, 895 F.2d 1135, 1145 (6th Cir. 1990)(citing *United States v. Nixon*, 418 U.S. 683 (1974)).

> That Rule 16 may not require the production of the material sought here is not conclusive of the validity of the subpoenas, however, for Rule 17(c) not only permits the Defendant to reach Rule 16 materials for use at trial, but also (subject to the provisions of Rule 17(c)(2)) permits the use of a trial subpoena to obtain for use at trial materials that are outside the scope of Rule 16 "as long as they are evidentiary." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951). The court assesses and controls the extent to which the Rule is used in a good-faith effort to obtain evidence "by its power to rule on motions to quash or modify." *Id.* at 220. "Rule 17(c) was not intended to provide an additional means of discovery." Id. Rather, its purpose is trial-focused and it therefore may be used only to obtain materials admissible as evidence at trial. *See id.* at 220-21.

*United States v. Louis*, 2005 WL 180885 (S.D.N.Y. Jan. 27, 2005). "Rule 17(c) is not to be used as method of discovery in criminal cases," *United States v. Ceballo*, 2003 WL 21961123 (S.D.N.Y. Aug. 18, 2003), and "[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y. 1995). "In order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence." *Cherry*, 876 F. Supp. at 552. As Judge Greer has noted:

> A Rule 17(c) subpoena will not be issued, therefore, unless the *Nixon* requirements of relevance, specificity and admissibility are met.
>
> It is clear that Rule 17(c) was never intended as a discovery device, *Nixon*, 418 U.S. at 698; *United States v. Cuthbertson*, 630 F. 2d 139, 146 (3rd Cir. 1980), and the circumstances warranting pretrial production have been described by the Court of Appeals for the Sixth Circuit as "extraordinary." *Hughes*, 895 F. 2d at 1146. In addition, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*,

2

> 418 U.S. at 701. Although material usable for impeachment is
> evidentiary, it does not become evidentiary until the witness has
> testified at trial. Thus, impeachment evidence would likely not
> ever be producible before trial under Rule 17(c) and such evidence
> related to potential witnesses who are ultimately not called as a
> witness at trial need not be produced at all. *Cuthbertson*, 630 F. 2d
> at 144.

(*United States v. Vassar*, Case No. 2:05-CR-75, Doc. 184 at 2-3).

Defendant has been provided with substantial material from Yahoo! and 4Chan. See

letter attached as Exhibit 1. Other materials which Defendant seeks to subpoena are either not

relevant to the offenses charged or are inadmissible. Likewise, Defendant also seeks records

from Governor Palin or her office which are clearly irrelevant and inadmissible.

Accordingly, Defendant's motion for authorization to issue subpoenas to Yahoo!, 4Chan,

and Governor Palin should be denied.

Respectfully submitted this 8th day of June 2009.

JAMES R. DEDRICK
United States Attorney

S/ Josh Goldfoot
S/ D. Gregory Weddle
S/ Mark L. Krotoski
_____
D. Gregory Weddle
Josh Goldfoot
Mark L. Krotoski
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710

3

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2009, a copy of the foregoing RESPONSE OF THE

UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO AUTHORIZE ISSUANCE OF

SUBPOENAS FOR PRETRIAL PRODUCTION OF EVIDENTIARY MATERIAL was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

Parties may access this filing through the Court's electronic filing system.


 s/ D. Gregory Weddle
D. GREGORY WEDDLE
Assistant United States Attorney
900 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865)545-4167

4