IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| DAVID C. KERNELL | ) | |

**SUPPLEMENT TO MOTION FOR BILL OF PARTICULARS**

Comes the defendant, David C. Kernell, by and through undersigned counsel and hereby respectfully submits this supplement to his Renewed and Amended Motion for a Bill of Particulars. [Doc. 46].

Because Count 2 charges Mr. Kernell with committing wire fraud, in violation of 18 U.S.C. § 1343, [Doc. 21 at ¶ 26], Mr. Kernell requested that the government "identify the electronic communication" that forms the basis for the charge. [Doc. 46 at ¶ 6]. During the hearing on June 30, 2009, the government argued that it is not required to identify the electronic communication but that if this Court requests particularization on that point, the government will identify multiple transmissions, including the alleged transmissions to Yahoo! in advance of logging onto the email account and as reflected on the IP logs.

An interstate wire communication is an element of wire fraud. See 18 U.S.C. § 1343; United States v. Gale, 468 F.3d 929 (6th Cir. 2006) (holding that "[t]o convict a defendant of wire fraud, the government must prove . . . use of interstate wire communications in furtherance of the scheme"). As such, it must either be plead in an indictment or specified in a bill of particulars. In United States v. Dorfman, 335 F.Supp. 675, 680-81 (S.D.N.Y. 1971), a district court granted, in part, the defendant's motion for a bill of particulars. The defendant had requested "information on the manner and means by which" he was alleged to have "caused to

be transmitted in interstate commerce the communications by wire set forth in the wire fraud counts." Id. at 680.

> On reflection, I think the defendant is entitled to the information requested on the wire fraud counts. The use of telephonic communication is a jurisdictional element in these counts. If the defendant can successfully move against these counts for jurisdictional deficiency, he should be given the means to do so. I realize that the ultimate wire communication may sometimes be the end result of a course of conduct that does not entail a specific direction to use a wire. Where that is the case the Government may so state. But where the defendant is actually privy to the act of wire communication, the manner or means should be divulged. The request is, therefore, granted as to the wire fraud counts.

Id. at 680-81. See also United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y. 1967) (directing government to furnish the defendant in wire fraud prosecution with "the identity of the person or persons who made the telephone call or sent the telegram and letter, the identity of the person or persons, or the number to which, the telephone call was made, the identity of the addressee of the telegram or letter, and a copy of each such letter and of the telegram referred to in Count 11"). Cf. Leung v. Law, 387 F.Supp. 2d 105 (E.D.N.Y. 2005) (civil RICO case) ("[T]he plaintiff bears the burden of pleading that particular uses of the wires by the defendants were incident to an essential element of the scheme to defraud. . . . The bare allegation that the defendants communicated with each other over the interstate wires during the time period in which they were operating a scheme to defraud is clearly insufficient to carry this burden. Accordingly, Leung's wire fraud allegations are dismissed.").

WHEREFORE, Mr. Kernell supplements his motion and renews his request that this Court order the government to provide a bill of particulars.

Respectfully submitted this 6th day of July, 2009.

                    RITCHIE, DILLARD & DAVIES, P.C.

                    __/S/ WADE V. DAVIES__
                    WADE V. DAVIES [BPR #016052]

                    __/S/ ANNE E. PASSINO__
                    ANNE E. PASSINO [BPR #027456]
                    606 W. Main Street, Suite 300
                    P. O. Box 1126
                    Knoxville, TN 37901-1126
                    (865) 637-0661
                    wdavies@rddlawfirm.com
                    apassino@rddlawfirm.com

                    *Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 6th day of July, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

__/s/ Wade V. Davies__
WADE V. DAVIES