UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
| a/k/a "rubico," | ) | |
| a/k/a "rubico10," | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE OF THE UNITED STATES TO
DEFENDANT'S SUPPLEMENT TO MOTION FOR BILL OF PARTICULARS

Comes now the United States and files this response to Defendant's Supplement to Motion for Bill of Particulars [Doc. 58]. Defendant seeks more particularization regarding the electronic transmission that is alleged in Count Two of the Superseding Indictment to have been transmitted or caused to be transmitted by him for the purpose of executing the wire fraud scheme charged.[1] Defendant has requested a bill of particulars to require the United States to identify the electronic transmission and to identify the Yahoo! computers. It is the position of the United States that Superseding Indictment adequately apprises defendant of the essential facts of the crime charged. Moreover, defendant has been provided in discovery records reflecting the dates and times of all computer traffic from defendant's computer to Yahoo!'s computers, whether directly or through proxy servers, during the relevant time period.

---

[1]/ The Superseding Indictment identifies the transmission as "an electronic transmission between the defendant's computer in Knoxville, Tennessee and Yahoo! computers located outside the State of Tennessee.

Defendant has no grounds to complain that he doesn't know what he is charged with in Count Two of the Superseding Indictment.

Defendant cites two district court opinions from the Southern District of New York to support his request. In *United States v. Crisona*, 271 F. Supp. 150, 156 (S.D.N.Y. 1967), the court ordered the government to furnish the defendants in that case with no more than has been provided to defendant in this case, namely, the identity of the person making the wire transmission, the number (in this case the IP address) where the transmission was sent, and the identity of the recipient of the transmission. The New York court also required the government to provide a copy of the telegram which was sent. Obviously, there is no telegram involved in this case, but defendant has been provided discovery materials, including the FBI computer forensic reports, which lay out in great detail the contents and nature of the transmissions from defendant's computer.

The other case relied on, *United States v. Dorfman*, 335 F. Supp. 675 (S.D.N.Y. 1971), is inapposite. There the government was directed to provide the defendant with the manner and means by which the defendant caused to be transmitted in interstate commerce the communications by wire set forth in the wire fraud counts so the defendant could challenge any jurisdictional deficiency. Here, the Superseding Indictment, together with the extensive discovery provided to defendant, sets out the manner and means by which defendant transmitted and caused to be transmitted wire communications in interstate commerce, namely, from his computer in Knoxville to Yahoo! computers outside of Tennessee. In short, *Dorfman* has nothing to say about whether defendant is entitled to a bill of particulars as to specific transmissions.

In a much more recent case from the Southern District of New York, the district court denied defendants' requests for a bill of particulars seeking specifics of wire transmissions charged in the wire fraud count of the indictment. *United States v. Chalmers*, 410 F. Supp. 2d 278, 285 (S.D.N.Y. 2006). There the court held that the government is not required to inform a defendant of all transmissions it will use to prove a defendant's guilt at trial in a bill of particulars. *Id.* at 285. The court rejected the defendants' claim that a bill of particulars was necessary to protect them from an impermissibly duplicitous count and noted that the government's extensive discovery obviated the need for a bill of particulars. Importantly, the court rejected the defendants' attempt to use a bill of particulars to limit the government's proof at trial. "Moreover, given the volume of documents in this case, it would be premature to require the Government to limit itself now to the specified acts of the Superseding Indictment or any additional acts it might be able to specify in a bill of particulars." *Id.*

For all of the above reasons and authorities, Defendant's Motion for a Bill of Particulars must be denied.

Respectfully submitted this 10th day of July, 2009.

        JAMES R. DEDRICK
        United States Attorney

        *S/ D. Gregory Weddle*
        *S/ Mark L. Krotoski*
        *S/Josh Goldfoot*
        _____
        D. Gregory Weddle
        Mark L. Krotoski
        Josh Goldfoot
        Assistant U.S. Attorneys
        800 Market Street, Suite 211
        Knoxville, TN 37902
        865-225-1710

## CERTIFICATE OF SERVICE

      I hereby certify that on July 10, 2009, a copy of the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT'S SUPPLEMENT TO MOTION FOR BILL OF PARTICULARS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      *S/ D. Gregory Weddle*
      _____
      D. Gregory Weddle
      Assistant U.S. Attorney
      800 Market Street, Suite 211
      Knoxville, TN 37902
      865-225-1710

4

Case 3:08-cr-00142   Document 62   Filed 07/13/09   Page 4 of 4