IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA    )
    )
v.    )      NO.: 3:08-cr-142
    )      JUDGES PHILLIPS/SHIRLEY
DAVID C. KERNELL    )

## DAVID KERNELL'S RESPONSE TO MOTION TO QUASH

Comes the Defendant, DAVID C. KERNELL, by and through counsel, and hereby respectfully responds to the government's motion to quash. [Doc. 64]

The government seeks to deprive Mr. Kernell of his right to prove the allegations regarding the scope of the execution of the warrant. Those issues have been clearly stated in pleadings since January 2009. The government cannot be surprised by the fact that Mr. Kernell's counsel has subpoenaed agents to testify as to the scope of the examination of Mr. Kernell's computer.

The government can cite no statute or case law that would justify depriving a defendant of the right to put on the proof necessary at a suppression hearing. Rather, the government relies on the *Touhy* regulations. The objection can be easily met by examining the letter that counsel sent the agents and the prosecutor specifically citing and complying with those regulations. Counsel informed the government the purpose of the testimony and what was sought. It comes as no surprise that the subject of the testimony is the manner in which the computer was seized and later forensically examined.

1

The regulation in question is an internal Department of Justice regulation:

> (d) This subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

28 C.F.R. 16.21(d). It does not govern whether a defendant has a right to put on evidence in a criminal case.

The government states that the defendant has been given the "results" of the forensic evaluation. [Doc. 64 at 2] When challenging the scope of the execution of a warrant, the results are not at issue. The issue is the execution itself – the process that preceded the results. That issue has been clearly spelled out by Mr. Kernell.

Although the parties and the Court discussed on the record the fact that the Court normally will hold an evidentiary hearing on an allegation of exceeding the scope of a warrant, and this hearing has been set since June 30, last week the government filed a response to the motion for separate evidentiary hearing arguing against allowing the defendant to put on evidence. [Doc. 61] Mr. Kernell's reply details the ways in which the government has been put on notice of the need for an evidentiary hearing and the basis of the motion. [Doc. 63]

The allegation that defense counsel is on a "fishing expedition" adds nothing to the analysis before the Court, has no legal significance, and is without any foundation in

fact.[1]   The purpose of this hearing is to establish the facts that show that the government exceeded the scope of the warrant.   The agents will be asked to explain how, when, where, for how long, and to what extent the computer was searched.

This is not a case in which counsel has refused to comply with the Department of Justice regulations.   The subpoenas and the *Touhy* letter were hand delivered on July 8, 2009. The government has made not one objection to the notice nor has it requested clarification from the defendant in any fashion.   Rather, the government waited until the evening before the hearing and filed a motion to quash.

There is no reason that David Kernell should be denied the right to place truthful evidence in the record for the Court's consideration. Mr. Kernell therefore respectfully requests the Court to deny the government's motion.

Respectfully submitted this 15th day of July, 2009.

RITCHIE, DILLARD & DAVIES, P.C.

   /s/ WADE V. DAVIES_____
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO [BPR #027456]
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN  37901-1126
(865) 637-0661

*Counsel for David C. Kernell*

---

[1] The government's attribution of motive to counsel is particularly inappropriate in this case since there were other executing agents that could have been subpoenaed, counsel narrowed the subpoenas to those agents believed necessary, did not attach burdensome duces tecum requirements, subpoenaed only the local agents, and attempted to place a courtesy call to counsel before serving the subpoenas.

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 15th day of July, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

                 /s/ Wade V. Davies
                 WADE V. DAVIES

4