IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | (PHILLIPS/SHIRLEY) |
| DAVID C. KERNELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on defendant David Kernell's Motion to Dismiss [Doc. 10], Motion in Limine to Prohibit the Use of the Term "Hacking" [Doc. 12], Motion for Bill of Particulars [Doc. 13], Motion for Jury Questionnaire [Doc. 18], and Motion to File Jury Questionnaire Under Seal. [Doc. 28] On June 30, 2009, the parties appeared before the Court for a hearing on the instant motions. Assistant United States Attorneys Greg Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the government, and attorneys Wade Davies and Anne Passino appeared on behalf of the defendant, who was also present. The Court addresses each of the motions in turn.

**I.     Motion to Dismiss [Doc. 10]**

The first motion before the Court is the defendant's Motion to Dismiss [Doc. 10], filed October 27, 2008. During the June 30, 2009, hearing, the defendant advised the Court that the

1

instant motion was rendered moot by the Superseding Indictment. Accordingly, the defendant's Motion to Dismiss **[Doc. 10]** is **DENIED as moot**. The Court will address the more recently filed dispositive motions which target the Superseding Indictment by a separate Report and Recommendation.

II.     **Motion in Limine to Prohibit the Use of the Term "Hacking" [Doc. 12]**

The second motion before the Court is the defendant's Motion in Limine to Prohibit the Use of the Term "Hacking" [Doc. 12], filed October 27, 2008. During the June 30, 2009, hearing, the government stated that it would not make use of the term "hacker", or derivations thereof, except as that term occurs in the defendant's own statements. In light of the government's agreement to limit its use of the term, and derivations thereof, the defendant's Motion in Limine to Prohibit the Use of the Term "Hacking" **[Doc. 12]** is **GRANTED**, subject to the agreement of the parties described above.

III.    **Motion for Bill of Particulars [Doc. 13]**

The next motion before the Court is the defendant's Motion for Bill of Particulars [Doc. 13], filed October 27, 2008. During the June 30, 2009, hearing, the defendant advised the Court that the instant motion was rendered moot by the Superseding Indictment. Accordingly, the defendant's Motion for Bill of Particulars **[Doc. 13]** is **DENIED as moot**. The Court will address the more recently filed Renewed and Amended Motion for Bill of Particulars [Doc. 46] via a separate Order.

IV.     **Motion for Jury Questionnaire [Doc. 18]**

The next motion before the Court is the defendant's Motion for Jury Questionnaire [Doc. 18], filed January 9, 2009. The defendant moves the Court to utilize a written jury questionnaire as part of the voir dire process. As grounds, the defendant points to the significant press coverage this case

2

has received, and argues that a jury questionnaire will be necessary to screen out jurors whose impartiality might have been tainted by the press coverage. The government opposes the motion, arguing that a jury questionnaire would not be beneficial in this case, and that proper safe guards against biased jurors can be established through traditional voir dire procedures.

The United States Supreme Court has held that Rule 24(a) of the Federal Rules of Criminal Procedure grants federal judges "ample discretion in determining how best to conduct voir dire." Mu'Min v. Virginia, 500 U.S. 415, 423 (1991). After considering the arguments of counsel and the proposed jury questionnaire submitted by the defendant, the Court finds that what little benefit would be gained by the use of the jury questionnaire is greatly outweighed by the burden such a questionnaire would impose on the potential jurors. The Court further finds that any risk of embarrassment to potential jurors, any potential for tainting the panel with jurors' opinions, or any reticence of potential jurors to answer questions during voir dire in front of other potential jurors, can be guarded against through individual voir dire, if the District Court finds such action necessary. Accordingly, the defendant's Motion for Jury Questionnaire **[Doc. 18]** is hereby **DENIED**.

**V.      Motion to File Jury Questionnaire Under Seal [Doc. 28]**

The final motion before the Court is the defendant's Motion to File Jury Questionnaire Under Seal [Doc. 28], filed February 20, 2009. The defendant seeks leave of the Court to file his proposed jury questionnaire under seal. For good cause shown, the defendant's Motion to File Jury Questionnaire Under Seal [Doc. 28] is hereby **GRANTED**. The copy of the proposed jury questionnaire previously submitted to the Court by the defendant shall be filed under seal as an exhibit to the June 30, 2009, hearing.

3

Case 3:08-cr-00142-TWP-CCS   Document 68   Filed 07/24/09   Page 3 of 4   PageID #: 498

**VI.    Summary**

In summary, for the reasons set forth more fully above, the defendant's Motion to Dismiss **[Doc. 10]** is hereby **DENIED as moot**; the defendant's Motion in Limine to Prohibit the Use of the Term "Hacking" **[Doc. 12]** is hereby **GRANTED** subject to the agreement discussed above; the defendant's Motion for Bill of Particulars **[Doc. 13]** is hereby **DENIED as moot**; the defendant's Motion for Jury Questionnaire **[Doc. 18]** is hereby **DENIED**;  and the defendant's Motion to File Jury Questionnaire Under Seal **[Doc. 28]** is hereby **GRANTED**.

**IT IS SO ORDERED.**

ENTER:


　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge