IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | |
| DAVID C. KERNELL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant Kernell's Motion to Extend Time for Expert Disclosure [Doc. 71], filed on July 31, 2009. In this motion, the defendant asks to extend his July 31, 2009 deadline for disclosure of his experts under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure to August 31, 2009.

Per agreement of the parties and Order [Doc. 32] of the Court, the government was to disclose its experts by June 30. The defendant states that the government made its expert disclosure on June 29, 2009, and that the government's disclosure requires significant time for evaluation. In the time between the government's expert disclosure and the filing of the instant motion, defense counsel has been involved in other matters relating to this case. Defense counsel first learned of a second search warrant for the search of the defendant's computer at the July 16 hearing on the Motion to Suppress Evidence [Doc. 20]. Following that hearing and the disclosure of the second

1

search warrant, the defendant filed a Second Motion to Suppress Evidence [Doc. 69] on July 27, 2009. The instant motion also explains that the defendant has had to delay some work in the case due to funding issues and that defense counsel has been involved in trial preparations for another federal case. Finally, the defendant contends that the delay in disclosure would not prejudice the government because disclosure by the requested deadline of August 31, 2009, would still leave nearly two months before the October 27, 2009 trial date.

The Court finds that the defendant has shown good cause to extend his expert disclosure deadline until August 31, 2009. First, the Court observes that this case involves complicated legal issues and that the Court presently has six dispositive motions under advisement [Docs. 20, 37, 39, 41, 43, and 45],[1] not including the defendant's second suppression motion. Additionally, the Court is still considering whether the resolution of the Motion to Suppress (and, perhaps, the Second Motion to Suppress) requires the Court to hold an evidentiary hearing as requested by the defendant. The Court notes that in mid-July, the defendant received belated discovery of the second search warrant for a search of the defendant's computer. Finally, the Court infers from the government's failure to respond to the instant motion, that it does not oppose and would not suffer prejudice from the month-long delay in disclosure of the defendant's expert(s), which disclosure will still occur nearly two months before the current trial date. See E.D. LR7.2 (providing that the "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). In this regard, the Court notes that the typical deadline provided in the Court's Order on Discovery and Scheduling for a defendant to disclose experts to the government is one week before trial.

---

[1] Three nondispositive motions [Docs. 36, 46, and 64] also remain pending and are related, to varying extents, to the pending dispositive motions.

Accordingly, the defendant's Motion to Extend Time for Expert Disclosure [**Doc. 71**] is **GRANTED**, and the defendant's deadline for disclosing experts pursuant to Rule 16(b)(1)(C) is **August 31, 2009**. The Court observes that in light of the October 27, 2009 trial date, it will not be inclined to grant a further extension of the expert disclosure deadline, absent extraordinary circumstances.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge