UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
|     a/k/a "rubico," | ) | |
|     a/k/a "rubico10," | ) | |
| | ) | |
|     Defendant. | ) | |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S
SUPPLEMENT TO HIS MOTION FOR 17(C) SUBPOENAS

Comes now the United States and files its response to Defendant's Supplement to David Kernell's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 70]. Defendant has requested authorization to issue, pursuant to Rule 17(c), subpoenas to Yahoo!, 4Chan, and Governor Palin requiring production of materials prior to trial. The United States has urged the Court to deny the requests because Defendant has not shown that the materials requested are relevant or necessary for the preparation of trial.

At the hearing on the motion the Court gave Defendant an opportunity to narrow the scope of the proposed subpoenas, suggesting the narrower the requests the better. Defendant has offered a revision to the proposed subpoena to Governor Palin by the change of one word in one paragraph. Rather than asking for all documents which relate to any **voluntary** disclosure of e-mail addresses of family members, pictures of Governor Palin's family, cell phone numbers of

family members, etc., he now asks for any **prior public** disclosure of that same information. This change in verbiage makes very little difference to the scope and nature of the request. Defendant does not define what he means by "public disclosure." Public disclosure could mean anything from publishing the information in a commercial media outlet to posting it on the internet to providing it to close personal friends. Like the first request, it is not even restricted to disclosure by Governor Palin of the information - it refers to **any** public disclosure.

This slight and insignificant change in wording does not satisfy the *Nixon* requirements of relevance, specificity and admissibility any more than the first request did. Accordingly, it should be denied for the same reasons as stated in the United States initial opposition response to Defendant's original request for the issuance of 17(c) subpoenas.

Respectfully submitted this 24th day of August 2009.

JAMES R. DEDRICK
United States Attorney

*s/ Josh Goldfoot*
*s/ D. Gregory Weddle*
*s/ Mark L. Krotoski*

_____
D. Gregory Weddle
Josh Goldfoot
Mark L. Krotoski
Assistant U.S. Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2009, a copy of the foregoing was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                          *s/ D. Gregory Weddle*
                                          D. Gregory Weddle
                                          Assistant United States Attorney