# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,     )
                                 )
         v.                 )     No. 3:08-CR-142
                                 )     Judges Phillips/Shirley
DAVID C. KERNELL,           )
a/k/a "rubico,"                  )
a/k/a "rubico10,"             )
                                 )
        Defendant.      )

## OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO SUPPRESS

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this opposition to Defendant's Supplement to Motion to Suppress. [doc. 76]

Local Rule 7.1(d) prohibits supplemental briefs unless they "call to the court's attention developments occurring after a party's final brief is filed." The most recent case cited in Defendant's supplemental brief is *United States v. Wecht*, 619 F.Supp.2d 213 (W.D. Pa. 2009), which was published on May 14, 2009—well before the June 30, 2009 hearing on Defendant's motion, the July 27, 2009, memorandum in support of Defendant's second motion to suppress (Doc. 69), and Defendant's August 10, 2009, reply in support of Defendant's second motion to suppress (Doc. 74). Defendant's supplemental brief, then, brings no new developments to the Court's attention.

Moreover, and more importantly, the *Wecht* case does not offer any support for Defendant's position that the warrant here was a general warrant. In fact, the portion of *Wecht* that Defendant relies on, *i.e.* "The Laptop Warrant," stands for the proposition that a warrant that provides sufficient

specificity but authorizes the seizure of too many items is overboard, not a general warrant. 619 F.Supp.2d at 241. The court in *Wecht* said,

> Here, the Laptop Warrant authorized the seizure of the computer itself, as well as "all information and data contained therein, including data stored on any associated data storage devices such as zip drive, discs (of any kind including cd and hard), and back up tapes." The directive is notable not so much for its ambiguity as for its breadth. That is to say, agents executing this warrant did not need to execute any discretion at all because the warrant, by its terms, permitted them to seize every single piece of data contained in the computer and associated storage devices. Accordingly, to the extent the Defendant challenges the adequacy of the Laptop Warrant's description of items to be seized, I view the problem as one of overbreadth rather than generality.

*Id.* Here, Defendant has not heretofore raised an issue of overbreadth. Indeed, Defendant all but conceded at the hearing that the affidavit established probable cause to seize the items specified in the warrant. Up until now, Defendant has complained about the manner in which the warrant was executed, not that the warrant authorized the seizure of too much. Clearly, the warrant here provided with sufficient specificity the items on the computer to be seized. The United States addressed this issue on pages 7-9 of its first opposition to Defendant's Motion to Suppress [doc. 22], and the Court discussed the issue thoroughly with counsel during oral argument on June 30.

The *Wecht* case actually supports the United States' position here that agents are permitted to examine each file when searching a computer pursuant to a search warrant. *Wecht* cites with approval *United States v. Fumo*, 565 F.Supp.2d 638, 649 (E.D.Pa. 2008), which held that " 'because of the nature of computer files, the government may legally open and briefly examine each file when searching a computer pursuant to a valid warrant' in order to determine which files are described by the warrant." The *Wecht* court also noted that the vast majority of courts to have considered the question hold the view that while a warrant must state with particularity the materials to be seized from a computer, the warrant need not specify how the computer will be searched.

2

Accordingly, Defendant's supplemental brief should be rejected pursuant to Local Rule 7.1(d), and Defendant's motions to suppress must be denied.

Respectfully submitted this 25th day of August, 2009.

JAMES R. DEDRICK
United States Attorney

*s/ D. Gregory Weddle*
*s/ Mark L. Krotoski*
*s/ Josh Goldfoot*
_____
D. Gregory Weddle
Mark L. Krotoski
Josh Goldfoot
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710


Josh Goldfoot
Computer Crime & Intellectual Property
  Section
Criminal Division
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20005

3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2009, a copy of the foregoing Opposition to Defendant's Supplement to Motion to Suppress was filed electronically.  Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

*s/ D. Gregory Weddle*
D. Gregory Weddle
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710