UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
| a/k/a "rubico," | ) | |
| a/k/a "rubico10," | ) | |
| | ) | |
| Defendant. | ) | |

OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO DISMISS

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this opposition to Defendant's "Supplement to Motion to Dismiss," docket number 79. United States v. Drew does not support Defendant's argument.

Defendant says that Drew challenges an "overbroad reading" of section 1030. (Doc. 79 at 2). It does, but in a way that has no application to this case. In Drew, "the only basis" for finding an access without authorization "was [the defendant's] and/or her co-conspirator's violations of the MSTOS [MySpace Terms of Service]." United States v. Drew, No. 2:08-cr-00582, slip op. at 20 (C.D. Cal. Aug. 28, 2009). The Drew court was explicit in basing its "absence of minimal guidelines" holding on the argument in that case that "a violation of a website's terms of service, without more" was sufficient to establish a lack of authorization. Id. at 29. By contrast, Defendant's access of Yahoo's computers was unauthorized because Defendant accessed Governor Sarah Palin's account, and Defendant was not Governor Sarah Palin (or someone she authorized). See Superseding Indictment, Doc. 21, at 4-8, 10, 27. It has

been clear, since the earliest cases decided under section 1030, that using someone else's account constitutes access without authorization. See United States v. Morris, 928 F.2d 504, 510 (2d Cir. 1991) (use of "password guessing" supported guilty verdict). Thus, this is a heartland reading of the statute, far from the reading that the Drew court found lacked "minimal guidelines to govern law enforcement."

Defendant also argues that Drew challenges "the government's use of civil constructs in criminal prosecutions." (Doc. 79 at 2). But the Drew court approved the exact charge in this case, saying that "[i]n comparison [to the misdemeanor violation], the felony violation of 18 U.S.C. § 1030(a)(2)(C) contains effective scienter elements because it not only requires the intentional accessing of a computer without authorization or in excess of authorization, but also the prerequisite that such access must be 'in furtherance' of a crime or tortious act which, in turn, will normally contain additional scienter and/or wrongful intent conditions." Drew at 32 n.31. Far from criticizing Congress's "tortious acts" language in section 1030, the Drew court suggested that it was affirmatively helpful. Additionally, Defendant's emphasis on civil torts simply ignores that Count 3 charges him with furthering crimes as well as torts. By breaking into Governor Palin's account, Defendant enabled others to also break into her account. These break-ins were crimes. That justifies punishing his unauthorized access as a felony, irrespective of whether his access also furthered a tortious act.

2

Respectfully submitted this 9th day of September, 2009.

                    JAMES R. DEDRICK
                    United States Attorney

                    *S/ D. Gregory Weddle*
                    *S/ Mark L. Krotoski*
                    *s/ Josh Goldfoot*
                    D. Gregory Weddle
                    Mark L. Krotoski
                    Assistant U.S. Attorney
                    800 Market Street, Suite 211
                    Knoxville, TN 37902
                    865-225-1710


                    Josh Goldfoot
                    Computer Crime & Intellectual Property Section
                    Criminal Division
                    U.S. Department of Justice
                    1301 New York Ave. NW
                    Washington, DC 20005

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2009, a copy of the foregoing was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/ D. Gregory Weddle*
D. Gregory Weddle
Assistant United States Attorney