UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
| a/k/a "rubico," | ) | |
| a/k/a "rubico10," | ) | |
| | ) | |
| Defendant. | ) | |

<u>GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERT TESTIMONY UNDER FED. R. CRIM.
P. 16(D), FED. R. EVID. 401, 403, 702, 704(B)</u>

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this Motion to Exclude Defense Expert Testimony Under Fed. R. Crim. P. 16(b)(1)(C), 16(d)(2), Fed. R. Evid. 401, 403, 702, 704(b). As set forth below, the defense has had ample time to provide its expert disclosures in this case. The defense has failed to comply with its disclosure obligations required under Fed. R. Crim. P. 16(b)(1)(C). The defense failure to comply with the expert discovery requirements before trial undermines the purpose of 'pretrial' discovery and may reward the defense with an unfair advantage.

The government provided a copy of the seized hard drive from the defendant's Acer notebook computer in October 2008. The Court previously established discovery deadlines in this case, based on the multitude of forensic issues raised. [Doc. 34] The Court initially ordered the government to provide expert discovery by June 30, 2009, and defense expert discovery by July 31, 2009. [Doc. 34] The government provided five

forensic reports to the defense on June 29, 2009.  The defense then requested additional time to comply with the expert discovery deadline by August 30, 2009.  [Doc. 71]  The defense represented that the additional thirty days would be sufficient to satisfy its expert disclosure obligations.  On August 21, 2009, the Court granted the defense Motion To Extend Time for Expert Disclosure.  [Doc. 75]  On August 30, 2009, the defense provided a bare summary of the proffered expert testimony along with the Curriculum Vitae of Phillip C. Hampton.  The Expert Disclosure is attached as Exhibit 1.  As set forth below, the defense expert testimony should be excluded since it fails to comply with the discovery requirements and is otherwise inadmissible.

**I.     Because Defendant Has Failed To Describe Philip Hampton's Opinions, Or The Bases Or Reasons For Those Opinions, Those Opinions Must Not Be Admitted**

"Under *Daubert*, trial judges must act as 'gatekeepers' to undertake a 'preliminary assessment of whether the reasoning or methodology underlying [expert] testimony is scientifically valid." *United States v. Pollard,* 128 F.Supp.2d 1104, 1117 (E.D. Tenn. 2001) (citing *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993)).

In part to assist the court in exercising this gatekeeping function, Rule 16 requires parties to disclose in advance not just the opinions they propose to offer through experts, but also the 'bases and reasons' for those opinions.  *See* Rule 16(b)(1)(C) ('This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.').  As the Supreme Court has noted, the expert disclosure also assists the adversary process by allowing each party "a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v. Illinois*, 484 U.S. 400, 410 11 (1988).  Because the defense did not comply with the pretrial expert

discovery requirements (even with an extension of time), the proffered testimony, in its current form, should be excluded at trial, under Fed. R. Crim. P. 16(d)(2)(C). Rule 16(d)(2)(C) provides that non-compliance with discovery obligations may result in an order "prohibit[ing] that party from introducing the undisclosed evidence." The Sixth Circuit,[1] and other courts,[2] have repeatedly affirmed the exclusion of defense expert testimony based upon the failure to satisfy the Rule 16 requirements.

Rule 16 requires that the defense expert summary "must describe," among other things, the opinions to be offerend and "the bases and reasons for" those opinions.[3] The Advisory Committee Notes amplify this requirement. Rule 16 requires:

---

[1] *United States v. Foley*, 111 Fed.Appx. 840, 840-41, 2004 WL 2524262 (6th Cir. 2004) ("In a thoroughly reasoned order denying Foley's motion, the district court pointed out that Foley had violated the plain language of Rules 12.2(b) and 16(b)(1)(C) of the Federal Rules of Criminal Procedure by not filing, in a timely manner, either his notice of intent to call an expert or his expert-witness summary. In addition, the court expressed doubts as to whether the untimely expert-witness summary would satisfy the requirements of Rule 16. Reviewing the pretrial proceedings as fully recounted in the district court's order, we agree that the court did not abuse its discretion in excluding the testimony of Dr. Abramsky."); *United States v. Campbell*, 81 Fed.Appx. 532, 2003 WL 22734836 (6th Cir. 2003) ("the district court acted within its discretion to remedy Campbell's Rule 16(b)(1)(C) failure-to-disclose violation by excluding Noe's testimony under Fed. R. Crim. P. 16(d)(2)(C)").

[2] *See, e.g., United States v. Johnson*, 219 F.3d 349, 358 (4th Cir. 2000) ("We cannot say that the district court erred by excluding Brownlee's testimony, because the Johnsons did not disclose required information about the expert's scheduled testimony to the government before trial," under Fed. R. Crim. P. 16(b)(1)(C)); *United States v. Barile,* 286 F.3d 749, 759 (4th Cir. 2002) ("Because [defendant] Barile did not give a proper summary of Sheridan's opinion on materiality, failing to give the bases and reasons for his opinions, the district court's exclusion of this portion of his testimony is an acceptable remedy under the rule."); *see also United States v. Heijnen*, 149 Fed.Appx. 165, 168-69, 2005 WL 2271874 (4th Cir. 2005) ("Because Heijnen admittedly did not provide the notice required by Fed. R. Crim. P. 16(b)(1)(C), the district court would not have abused its discretion in excluding the witness if he had appeared at trial.").

[3] Rule 16(b)(1)(C) provides:

> "(C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if --
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]"

"disclosure of the intent to rely on expert opinion testimony, what the testimony will consist of, and the bases of the testimony. The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination. ….[T]he requesting party is to be provided with a summary of the bases of the expert's opinion.... That should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under [FRE] 703, including opinions of other experts."

Fed. R. Crim. P. 16 Advisory Committee's Note (1993 Amendments).

Of these requirements, the defendant has only disclosed a generalized "intent to rely on expert opinion testimony." The defense has, in some cases, hinted at the general subject matter upon which his expert will offer opinions, but has not provided adequate notice of *what* those opinions are and has failed to provide any "bases and reasons" to support any of those opinions. This is clearly insufficient. *See, e.g., United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (noting Rule 16 requires the parties to provide "a summary of the expected testimony, not a list of topics").

The defendant, however, has provided a list of *topics,* but not conclusions. The defendant discloses that Hampton will testify to "the time that elapsed" between the defendant's first attempt to access Governor Palin's account and his success, but does not disclose *what that time is.* Similarly, the defendant discloses that Hampton will testify to "the amount of time that elapsed between the last activity on the computer and the time that the" FBI seized it, but the defendant does not disclose *what that amount of time was.* The defendant discloses that Hampton will testify to "[t]he significance of a document being found in the 'Documents' folder," but does not say *what* document he is talking about, or *what that significance is.* The defendant discloses that Hampton will give an opinion that there are "several legitimate uses for proxy programs," but does not disclose Hampton's

4
Case 3:08-cr-00142 Document 81 Filed 09/09/09 Page 4 of 16

opinion of *what* those legitimate uses are. Finally, the defendant discloses that Hampton "may be asked to comment upon the government methods or conclusions." This is a quintessential non-disclosure; the defendant must disclose what the *answers* will be, not just the questions. What will Hampton's "comment" be? Will he praise the government methods or conclusions? Find fault? Suggest superior methods? There is no reason the government, jury and Court should have to wait until the trial to find out.

The failure to disclose opinions is accompanied by a failure to disclose bases for any opinions. Because Hampton is touted as an "expert in the field of computer forensics," one might assume that many of his conclusions will be supported by a forensic examination of the defendant's computer. But the defendant discloses almost nothing about that examination. The defendant discloses that "Mr. Hampton will testify as to the result of his examination of the contents of the hard-drive and other electronic evidence provided by the government in discovery," but the defendant discloses nothing about any such examination: what examination did he conduct, when, and how? Indeed, the disclosure is vague as to whether Mr. Hampton *himself* examined the hard drive: it discloses that "*[h]is firm* has also conducted independent testing of the material," suggesting he did not do that examination personally. If so, how did he assure himself that the examination done by an undisclosed other person was accurate?

If these examinations were used to support Hampton's expert conclusions, this information should have been disclosed. Information about what facts an opinion is based upon is crucial to the Court's gatekeeping function. Experts may not offer conjecture or speculation unsupported by the facts; instead, expert testimony must be "based upon sufficient *facts or data*," and the expert must apply his principles and methods

"*reliably to the facts of the case.*" Fed. R. Evid. 702(1) & (3) (emphasis added); *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 590 (1993) ("[T]he word 'knowledge' connotes more than subjective belief or unsupported speculation."). Experts also cannot conceal naked conjecture or guesses behind a few unrelated facts: "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner,* 522 U.S. 136, 146 (1997). Without any information concerning the examinations that may have been conducted, there is no basis to support any of the conclusions. While the defense may be impressed with Hampton's resume, the defense disclosure is clearly insufficient.

In addition to failing to provide information about any examinations and report, the summary provides a series of ten conclusions, but no "bases and reasons" to support them. All ten conclusions should therefore be excluded.

The government is not required to challenge each of the conclusions, as it remains the defense's burden and obligation to provide an appropriate summary that satisfies the requirements of Rule 16. However, a few examples illustrate the conclusory and unsupported opinions that are proffered. The ninth conclusion is vague and open-ended:

> "9. Mr. Hampton will also explain that there are several legitimate uses for proxy programs and will explain the significance of someone who knows how to use a proxy program signing on to a site without using one."

As noted above, this states no opinion. Nor does it tell us the ground for whatever mysterious opinion Hampton might have on these subjects. What training and experience does Hampton have that allows him to opine on whether a particular "use" is "legitimate" or

not? Has he used proxy programs for legitimate and illegitimate purposes? Is that conclusion the product of scientific method, or is Hampton simply an opinionated individual who is willing to testify to his personal views?

Continuing this insufficient notice, the summary states that the witness will "explain the significance of someone who knows how to use a proxy program signing on to a site without using one." Not only is this conclusion irrelevant to the facts of the case (as noted below), but the conclusion again is unsupported by any bases of support. Apparently, the defense seeks to leave an open door at trial for the defense witness to expound on any number of related topics that may relate to or fall under this conclusory statement. This would allow the defense to attain an unfair tactical advantage at trial. Rule 16 proscribes such efforts by requiring that any conclusions be amply supported by bases and reasons in support.

On another matter, the defense proffers:

"1. Based on the material provided by the government, the time that elapsed between the initial attempt to sign on to the Yahoo! account and the successful guessing of the answers to the password reset questions was very short. Mr. Hampton will also describe the time line regarding activity on the account until it was blocked."

As noted above, the defense provides no time line or description of conclusions drawn from any time line. Nor does the defense disclose any facts that might support these conclusions—what logs did Hampton look at? Was there other evidence on the hard drive that he contends is relevant? Doe the defense seek to surprise the Court, government and jury with this information at trial for the first time?

In yet another example, the defense indicates:

> "5. Mr. Hampton may explain the manner in which computers record data and the process by which data can or cannot be deleted or erased. He will explain that all internet browsers come with a built in tool to erase browsing history.
>
> 6. Mr. Hampton will explain the "defrag" tool and the fact that it is not an erasing tool. There are a multitude of free erasing tools on the internet, and that there was no evidence of the use of any of those tools on the computer in question."

If the defense witness has an explanation, what is it and what are the bases in support? Through what methodology did Hampton determine that a "defrag" tool does not erase? Within the general subject of "the manner in which computers record data" – a gigantic field that occupies the life's work of thousands of talented engineers – what is Hampton's particular training, experience, and qualifications?

Continuing this conclusory and open-ended pattern, the defense proffers that the defense witness:

> "10. Depending upon the forensic testimony introduced by the government, Mr. Hampton may be asked to comment upon the government methods or conclusions."

As noted above, this is a non-disclosure; disclosing that a witness "may be asked to comment" discloses nothing about what the witness will say. The defense has had the forensic examination reports in this case since the end of June 2009. The defense requested and was granted additional time to review the government forensic reports in this case. The defense witness has twice indicated that he has read these reports. It is unacceptable for the defense expert to opine about the "government methods or conclusions" without specifying what testimony may be offered in this regard.

As these examples illustrate, the defense has clearly failed to comply with Rule 16. The defense should not be permitted to have a tactical advantage on these issues at

trial and should be barred from offering any purported "expert" testimony on these issues at trial.

## II. The Proffered Expert Testimony Fails To Satisfy Fed. R. Evid. 702

The defense expert testimony also fails to meet the requirement of Fed. R. Evid. 702 for testimony involving "scientific, technical, or other specialized knowledge," which provides an independent, alternative ground to exclude the testimony. Some of the proffered conclusions either are not the subject of expert testimony or are insufficient as expert testimony without an explanation about what tests were conducted or how the qualifications of the witness were used to arrive at the proffered conclusions. Consequently, the Court may alternatively exclude the defense expert testimony as unhelpful and speculative under Fed. R. Evid. 702.

Rule 702 mandates that expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." This helpfulness requirement is further explained in the Advisory Committee Notes:

> "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier. 'There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.' Ladd, Expert Testimony, 5 Vand. L. Rev. 414, 418 (1952). When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time. 7 Wigmore § 1918."

Fed. R. Evid. 702 (Advisory Committee Notes). As the Supreme Court has noted on this requirement: "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert v. Merrell Dow*

9
Case 3:08-cr-00142   Document 81   Filed 09/09/09   Page 9 of 16

*Pharmaceuticals, Inc.*, 509 U.S. 579, 590-91 (1993). The defense fails to meet this precondition for its expert testimony in this case.

Where, as here, the expert testimony does not assist the finder of fact, and "merely restate[s] generic" observations that could be drawn by the lay person, the testimony may be deemed "unhelpful" and appropriately excluded.[4] The defense summary provides in part:

> "1. Based on the material provided by the government, the time that elapsed between the initial attempt to sign on to the Yahoo! account and the successful guessing of the answers to the password reset questions was very short. Mr. Hampton will also describe the time line regarding activity on the account until it was blocked."

The defense has not indicated why expert testimony is needed to show that the elapsed time was short. If this conclusion is based upon a review of the hard drive, no report has been provided to show what, if any, tests were used to draw this conclusion. It remains unclear how the expert has reached this conclusion or the basis for it.

In the following paragraphs, the defense again fails to explain why these topics are the matter of expert testimony, how the defense expert arrived at these conclusions, what if any tests were conducted:

---

[4] *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (district court disregarded expert witness testimony in summary judgment motion as unhelpful because of its "abstract" nature and it "merely restated generic" ideas); *see also United States v. Vallejo*, 237 F.3d 1008, 1020 (9th Cir. 2001), *as amended,* 246 F.3d 1005, 1016 (9th Cir. 2001) (one factor governing admissibility of expert testimony is whether it addresses an issue beyond the common knowledge of the lay person); *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir. 1998) ("an expert, if he is to give testimony to assist jury members and expand their knowledge of the product and its capabilities in its specific manufacturing process, must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury"; The expert witness's "professed knowledge of, and expertise in, mechanical engineering, by itself, falls short of qualifying him as an expert to render an opinion with respect to redesigning" the production facility) (citation omitted); *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 841-842 (9th Cir. 1995) (in bench trial judge excluded expert testimony purporting to decipher taped messages received by air traffic control, finding that trier was in equal position as the expert to determine what could be heard on tapes).

> "2. The Yahoo! account had been set up using very simple password reset questions. The answers to those questions were available on easily accessible public web sites.
>
> 3. Anyone with an internet connection can access the Yahoo! server, including the password reset page for any Yahoo! e-mail address.
>
> 4. The process of resetting the password in this case took no specialized computer skills.
>
> 7. The significance of a document being found in the "Documents" folder on a Windows computer is that it indicates no effort to conceal the file.
>
> 8. Mr. Hampton will also describe the amount of time that elapsed between the last activity on the computer and the time that the Federal Bureau of Investigation removed the computer from Mr. Kernell's desk."

Without any bases to explain the bare conclusions, the defense expert testimony should be excluded under FRE 702 as speculative and conjectural. For example, it remains unclear what, if any, examination was conducted by the defense, which may explain the unfounded conclusions. *See, e.g., Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123-24 (5th Cir. 1988) (excluding expert's testimony where expert never examined the plaintiff and the cause of death was "pure speculation"); *see also Jones v. Goodlove*, 334 F.2d 90, 94 (8th Cir. 1964) ("[A] trial court may abuse its discretion by allowing a seemingly qualified expert to exceed the permissible bounds of opinion testimony and enter into the realm of utter speculation and conjecture."). The Court, jury and government should not hear for the first time at trial what explanations the defense expert will provide or what bases there are, if any, to support these conclusions.

### III. The Proffered Expert Testimony Is Irrelevant, under Fed. R. Evid. 401, Or Excludable Under Fed. R. Evid. 403

As another independent basis to exclude the proffered expert testimony, some of the conclusions are irrelevant to the facts of this case, and should be excluded under Fed.

R. Evid. 401 and 402.[5] As an initial matter, the fails defense fails to provide any specific dates or times to connect the general propositions to the facts in this case.

> The following vague and ambiguous conclusions are irrelevant to issues at trial:
>
> "3. Anyone with an internet connection can access the Yahoo! server, including the password reset page for any Yahoo! e-mail address.
>
> 4. The process of resetting the password in this case took no specialized computer skills.
>
> 5. Mr. Hampton may explain the manner in which computers record data and the process by which data can or cannot be deleted or erased. He will explain that all internet browsers come with a built in tool to erase browsing history.
>
> 6. Mr. Hampton will explain the "defrag" tool and the fact that it is not an erasing tool. There are a multitude of free erasing tools on the internet, and that there was no evidence of the use of any of those tools on the computer in question.
>
> 7. The significance of a document being found in the "Documents" folder on a Windows computer is that it indicates no effort to conceal the file.
>
> 8. Mr. Hampton will also describe the amount of time that elapsed between the last activity on the computer and the time that the Federal Bureau of Investigation removed the computer from Mr. Kernell's desk.
>
> 10. Depending upon the forensic testimony introduced by the government, Mr. Hampton may be asked to comment upon the government methods or conclusions."

On the third paragraph, whether anyone with an internet connection could access a Yahoo! server is irrelevant to whether the defendant's access in this case was authorized. On the fourth paragraph, whether specialized computer skills can be used to access a Yahoo! account is not probative of the defendant's conduct in this case. The issue concerns the defendant's intent not whether he required specialized skills to access the account.

---

[5] Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Fed. R. Evid. 402 provides that "[e]vidence which is not relevant is not admissible."

On the fifth paragraph, the defense fails to explain how the general conclusion bears on any dates or facts in this case. As a general proposition, it is irrelevant to the triable issues.

The sixth paragraph is also irrelevant. There may be a multitude of ways to delete evidence. Any method is sufficient to support an obstruction of justice charge along with supporting facts.

The seventh paragraph is also vague and irrelevant.

The eighth paragraph involves conduct after the charged offense and is not relevant to the charges.

The final paragraph is vague and irrelevant.

Assuming *arguendo* that the foregoing proffer is admissible under Fed. R. Evid. 401, the same testimony should be excluded under Fed. R. Evid. 403.[6] The foregoing allegations, which presently are vague and ambiguous, will only confuse the issues in the case, mislead the jury and consume time in presenting the case. For example, whether specialized skills are necessary to access a Yahoo! account should be excluded under Rule 403 as raising confusion, misleading the jury, risk of unnecessary delay, and allow unfairly prejudicing evidence to be admitted. Similarly, in this case, expert testimony concerning other deletion tools will serve to confuse and mislead the jury and unnecessarily consume time on tangential issues. Of the many tools that may be used to delete evidence, only one is needed. There is no reason for the jury to be informed of other tools on the market.

---

[6] Fed. R. Evid. 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of [1] unfair prejudice, [2] confusion of the issues, or [3] misleading the jury, or [4] by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**IV. The Defense Expert Seeks To Provide Impermissible Testimony Concerning The Defendant's Mental State**

As another ground to exclude some of the expert testimony, the defense witness proffers several opinions concerning the defendant's mental state which are prohibited by Fed. R. Evid. 704(b) and invade the province of the jury.[7] These opinions should be excluded at trial.

For example, the defense proffer indicates the defense witness plans to opine about the intent issues in this case, including:

> "7. The significance of a document being found in the 'Documents' folder on a Windows computer is that it indicates no effort to conceal the file.
>
> 8. Mr. Hampton will also describe the amount of time that elapsed between the last activity on the computer and the time that the Federal Bureau of Investigation removed the computer from Mr. Kernell's desk.
>
> 9. Mr. Hampton will also explain that there are several legitimate uses for proxy programs and will explain the significance of someone who knows how to use a proxy program signing on to a site without using one."

Rule 704(b) strictly limits expert evidence regarding the issue of a the defendant's ability to form the requisite mental attempt. Under Rule 704(b), "[a] prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *Id*. The defense should not be permitted to provide expert testimony in violation of Rule 704(b).

---

[7] Rule 704(b) provides:

"(b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or an inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime, charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

## V. Conclusion

For the foregoing reasons, the government respectfully moves to exclude and bar testimony of the defense expert, based Fed. R. Crim. P. 16, the Federal Rules of Evidence, and established precedent.

Respectfully submitted this 9th day of September, 2009.

                                      JAMES R. DEDRICK
                                      United States Attorney

*S/ D. Gregory Weddle*
*S/ Mark L. Krotoski*
*S/ Josh Goldfoot*
_____
D. Gregory Weddle
Mark L. Krotoski
Assistant U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710


Josh Goldfoot
Computer Crime & Intellectual Property
  Section
Criminal Division
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC  20005

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2009, a copy of the foregoing

<u>Government's Motion to Exclude Defense Expert Testimony Under Fed. R. Crim. P. 16(d), Fed. R. Evid. 401, 403, 702, 704(b)</u> was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
_____
D. Gregory Weddle
Assistant U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710