IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA )
)
v. ) NO.: 3:08-cr-142
) JUDGES PHILLIPS/SHIRLEY
DAVID C. KERNELL )

**RESPONSE TO MOTION TO EXCLUDE DEFENSE EXPERT TESTIMONY**

**I.      Introduction**

On August 30, 2009, Mr. Kernell's counsel sent to the government an expert

notice that complies with Rule 16(b)(1)(C) in every respect.  As called for by the Rule,

the notice set out Mr. Hampton's "opinions, the bases and reasons for these opinions, and

the witnesses qualifications."  Rule 16(b)(1)(C).  That is what the rule requires.  The rule

does not require a detailed report.

Rather than asking defense counsel for clarification of any question regarding Mr.

Hampton's testimony, the government's counsel responded by filing a fifteen page

motion.  [Doc. 81]  The government additionally filed the notice as an attachment in this

case in which pretrial publicity is a well known issue for the parties. [1]

The government filed this motion when it is still providing discovery long after the

discovery deadline.  Mr. Kernell has not objected nor will he object as long as he is not

prejudiced; however, it is not reasonable for the government to take the position that an

---

[1] The government in this district has previously taken the position that the defendant violates the
order on discovery and scheduling by failing to attempt to resolve issues of Rule 16 expert
notices informally prior to filing a motion.  United States v. Campbell, No. 3:05-cr-23, doc. 102,
p. 2.

expert should be excluded for failing to disclose all of the bases of his testimony when there are still items of electronic evidence being produced.

Despite the fact that the notice complies with the rule, defense counsel have sent the government's motion to Mr. Hampton and will meet with him during the coming week. If there are ways to supplement the notice in response to some of the questions the government appears to pose to the court, Mr. Kernell will voluntarily supplement the disclosure.

## II.     Rule 16 Only Requires Disclosure of Opinions, Bases and Reasons for Those Opinions, and the Witness's Qualifications.

The government does not cite Sixth Circuit cases that set out the standard regarding the sufficiency of Rule 16 disclosures. The government cites United States v. Foley, 2004 WL 2524262 (6th Cir. 2004), an unpublished opinion, in which the Sixth Circuit found no abuse of discretion where the district court excluded expert testimony when the notice was not filed in a timely manner. [Doc. 81 at 3 n. 1] The one-page opinion contains no discussion of the requirements of the disclosure. Similarly, in the other Sixth Circuit case cited by the government, United States v. Campbell, 2003 WL 22734836 (6th Cir. 2003), another unpublished case, the Sixth Circuit found no abuse of discretion where the district court excluded testimony because of a "failure to disclose." The opinion seems to indicate that no notice was filed in that case.

Although not cited in the government's motion, there is a Sixth Circuit case that discusses the requirements of a Rule 16 expert notice and in that case points out two

deficiencies in the notice.  <u>United States v. White</u>, 492 F.3d 380, 406 (6th Cir. 2007).[2]

The court first correctly noted that the requirements are "minimal."  <u>Id.</u> at 406.

The court set out that the purpose of Rule 16's expert requirements is to avoid

surprise at trial:

> In 1993, the drafters amended <u>Rule 16</u> to require such disclosure "to minimize surprise that often results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." <u>Fed.R.Crim.P. 16</u> advisory committee's note (1993). To that end, the summary contemplated under <u>Rule 16(a)</u> "should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." <u>Fed.R.Crim.P. 16</u> advisory committee's note (1993). "In some instances, a generic description of the likely witness and that witness's qualifications may be sufficient, e.g., where a DEA laboratory chemist will testify, but it is not clear which particular chemist will be available." *Id.* The summary of the bases of the expert's opinion must be provided even where the proffered experts prepared no reports, and can include "any information that might be recognized as a legitimate basis for an opinion under <u>Federal Rule of Evidence 703</u>." *Id.* <u>Rule 16</u> further gives the district court discretion to impose an appropriate remedy on the non-compliant party for violations of the Rule, including an order to permit the discovery sought, a continuance, an order precluding the party from introducing the challenged evidence, or any other just relief. <u>Fed.R.Crim.P. 16(d)(2)(A)-(D)</u>.

<u>White</u>, 492 F.3d at 406.  Thus, the court mentions that it is permissible for experts to set

out background information rather than opinion, negating one of the governments's

repeated contentions that the notice is not drafted entirely in the form of opinions.  (See,

for example, doc. 81 at 4, objecting to the use of topics rather than conclusions).

Additionally, Rule 702 allows testimony from witnesses with "specialized knowledge."

---

[2] The notice was deficient because it failed to set out the witnesses' qualifications – no resume was attached – and because it only described general subject matters regarding cost accounting but did not set out a summary of the witnesses ultimate testimony.  The problems with the disclosure were found to be harmless.  <u>White</u>, 492 F.3d at 407.

The witness "may" testify in the form of an opinion, but it is likewise acceptable for an expert to explain issues such as electronic data using specialized knowledge without every statement having to be in an opinion.

More importantly, in this case, it is outside the realm of possibility that the government could be surprised at trial by Mr. Hampton's testimony, his qualifications or the bases for his testimony. Significantly, the entire universe of evidence upon which Mr. Hampton bases his testimony came from the government. Mr. Hampton has examined only the items produced in discovery by the government. Mr. Kernell does not have any electronic evidence to examine. The entire universe is based on the allegations made by the government and the evidence the government claims that it will use.

Interestingly, the government apparently intends to call multiple expert witnesses; however, the government has not produced a Rule 16(a)(1)(G) notice and summary of its experts. Rather, the government has chosen to produce expert reports. While the government may prefer to proceed in this fashion, and Mr. Kernell has not objected, there is no requirement that a party proceed by providing a report. Mr. Kernell has proceeded by providing what the rule requires. Mr. Hampton's methodology as a computer forensic expert uses the same general framework as the government's experts.

On the motions to suppress, the government has vigorously objected to an evidentiary hearing regarding the bases and methodologies used by its experts. [Docs. 61: Response to Motion for Evidentiary Hearing; 64: Motion to Quash] The government has claimed that Mr. Kernell was seeking discovery of matters to which he was not entitled by asking for a hearing on the methods of forensic evaluation. The

4

government's five voluminous expert reports disclose the conclusions of their experts but do not disclose the exact methods and bases used by those experts, as they seem to indicate should be done here. The government's reports do not, for example, set out how key word searches were performed, what search terms were used, etc.

There is no justification in this record for exclusion of evidence. United States v. Ganier, 468 F.3d 920, 927 (6th Cir. 2006)(where there is a violation of a Rule 16 notice requirement, courts must apply the least severe sanction appropriate). In Ganier, the government had failed to file a Rule 16(a)(1)(G) disclosure of computer forensic tests until the eve of trial. The government unsuccessfully argued on appeal that the tests did not require expertise and thus notice, but the Sixth Circuit reversed the district court's order of dismissal. Even where there is a violation, the court is directed to impose the least severe sanction. That sanction here would be to determine whether there was any deficiency and to order a revised disclosure.

As to the objection regarding relevance, the government's objection to relevance of any portion of Mr. Hampton's testimony can be decided at trial by the district court. None of the government's objections is supported by citation to authority, and none requires decision pretrial.

Finally, the government's contention that Mr. Hampton's testimony somehow violates Rule 704(b) is utterly without foundation. Rule 704(b) governs expert witnesses testifying with respect to the mental state or condition of a defendant. No case law is cited in the government's motion because there is none on point. The proposed

testimony in no way violates 704(b). *See* United States v. Frost, 125 F.3d 346, 383-84

(6thCir.1997)( testimony that bonuses were not billed in a deceptive manner and that

businesses regularly bill in ways they believe are correct but violate regulations not

barred) (citing United States v. Lipscomb, 14 F.3d 1236, 1239 (7th Cir.1994)) (where the

expert provides testimony in general terms regarding the conduct, the witness does not

provide an opinion on an ultimate issue.)

## III.    Conclusion

The expert notice satisfies the requirements of the rule. Nevertheless, the

defendant is willing to supplement it voluntarily to a reasonable extent. The

government's motion is unnecessary and not supported by Rule 16 and should be denied.

RITCHIE, DILLARD & DAVIES, P.C.

   /s/ Wade V. Davies_____
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO [BPR #027456]
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN  37901-1126
(865) 637-0661
*Counsel for David C. Kernell*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 21st day of August, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

   /s/ Wade V. Davies_____
WADE V. DAVIES
