IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | |
| DAVID C. KERNELL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 9, 2009, for a status conference in light of the numerous pending motions and the approaching October 27, 2009 trial date. Assistant United States Attorneys D. Gregory Weddle and Mark L. Krotoski appeared on behalf of the government with Mr. Krotoski participating by telephone. Attorneys Wade V. Davies and Anne E. Passino represented the defendant, who was also present.

Counsel contacted the Court on the preceding day to express concern about the viability of the October 27, 2009 trial date, given the number of legal issues that are yet to be resolved. Presently pending before the undersigned are five motions to dismiss the indictment [Docs. 37, 39, 41, 43, and 45]. The Court heard oral argument on these motions on June 30, 2009, and the parties filed supplemental briefs [Docs. 79 and 80] on these motions on September 4 and 9. Also, pending before the Court is the defendant's first suppression motion [Doc. 20], for which the

1

Court heard oral argument on July 17, 2009. The defendant filed a second motion to suppress [Doc. 69], which both supplements the arguments in the first suppression motion and raises new issues, on July 27, 2009. The government responded [Doc. 72] to this motion on August 3, and the defendant filed a reply [Doc. 74] on August 10. The defendant filed a supplemental brief relating to his suppression issues on August 23, 2009, to which the government responded [Doc. 78] on August 25. There are also five non-dispositive motions [Docs. 36, 46, 64, 81, and 82] pending in this case, including a motion to exclude the defendant's expert [Doc. 81] filed by the government on September 9, which has not been heard by the Court. In light of these pending motions, none of which the Court is prepared to resolve imminently, the Court set the instant status conference.

At the October 9 status conference, the Court observed that a trial on October 27 was unlikely. It reviewed the pending motions, including the recent filings, and also noted that it needed to hold hearings on the defendant's second suppression motion [Doc. 69] and the government's motion to exclude the defendant's expert [Doc. 81]. The parties expressed that while they did not want to delay the trial, they understood the complexity of the pending motions and believed that proceeding to trial on October 27 was impossible at this point. The Court found, and both parties agreed, that the present case should be declared complex due to the nature of the prosecution and the novel questions of law raised in the pending motions.

The Court finds a continuance of the October 27, 2009 trial date to be necessary and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Presently pending before the Court are seven dispositive motions, each with supplemental filings, and one on which the Court has yet to hold a hearing. See 18 U.S.C. § 3161(h)(1)(D). Even if the Court could hear and complete reports

2

detailing its recommendations on these motions before the trial date, the parties would still need time to file objections, and the District Court in turn, would need time to rule upon those objections and the underlying motions. 18 U.S.C. § 3161(h)(1)(H). The Court also has five pending non-dispositive motions, some of which are linked to the Court's findings on the dispositive motions, and one of which requires a hearing, to resolve. 18 U.S.C. § 3161(h)(1)(D) & (J). The Court finds that the majority of these motions are complex in nature and that the time required to hear and rule upon them creates excludable time. See United States v. Tinklenberg, 579 F.3d 589,[1] No. 06-2646, 2009 WL 2778219, at *7 (6th Cir. Sept. 3, 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time"). Once these motions are resolved, the parties will need time to prepare for trial in light of the rulings. The Court finds that all of this could not take place before the October 27, 2009 trial date. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the defendant is charged in a four-count Superseding Indictment [Doc. 21], with identity theft, wire fraud, computer fraud, and anticipatory obstruction of justice in relation to the alleged unauthorized access of Governor Sarah Palin's Yahoo! e-mail account in September 2008. The defendant has moved for the dismissal of each of these counts arguing that the underlying statutes are unconstitutionally vague and that the government has failed to state an offense as a matter of law. Additionally, the defendant has moved to suppress the evidence seized from his laptop computer, challenging the sufficiency of probable cause as well as the scope of the search of the computer files. Due to the nature of the prosecution and the complexity of the pending motions,

---

[1]Pagination is not yet available.

which raise numerous novel legal issues, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, a continuance is also warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court, on its own motion, **CONTINUES** the trial of this case to **April 20, 2010**. The Court also finds, and the parties agreed, that all the time between the October 9, 2009 hearing and the new trial date of April 20, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(h)(1)(H), and -(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a motion hearing to hear arguments on the defendant's Second Motion to Suppress Evidence Obtained as Result of Government's Unauthorized Access of the Laptop Computer [Doc. 69] and the Government's Motion to Exclude Defense Expert Testimony Under Fed. R. Crim. P. 16(d), Fed. R. Evid. 401, 403, 702, 704(b) [Doc. 81] for **December 3, 2009, at 1:30 p.m.** The parties are to appear before the undersigned for a pretrial conference in this case on **March 24, 2010, at 9:30 a.m.** This date will also be the plea negotiation cut-off deadline.

Accordingly, it is **ORDERED**:

(1) The October 27, 2009 trial of this case is **CONTINUED**;

(2) The trial of this matter is reset to commence on **April 20, 2010, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **October 9, 2009** hearing, and the new trial date of **April 20, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

4

(4) The parties are to appear before the undersigned for a motion hearing on **December 3, 2009, at 1:30 p.m.**;

(5) A pretrial conference is set for **March 24, 2010, at 9:30 a.m.**; and

(6) The plea negotiation cut-off deadline in this case is reset for **March 24, 2010**.

**IT IS SO ORDERED.**

                        ENTER:

                        s/ C. Clifford Shirley, Jr.
                        United States Magistrate Judge