IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CR-142 |
| | ) | (PHILLIPS / SHIRLEY) |
| DAVID C. KERNELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Kernell's Motion to Dismiss Allegations of Identity Theft [Doc. 41], filed on May 11, 2009. On June 30, 2009, the parties appeared before the undersigned for a hearing on the pending motions. Assistant United States Attorneys Greg Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the government. Attorneys Wade Davies and Anne Passino represented the defendant, who was also present. After hearing the arguments of the parties on these motions, the Court took the motions under advisement. On September 4, 2009, the defendant filed a Supplement to Motions to Dismiss [Doc. 79] on the issue of vagueness, pursuant to Local Rule 7.1(d).[1] On September 9, 2009, the government opposed

---

[1] Rule 7.1(d) prohibits supplemental filings without the Court's prior approval, with the exception of a brief of up to five pages "to call to the court's attention developments occurring after a party's final brief is filed." E.D.TN. LR 7.1(d). A response of up to five pages is due within five days. Id.

1

[Doc. 80] the supplemental filing, arguing that it has no application to this case. After reviewing these supplemental filings, the Court again took the motions under advisement.

## I. POSITIONS OF THE PARTIES

The defendant is charged in a four-count Superseding Indictment [Doc. 21], with identity theft, wire fraud, computer fraud, and anticipatory obstruction of justice in relation to the alleged unauthorized access of Governor Sarah Palin's Yahoo! e-mail account in September 2008. The defendant asks [Doc. 41] the Court to dismiss Count 1, which alleges identity theft, because the allegations in the indictment do not constitute identity theft as a matter of law. He also argues that the identity theft statute is unconstitutional because it fails to make a meaningful distinction between a felony and a misdemeanor violation. The government responds [Doc. 48] that 18 U.S.C. § 1028 is both applicable and constitutional.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. The defendant contends [Doc. 41] that Count 1 of the Superseding Indictment, charging him with identity theft, must be dismissed (1) because the identity theft statute, 18 U.S.C. § 1028, is unconstitutionally vague and (2) because the allegations in the indictment fail to state an offense of identity theft as a matter of law. Count 1 charges the defendant with a violation of 18 U.S.C. § 1028 as follows:

On or about September 16, 2008, in the Eastern District of Tennessee, and elsewhere, defendant

**DAVID C. KERNELL**,

did knowingly transfer, possess, and use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, that is, the Yahoo! ID and date of birth of Governor Sarah Palin, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Fraud and Related Activity in Connection with Computers, under 18 U.S.C. § 1030(a)(2)(C), and Wire Fraud, under 18 U.S.C. § 1343.

**A. Constitutionality of Identity Theft Statute**

The defendant argues that the identity theft statute is unconstitutionally vague because it makes no meaningful distinction between felony and misdemeanor violations. The statute sets forth eight ways in which the perpetrator can commit identity theft. 18 U.S.C. § 1028(a)(1)-(8). Section (b) of the statute lists the penalties for a violation of the statute with subsection (6) stating that any offense not falling within the various felony levels will be punished as a misdemeanor. 18 U.S.C. § 1028(b)(1)-(6). The defendant is charged with a violation of subsection (a)(7), which provides:

> (a) Whoever, in a circumstance described in subsection (c) of this section–
> . . . .
>
> (7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law;
> . . . .
>
> shall be punished as provided in subsection (b) of this section.

This offense is a felony. See 18 U.S.C. § 1028(b)(2)(B). The defendant identifies two ways of

committing identity theft that are punishable as misdemeanors, subsections (a)(4) and (a)(6):

> (a) Whoever, in a circumstance described in subsection (c) of this section–
>
> . . . .
>
> (4) knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States;
>
> . . . . [or]
>
> (6) knowingly possesses an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States or a sponsoring entity of an event designated as a special event of national significance which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority[.]

The defendant argues that Congress has failed to make any meaningful distinction between the ways of committing identity theft that are prosecuted as felonies and the ways that are prosecuted as misdemeanors. In this regard, he asserts that the statute violates his Fifth Amendment procedural and substantive due process rights because the statute is not reasonably clear to the average person. Specifically, he argues that the phrase "without lawful authority" in subsection (a)(7) is unclear because the statute does not define whose authority is needed. He also contrasts section (a)(7), in which the transfer, possession, or use of a means of identification with intent to commit "any unlawful activity that constitutes a violation of Federal law" (which could be a misdemeanor) is punished as a felony, with (a)(4), in which the possession of an identification document, etc., "with the intent such document or feature be used to defraud the United States" is punished as a misdemeanor. In this regard, he argues that even the United States Attorney's Office cannot distinguish between felonies and misdemeanors under the statute, citing to a letter from the United

4

States Attorney's Office to the Administrative Office of the Courts stating that some misdemeanor violations under sections (a)(4) and (6) may have been incorrectly sentenced as felonies. Finally, the defendant argues that prosecuting him for a felony under the statute violates his Fifth Amendment right to equal protection under the law and also violates the Eighth Amendment due to the disproportionate punishments imposed under the statute.

The government responds that no court has held section 1028 to be unconstitutionally vague. It argues that the statute's penalty provisions make it clear that subsection (a)(7) is a felony. It maintains that subsection (a)(7) prohibits the transfer, possession, or use of a means of identification without lawful authority. The requirement that the transfer, possession, or use be without lawful authority sets subsection (a)(7) apart from subsection (a)(4), which has no such requirement. The government contends that this distinction provides a rational basis for Congress to assign different punishments to the two subsections. Moreover, it argues that even when the same conduct is prohibited by misdemeanor and felony statutes, the government can choose to prosecute a defendant under either. Additionally, it contends that here the defendant had to have had actual notice that his conduct was illegal and that, therefore, he cannot argue that the statute was void for vagueness as to him. Finally, the government maintains that the defendant lacks standing to bring an Eighth Amendment challenge at this juncture because he has not been punished under the statute.

Generally, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). "[O]rdinarily '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of

5

others[.]'" United States v. Williams, 128 S. Ct. 1830, 1845 (2008) (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982)). The Supreme Court has recently distinguished between statutes that are void for vagueness under the Due Process Clause and the problematic hypotheticals that can be imagined under virtually any statute:

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, [the Supreme Court has] struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"-wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

Id. at 1846.

The Court begins by noting that the Sixth Circuit has rejected a different vagueness challenge to section 1028. United States v. Gros, 824 F.2d 1487, 1497 (6th Cir. 1987) (holding that the terms "commonly accepted" in section 1028(d)(3) are not vague). In Gros, the Court cited with approval to a Fourth Circuit case, United States v. Quinteros, 769 F.2d 968, 970 (4th Cir. 1985), which held that the definition of "identification document" contained in section 1028(d) is not unconstitutionally vague or overly broad. Gros, 824 F.2d at 1497. Moreover, the Court has located no case in which 18 U.S.C. § 1028 has been deemed unconstitutionally vague. See, e.g., United States v. Cline, 286 Fed. Appx. 817, 820 (4th Cir. 2008) (holding that the definition of "false authentication feature" was not unconstitutionally vague); United States v. Wheat, 173 Fed. Appx. 754, 755 (11th Cir. 2006) (per curiam) (affirming without analysis the district court's ruling that 18 U.S.C. § 1028 is not facially overbroad or vague); United States v. Martinez-Laredo, 45 Fed. Appx. 326, 326 (5th Cir.) (per curiam) (holding that 18 U.S.C. § 1028 leaves no doubt that the use of either a "false identification document" or a "identification document used for other than lawful purposes" for

6

"fraud is illegal and does not encourage arbitrary or discriminatory law enforcement"), cert. denied 537 U.S. 1037 (2002).

In the present case, the Court finds the language "without lawful authority" contained in subsection (a)(7) does not constitute a "wholly subjective judgement[,]" even though the phrase is not defined in the statute. See Williams, 128 S. Ct. at 1845. Whether someone had lawful authority to "transfer[], possess[], or use[]" another's means of identification is a clear issue of fact. See id. Secondly, the fact that subsection (a)(7) requires a scienter element–that the person act "knowingly"–helps save it from a vagueness challenge. See Hoffman Estates, 455 U.S. at 499 (observing that "the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed").

Next, the Court turns to the defendant's argument that the statute permits arbitrary enforcement because a person possessing another's means of identification with the intent to commit a misdemeanor under federal law has committed a felony under subsection (a)(7), while a person who possesses an identification document intending that the document be used to defraud the United States has committed a misdemeanor under subsection (a)(4). An examination of the eight ways to commit identity theft proscribed by the statute illuminates this issue. The two misdemeanor means of committing identity theft, subsections (a)(4) and (6), both require the *possession* of a single object of identification. The six means of identity theft that can be punished as felonies provide for (1) some action with regard to the object of identification beyond mere possession, (2) the possession of multiple objects of identification, or (3) possession with the intent that the possessor commit or aid in another crime or violation of law: Subsection (a)(1) requires production, subsection (a)(2)

7

requires transfer, subsection (a)(3) requires the possession of five objects of identification, subsection (a)(5) requires production, transfer, or possession of a means of creating false documents with the intent that it will be so used, subsection (a)(7) requires the transfer, possession, or use with the intent to commit a felony or a violation of federal law, and subsection (a)(8) requires trafficking in false objects of identification or the implements of creating same. In contrast, subsection (a)(4) requires possession with the intent that the document "be used to" defraud the United States. In subsection (a)(4), the possessor of the document is not necessarily the person using the document to defraud and the "victim" is the United States, rather than another person. In structuring the statute in this way, Congress has provided a rational basis for distinguishing between a misdemeanor possession of an object of identification and a felony possession of the same. See Innes v. Howell Corp., 76 F.3d 702, 708 (6th Cir. 1996) (observing that "any conceivable [rational] basis is sufficient to sustain [the statute against an equal protection challenge], even if there is no indication that the suggested rationale actually motivated the legislature in enacting it").

The defendant points to a letter from the United States Attorney's Office (USAO) to the Administrative Office of the United States Courts stating that some USAO's have erroneously applied the felony penalty provisions of section 1028 to designate offenses under subsections (a)(4) and (a)(6) as felonies. Thus, the defendant concludes that the statute does not provide adequate guidance for law enforcement. To the contrary, the letter explains that these erroneous designations occurred in cases in which the government had proven the production, transfer, or use–as opposed to the mere possession–of the false, stolen, or unlawfully produced documents. Thus, the distinction between possession on the one hand and production, transfer, or use on the other that Congress set up in the statute was being recognized even in these erroneous designations. More importantly, the

8

instant defendant is not charged with a misdemeanor violation of section 1028 and, thus, cannot complain of the possible vagueness of the law as to misdemeanants. See Williams, 128 S. Ct. at 1845. The statute is clear that a violation of subsection (a)(7) is a felony. 18 U.S.C. § 1028(b)(2)(B). Accordingly, the defendant's citation to this letter avails him no relief.

With regard to the defendant's contention that the statute violates the Eighth Amendment because it arbitrarily imposes disproportionate punishments, the Court agrees with the government that the defendant cannot assert an Eighth Amendment challenge at this juncture because he has not been convicted and punished under the statute. "'Eighth Amendment scrutiny is appropriate only after the [government] has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he [government] does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.'" City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). Accordingly, the defendant's Eighth Amendment argument is premature.

Finally, the Court considers the defendant's argument in his supplemental filing [Doc. 79] that the government is attempting to stretch section 1028 beyond the limits of its text and the Constitution in order to impose felony liability when such liability is not justified by the alleged facts. Although the supplement appears to relate primarily to his motion to dismiss Count 3 of the Indictment, the defendant states that it supplements each of his motions to dismiss on the issue of vagueness. The defendant cites the Court to the Central District of California's recent decision in United States v. Lori Drew, No. CR 08-0582-GW, 2009 WL 2872855 (C.D. Cal. Aug. 28, 2009). He argues that the court's reasoning in the Drew decision challenges the government's overbroad

9

reading of the statute because such a broad reading removes the minimal guidelines established by Congress to govern law enforcement. The defendant analogizes from the court's ruling that allowing an individual's violation of a website's terms of service to constitute federal computer fraud in violation of 18 U.S.C. § 1030 would convert the statute into an "overwhelmingly overbroad enactment that would convert a multitude of otherwise innocent Internet users into misdemeanant criminals." Id. at *16. The defendant maintains that the essential holding of Drew is that the government's use of an overbroad interpretation of the statute expanded the statute to make it void-for-vagueness.

The government responds [Doc. 80] that Drew is a narrow ruling that a violation of a website's terms of service alone cannot constitute intentionally accessing a computer without authorization under the computer fraud statute. See id. at *16. Thus, it argues that Drew does not apply to this case.

The Court finds that the defendant's attempt to analogize to Drew breaks down with the initial premise that the government has engaged in an overbroad reading of section 1028. To the contrary and as more fully explained in the next section, the Indictment tracks the language of the statute, alleging that the defendant knowingly transferred, possessed, or used Governor Palin's means of identification (her email address and birth date) with the intent to commit computer fraud and wire fraud. The Court cannot as a matter of law find that the facts alleged do not fit within the statute. In summation, the Court finds that the identity theft statute, 18 U.S.C. § 1028, and particularly subsection (a)(7), are not unconstitutionally vague because the statutory language provides reasonable notice to the average person of the conduct that is proscribed and because Congress had a rational basis for distinguishing between felony and misdemeanor violations of the

10

statute. Additionally, the way in which Congress structured the statute prevents arbitrary enforcement. Accordingly, section 1028 (a)(7) is not void-for-vagueness.

**B. Sufficiency of Identity Theft Charge**

The defendant also calls for the dismissal of Count 1 because he maintains that the allegations in the Superseding Indictment fail to state an offense of identity theft as a matter of law. In this regard, he argues that the Indictment fails to allege a "means of identification" or to set out the underlying elements of the crimes that it alleges he intended to commit by his transfer of a means of identification. The government responds that the Indictment sufficiently charges each element of the offense of identity theft.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). A defendant may challenge a defect in the indictment, such as its failure to state an offense, before trial. Fed. R. Crim. P. 12(b)(2). Claims that the allegations in the indictment are false or untrue, however, are not matters for the court to determine pretrial. Universal Milk Bottle Service v. U.S., 188 F.2d 959, 962 (6th Cir. 1951). Such claims in a criminal case are matters reserved for the jury unless they are waived. Id.; see Fed. R. Crim. P. 12(b)(1) (only defenses or objections that can be determined "without a trial of the general issue" can be raised pretrial).

The defendant contends that Count 1 fails to allege a "means of identification" under the statute. Count 1 charges the defendant with the transfer, use, or possession of "a means of

11

identification of another person, that is, the Yahoo! ID and date of birth of Governor Sarah Palin[.]" The defendant argues that a Yahoo!ID and date of birth do not constitute a means of identification as a matter of law because they do not identify a specific individual. He asserts that a Yahoo! ID is an alias rather than a means of identification and that anyone could choose to have a Yahoo! ID that used Governor Palin's name. He also points out that an individual can have more than one Yahoo! ID and can choose to share their Yahoo! ID with other persons. Thus, he contends that a Yahoo! ID, even in conjunction with a date of birth, does not identify a specific individual. The government responds that a Yahoo! ID and date of birth do qualify as a "means of identification" under the statute because the Yahoo! ID is a unique electronic address, which together with the date of birth, identify a particular individual, Governor Palin.

> Section 1028 defines a "means of identification" as
>
>> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any–
>>
>> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>>
>> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>>
>> (C) unique electronic identification number, address, or routing code; or
>>
>> (D) telecommunication identifying information or access device (as defined in section 1029(e))[.]

18 U.S.C. § 1028(d)(7). With the exception of the rare circumstance in which a literal interpretation of a statute is at odds with the intent of the drafters, the Court is to apply the plain meaning of the

terms in the statute.  United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989).

The Fourth Circuit Court of Appeals examined the definition of "means of identification" in analyzing the issue of whether a false driver's license identified a specific individual.  United States v. Mitchell, 518 F.3d 230 (4th Cir. 2008).  The court observed that some of the identifiers listed in the definition, like a social security number or a fingerprint, are unique and only identify a particular individual.  Id. at 234.  Other identifiers, like a name or a birth date, are not sufficient alone to identify a specific individual because many persons can have the same name or date of birth.  Id.  In considering the first portion of the definition along with the specific items listed in subsections (A) through (C), the court held that "[t]he definition, in other words, allows for an identifier, taken alone or together with other information, to qualify as a means of identification so long as the sum total of information identifies a specific individual."  Id.  Thus, the court found the key requirement to be that the combination of identifiers must be enough to identify a "specific individual."  Id.

In the present case, the Court finds that the combination of an email address and a birth date identifies a specific individual.  First, the Court finds that Governor Palin's Yahoo! ID is a "unique electronic . . . address" under subsection (C) of the definition.  The Court also finds that this unique electronic address identifies a specific individual, Governor Palin.  Although the defendant is correct that theoretically anyone could choose to have a Yahoo! ID that incorporates portions of Governor Palin's name, once Governor Palin chose the Yahoo! ID gov.palin@yahoo.com, that became her unique address, and no one else could choose it.  Accordingly, the Court finds that the Yahoo! ID is unique and qualifies as a means of identification under the statute.

Moreover, the statute expressly lists "date of birth" as a means of identification.  18 U.S.C.

13

§ 1028(d)(7)(A). The defendant relies on <u>Mitchell</u> to argue that numerous people can have the same date of birth and, thus, a date of birth does not identify a specific individual. The Court in <u>Mitchell</u> recognized that a date of birth alone is not a unique identifier and would need to be used in conjunction with another identifier or identifiers to distinguish a specific individual. <u>Mitchell</u>, 518 F.3d at 234. In <u>Mitchell</u>, the defendant used a false driver's license in the name of Marcus Jackson to commit bank fraud. <u>Id.</u> at 232. The court began by noting that none of the identifiers at issue could be used by itself to identify a specific person. <u>Id.</u> at 235-36. In determining whether the driver's license constituted a "means of identification" as that term is defined in section 1028(d)(7), the court considered that the first and last name, town, and year of birth listed on the license matched an actual person. <u>Id.</u> On the other hand, the court determined that the identifiers on the license that did not match a specific person–the middle name, street address, and month and day of birth– were the less general of the identifiers. <u>Id.</u> at 236. Accordingly, the court determined that the matching identifiers were too general to identify a specific Marcus Jackson. <u>Id.</u> The Court finds that the analysis in <u>Mitchell</u> supports a finding that the government has properly alleged a "means of identification" in this case. First, the Court has found that the Yahoo! ID is a unique identifier that alone identifies a specific person. Additionally, the date of birth in conjunction with the Yahoo! ID again identifies a specific person. Accordingly, the Court cannot say as a matter of law that the government has failed to allege a means of identification in this case.

Second, the defendant argues that Count 1 fails to allege identity theft as a matter of law because it does not set forth the elements of the crimes that he is alleged to have intended to commit or to aid and abet. He contends that because Count 1 fails to set out the elements of computer fraud and wire fraud, it removes from the jury's determination facts that enhance the punishment for

14

identity theft above the statutory maximum in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The government responds that, tracking the language of the statute, it has pled that the defendant intended to commit unlawful activity that constitutes a violation of federal law. Moreover, it maintains that it has gone beyond what is required by listing what those violations were–computer fraud and wire fraud. It asserts that naming the crimes is sufficient because it does not have to prove that those crimes occurred for purposes of a violation of section 1028(a)(7).

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Court disagrees with the defendant on the applicability of Apprendi to his argument. The elements of the crimes the defendant allegedly intended to commit or to aid and abet under section 1028(a)(7) are not facts that would subject him to a greater punishment than the maximum prescribed by section 1028(b)(2)(B). Rather, the central question is whether the government has properly charged all the elements of 1028(a)(7). In other words, are the elements of computer fraud and wire fraud also elements of section 1028(a)(7) or is it sufficient for the government to alleged the defendant's intent to commit or to aid or abet other unlawful activity or crimes.

The Ninth Circuit has held that section 1028(a)(7) does not require that the government prove that the defendant's identity theft actually caused another crime to be committed. United States v. Sutcliffe, 505 F.3d 944, 960 (9th Cir. 2007). Instead, the government must prove that the defendant intended to commit or to aid and abet another crime:

> [A] conviction under § 1028(a)(7) is based on the defendant's unlawful action of transferring or using another individual's means of identification with the intent to commit or to aid or abet other unlawful activity. Thus, the defendant's action in itself constitutes

15

> the crime for which he is convicted-a "separate and distinct offense" from the crime that he intends to commit or to aid or abet. Cf. United States v. Navarro, 476 F.3d 188, 195 n.10 (3d Cir. 2007) ("[T]he offense of burglary was completed when the defendant entered the building with the intent to commit a felony (whether or not he actually committed that felony) . . . ."). We therefore hold that the government must only prove that the defendant committed the unlawful act with the requisite criminal intent, not that the defendant's crime actually caused another crime to be committed.

The Court finds this reasoning to be consistent with the statute. Moreover, the Court observes that the government has set out the elements of wire fraud in Count 2 and computer fraud in Count 3.[2] Thus, the Indictment as a whole informs the defendant of the elements of those crimes. The Court finds that Count 1 of the indictment is not insufficient as a matter of law for failing to list the elements of computer fraud and wire fraud.

## III. CONCLUSION

After carefully considering the motions, memoranda, oral arguments and after reviewing the relevant legal authorities, the Court finds that Count 1 of the Superceding Indictment [Doc. 21] alleges facts that, if proven, would satisfy the elements of the crime of identity theft pursuant to 18

---

[2]In so observing, the Court is not ruling at this juncture that those counts of the indictment are sufficient. The Court will rule on the sufficiency of those counts in separate reports and recommendations.

U.S.C. §1028 and that the statute is not unconstitutionally vague. For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's Motion to Dismiss Allegations of Identity Theft [**Doc. 41**] be **DENIED**.[3]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).