IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CR-142 |
| ) | (PHILLIPS / SHIRLEY) |
| DAVID C. KERNELL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Kernell's Motion to Dismiss for Failure to Establish Interstate Commerce Jurisdiction [Doc. 45], filed on May 11, 2009. On June 30, 2009, the parties appeared before the undersigned for a hearing on the pending motions. Assistant United States Attorneys Greg Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the government. Attorneys Wade Davies and Anne Passino represented the defendant, who was also present. After hearing the arguments of the parties, the Court took the motions under advisement.

**I. POSITIONS OF THE PARTIES**

The defendant is charged in a four-count Superseding Indictment [Doc. 21], with identity theft, wire fraud, computer fraud, and anticipatory obstruction of justice in relation to the alleged

1

unauthorized access of Governor Sarah Palin's Yahoo! e-mail account in September 2008.  The defendant alleges [Doc. 45] the lack of federal jurisdiction over Counts 1 and 3, contending that these counts fail to state facts that would establish a substantial effect on interstate commerce.  The government responds [Doc. 48] that both of the crimes alleged in Counts 1 and 3 were committed by using the Internet, which Congress may regulate via the Commerce Clause as an instrumentality and channel of interstate commerce.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. The defendant challenges the sufficiency of the Superseding Indictment, arguing a lack of federal jurisdiction.  Specifically, the defendant argues [Doc. 45] that although federal jurisdiction for Counts 1 and 3 of the Superseding Indictment is based on the Commerce Clause, the government has failed to allege facts that show the alleged conduct substantially affected interstate commerce. In this regard, he maintains that the allegations that the defendant and the Yahoo! servers were in different states is not sufficient to fulfill the jurisdictional requirement.  He asserts that, instead, the government must show that the possession transfer and use of a means of identification in the case of Count 1 and a single electronic communication in the case of Count 3 substantially affected interstate commerce.  The defendant contends that because the government has not and cannot show a substantial interstate effect, Counts 1 and 3 should be dismissed as a matter of law.

The government responds [Doc. 48] that Congress may regulate the Internet because it is both an instrumentality and a channel of interstate commerce.  Because both the identity theft

2

alleged in Count 1 and the computer fraud alleged in Count 3 involve the defendant's use of the Internet to accomplish the alleged crimes, federal jurisdiction is proper. Moreover, the government maintains that the propriety of federal jurisdiction is unaffected by the degree of the effect of the defendant's alleged conduct on interstate commerce. Finally, it asserts that the Indictment alleges that the defendant's conduct affected interstate commerce as required by the statues: The Indictment alleges that the defendant resided in Tennessee, used the Internet, and victimized a California corporation and an Alaskan governor.

The defendant replies [Doc. 50] that the fact that the Internet was allegedly used in this case does not provide the connection to interstate commerce that would bring the alleged acts within federal jurisdiction. He maintains that the statute at issue in Count 1 requires proof that "the production, transfer, possession, or use prohibited by this section is in or affects interstate commerce[.]" See 18 U.S.C. § 1028(c)(3)(A).

Both the statutes at issue in Counts 1 and 3 contain as an element of the offense that the act affect commerce. Count 1 charges the defendant with a violation of 18 U.S.C. § 1028(a)(7) and (c)(3)(A):

> (a) Whoever, in a circumstance described in subsection (c) of this section–
> . . . .
> (7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law;
> . . . .
> (c) The circumstance referred to in subsection (a) of this section is that–
> . . . .
> (3) . . .
> (A) the production, transfer, possession, or use prohibited by this

section **is in or affects interstate or foreign commerce**, including the transfer of a document by electronic means[.]

(Emphasis added). Count 1 charges the defendant as follows:

> On or about September 16, 2008, in the Eastern District of Tennessee, and elsewhere, defendant
>
> **DAVID C. KERNELL**,
>
> did knowingly transfer, possess, and use **in and affecting interstate and foreign commerce**, without lawful authority, a means of identification of another person, that is, the Yahoo! ID and date of birth of Governor Sarah Palin, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Fraud and Related Activity in Connection with Computers, under 18 U.S.C. § 1030(a)(2)(C), and Wire Fraud, under 18 U.S.C. § 1343.

[Doc. 21 (second emphasis added)]

Likewise, Count 3 charges the defendant with a violation of 18 U.S.C. 1030(a)(2)(C), which provides that "[w]hoever– . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains– . . . information from any protected computer . . . shall be punished as provided in subsection (c) of this section." A "protected computer" is defined in pertinent part as a computer, "which is **used in or affecting interstate or foreign commerce or communication**, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States[.]" 18 U.S.C. § 1030(e)(2)(B) (emphasis added). Count 3 alleges that

> On or about September 16, 2008, in the Eastern District of Tennessee and elsewhere, defendant

**DAVID C. KERNELL**,

>> in furtherance of the commission of a criminal and tortious act in violation of the laws of the United States and the State of Tennessee, including aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C) (Fraud and Related Activity in Connection with Computers); and tortious invasion of privacy, intentionally and without authorization, and in excess of authorization, accessed **a protected computer by means of an interstate communication** and thereby obtained information, and did aid and abet in same.

[Doc. 21 (second emphasis added)]

The defendant does not mount a constitutional challenge alleging that Congress lacked authority under the Commerce Clause to enact either of these statutes. Instead, he challenges the sufficiency of this particular Indictment, arguing that the allegations charged in Counts 1 and 3 fail to show as matter of law that the alleged acts *substantially* affected interstate commerce. In this regard, he asserts that the transfer, possession, or use of a Yahoo! ID and a birth date (as alleged in Count 1) and the single instance of accessing a protected computer (as alleged in Count 3) could not have substantially affected interstate commerce in light of the countless daily transmissions on the Internet.

>> Our Supreme Court has
>>> "identified three general categories of regulation in which Congress is authorized to engage under its commerce power. First, Congress can regulate the channels of interstate commerce. Second, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce. Third, Congress has the power to regulate activities that substantially affect interstate commerce.

Gonzales v. Raich, 545 U.S. 1, 16-17 (2005). The defendant relies on the third category, which he maintains was Congress' basis for enacting these two statutes. The government argues that Congress rightfully regulated the defendant's alleged conduct under the first and second categories

5

because the Internet is both a channel and an instrumentality of interstate commerce.

Initially, the Court observes that the parties' reliance on these categories, which are used to analyze when Congress may regulate certain actions under the Commerce Clause, is misplaced when determining whether an indictment sufficiently alleges a violation of a certain statute (or statutes), the constitutionality of the enactment of which is not at issue. The defendant relies upon United States v. Lopez, 514 U.S. 549 (1995) and United States v. Morrison, 529 U.S. 598 (2000), to challenge what he argues is a tenuous connection to interstate commerce in this case. The analysis in these cases is distinct from that which the Court must undertake in the present case because "in both Lopez and Morrison, the parties asserted that a particular statute or provision fell outside Congress' commerce power in its entirety." Raich, 545 U.S. at 23. In contrast, "'[w]here the class of activities is regulated and that class is within the reach of federal power, the courts have no power "to excise, as trivial, individual instances" of the class.'" Id. (quoting Perez v. U.S., 402 U.S. 146, 154 (1971)) (citation to internal quoted language omitted).

The defendant also relies upon Jones v. U.S., 529 U.S. 848 (2000), to argue with respect to Count 3 that all emails would fall within the reach of the computer fraud statute if the fact that a person in one state sent an email via a server in another state was enough to constitute interstate commerce. Notably, the Court in Jones did not employ the three general categories of regulation listed above as it was not discerning the constitutionality of the federal arson statute. See id. Instead, the Supreme Court in Jones examined whether an owner-occupied residence that was not used for any commercial purpose could ever qualify as "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" under the federal arson statute. Id. at 850-51. In other words, the Court was determining whether the arson of a private

6

residence was within the class of activities regulated by Congress in the federal arson statute, not whether Congress had the power to regulate arson as a federal crime at all. See id. at 854-59. Moreover, whether the private residence came within the class of activities regulated turned upon an analysis of the language of the federal arson statute. Id. at 855-56. In this case, looking to the language of the computer fraud statute quoted above, Congress, in applying the statute to computers used in or for interstate communication, did not attempt to quantify the number of interstate communications that would bring the computer within the statue. Under the plain language of the statute, one interstate email would appear to be enough, although finding a computer with internet access that had engaged in only a single interstate communication would likely be the proverbial needle in the haystack.

In the present case, the Court must determine whether Counts 1 and 3 sufficiently inform the defendant of the charges he is facing, particularly with regard to the jurisdictional element. Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" It must (1) "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend," and (2) "enable[ the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. U.S., 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling, 418 U.S. at 117). The indictment may properly set forth the charge by using the statutory language so long as "'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). In addition to preserving the

7

defendant's protection against double jeopardy, a complete statement of all the elements of the offense is necessary to assure that the grand jury found probable cause as to each element. United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981). The indictment's recitation of the elements of the offense must also "'be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)).

In the present case, the Court finds that the allegations in the Superseding Indictment show that the actions alleged in Counts 1 and 3 affected interstate commerce. The introductory allegations in the indictment, which are expressly incorporated in Counts 1 and 3, state that the defendant was living in Tennessee and that Yahoo! is a California corporation, which provides e-mail services throughout the United States. The Indictment also alleges that Yahoo!'s computers and servers were located outside of Tennessee. The individual whose computer the defendant is alleged to have accessed was the Governor of Alaska. In light of these allegations that span at least three states, the Court cannot say as a matter of law that the charges fail to allege the jurisdictional element. The Court notes that the government must still prove the effect on interstate commerce of the acts in Counts 1 and 3 at trial.

## III. CONCLUSION

After carefully considering the motions, memoranda, oral arguments and after reviewing the relevant legal authorities, the Court finds that Counts 1 and 3 of the Superceding Indictment [Doc. 21] allege facts that, if proven, would satisfy the jurisdictional elements of the crimes alleged in those counts. For the reasons set forth herein, it is **RECOMMENDED** that the Defendant Kernell's Motion to Dismiss for Failure to Establish Interstate Commerce Jurisdiction [**Doc. 45**] be **DENIED**.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).