UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
| a/k/a "rubico," | ) | |
| a/k/a "rubico10," | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION
THAT DEFENDANT'S MOTION TO DISMISS COUNT ONE BE DENIED

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response to Defendant's "Objections to Report and Recommendation Regarding Motion to Dismiss Allegations of 'Identity Theft,'" [Doc. 92].

After voluminous briefing and extensive argument, the United States Magistrate Judge correctly rejected all of Defendant's challenges to Count One. The speaking indictment provided Defendant with more notice than was required, easily meeting the standard that an indictment put Defendant on notice of what he is charged with. Even assuming Defendant can establish standing to challenge section 1028(a)(7)'s constitutionality, the statute easily survives scrutiny when applied to Defendant's conduct—impersonating Governor Palin online in order to seize control of her e-mail account.

**I.  THE RECOMMENDATION CORRECTLY CONCLUDES THAT COUNT ONE STATES AN OFFENSE OF A VIOLATION OF 18 U.S.C. § 1028(a)(7)**

*A. The Grand Jury properly charged Defendant's use of Governor Palin's identifying information to impersonate her online as a violation of 18 U.S.C. § 1028(a)(7)*

The indictment charges Defendant with four counts.  Each count corresponds to a discrete step Defendant took in taking over and exploiting Governor Palin's e-mail account.  Defendant, notably, "concedes" that the Superseding Indictment properly charges him with at least a misdemeanor for accessing a computer without authorization. (Doc. 92 at 3 n.3).  That unlawful access was possible because Defendant first took over Governor Palin's account by misrepresenting his identity to Yahoo.  The Grand Jury properly charged that misrepresentation in Count One as a violation of 18 U.S.C. § 1028(a)(7).

Governor Palin's e-mail account was a service of Yahoo, a California company. (Doc. 21 ¶¶ 2, 5).  For security, Yahoo requires any Internet user asking to access an e-mail account to prove that they are the account's owner.  Normally, the user proves this by providing two pieces of information: the "Yahoo ID" of the account they want to access, such as "gov.palin@yahoo.com," and the secret password associated with that account.  Yahoo concludes that anyone who knows these two things must be the owner of the account (or, at least, someone authorized by the owner), and permits access.

However, sometimes users forget their passwords.  When that occurs, Yahoo provides another way to prove account ownership.  In addition to providing the Yahoo ID of the account they want to access, the user must provide the answer to several security questions.  These questions ask the user for information that the true owner of the account

would be likely to know. (Doc. 21 ¶ 3). The Yahoo screen requesting this information refers to them as "questions to validate your identity." (Doc. 21 ¶ 3).

Defendant exploited this process. He did not know Governor Palin's password, but he was able to research the answers to those "questions to validate your identity." He requested access to "gov.palin@yahoo.com." In doing so, he claimed to be Governor Palin. In that guise, he represented to Yahoo that Governor Palin forgot her password, and wished to change it. To prove he was Governor Palin, he provided the answer to the security questions. These included Governor Palin's birthday, country of residence, ZIP code, and the answer to a "secret question" she had previously selected. (Doc. 21 ¶ 3).

This was a violation of 18 U.S.C. § 1028(a)(7), which provides:

> Whoever, in a circumstance described in subsection (c) of this section— … knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law … shall be punished as provided in subsection (b) of this section.

The Superseding Indictment alleges all of the facts described above. Then, tracking the statutory language, it charges Defendant's use of Governor Palin's identifying information as a violation of section 1028(a)(7):

> On or about September 16, 2008, in the Eastern District of Tennessee, and elsewhere, defendant DAVID C. KERNELL, did knowingly transfer, possess, and use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, that is, the Yahoo! ID and date of birth of Governor Sarah Palin, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Fraud and Related Activity in Connection with Computers, under 18 U.S.C. § 1030(a)(2)(C), and Wire Fraud, under 18 U.S.C. § 1343.

[Title 18, United States Code, Sections 2, 1028(a)(7),
(b)(2)(B) and (c)(3)(A)]

(Doc. 21 ¶ 16).

As charged, the "means of identification" identified one person and included the Yahoo ID and date of birth of Governor Sarah Palin.  Their knowing transfer, possession, or use occurred when Defendant used those answers to convince Yahoo that he was Governor Palin.  This was "without lawful authority" because the account holder did not authorize him to have access to her account.  The intent to commit "unlawful activity" was what Defendant intended to do with Governor Palin's account once he gained access: read her e-mail, in violation of 18 U.S.C. § 1030(a)(2)(C) (unauthorized access to a computer and thereby obtaining information), and take total control over the account, in violation of 18 U.S.C. § 1343 (wire fraud).  Finally, the "circumstance described in subsection (c)" was that "the production, transfer, possession, or use … [was] in or affects interstate or foreign commerce."  18 U.S.C. § 1028(c)(3)(A).  Although Defendant filed a separate motion challenging this "interstate commerce" element, the Magistrate Judge recommended that motion be denied (Doc. 89), and Defendant has not objected.

The United States Magistrate Judge's other Report and Recommendation (Doc. 88, hereinafter "Recommendation") correctly concluded Count One properly charges a violation of section 1028(a)(7).  An "indictment must: (1) set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces, and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quotation marks and citations removed).  Normally, an indictment satisfies this minimal standard simply by "using the words of the

statute itself, as long as the statute fully and unambiguously states all the elements of the offense," all "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." *Id.* (*quoting United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)); *see also Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) ("An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense.").

### B. Count One properly alleges that the Yahoo ID and date of birth of Governor Sarah Palin were "means of identification"

The Recommendation correctly concluded that the Superseding Indictment alleges facts that satisfy section 1028(a)(7)'s "means of identification" requirement. Tracking the statutory text, the Superseding Indictment charges that Defendant "did knowingly transfer, possess, and use…a means of identification of another person," and then gives even more detail, specifying that the "means of identification" were "the Yahoo! ID and date of birth of Governor Sarah Palin." Defendant objects that a Yahoo ID and date of birth are not means of identification. (Doc. 92 at 18-24)

Even without consulting the statutory definition, it is not difficult to conclude that something that is called an "ID"—an abbreviation of the word "identification"—is, in fact, a "means of identification." Consulting the statutory definition makes it even clearer that a Yahoo ID is a "means of identification":

> the term "means of identification" means ***any name*** or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

> (A) ***name***, social security number, ***date of birth,*** official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>
> (C) ***unique electronic identification*** number, ***address***, or routing code; or
>
> (D) telecommunication identifying information or access device (as defined in section 1029(e))

18 U.S.C. § 1028(d)(7) (emphasis added).

The Report and Recommendation made two conclusions which are amply supported and which the government urges this Court to adopt: "First, the Court has found that the Yahoo! ID is a unique identifier that alone identifies a specific person. Additionally, the date of birth in conjunction with the Yahoo! ID again identifies a specific person." (Doc. 88 at 14.).

Defendant claims the Recommendation "completely misses" the issue of whether a Yahoo ID is a "name" at all, (Doc. 92 at 19), but the Recommendation properly concluded that a Yahoo ID is a "unique electronic… address" under subparagraph (C). (Doc. 88 at 13). A Yahoo ID is a "name": It names a Yahoo user account, and that account's associated e-mail address. Standing alone, it "identifies" one and only one account, and thus identifies a specific individual. The word "ID" in the description "Yahoo ID," in other words, is well-deserved, and qualifies as either a "name," under section 1028(d)(7)(A), or "unique electronic identification address" under section 1028(d)(7)(C). Furthermore, Governor Palin's date of birth was a "date of birth" under section 1028(d)(7)(A) — specifically listed as an example of a "means of identification."

Certainly, the Yahoo ID and date of birth together are sufficient to identify a particular individual. *See, e.g., United States v. Kowal*, 486 F.Supp.2d 923 (N.D. Iowa 2007) ("The court finds that the surname 'Tipton,' when used 'in conjunction with' the SSN ending in the four digits 0053 and the birth month of December is a means of identification of a 'specific individual,' namely, Larry William Tipton.").

Defendant argues the Yahoo ID was "the opposite of a means of identification" because it was an "alias." (Doc. 92 at 19). That is hard to understand: No one who encountered the e-mail address "gov.palin@yahoo.com" would have difficulty understanding it identifies Governor Palin. But even if her Yahoo ID were inscrutable, Defendant's argument is incorrect. Under the statute, means of identification do not need to correspond to an individual's given name. Social Security numbers, driver's license numbers, and credit card numbers are all undeniably "means of identification," but they bear no connection to true names. *See* 18 U.S.C. § 1028(d)(7)(A) (Social Security numbers and driver's licenses); *United States v. Tunning,* 69 F.3d 107, 112 (6th Cir. 1995) ("The definition of 'access device' includes a credit card."); 18 U.S.C. § 1028(d)(7)(D) (defining "means of identification" to include an "access device (as described in section 1029(e))"); U.S.S.G. § 2B1.1 application note 9(C)(ii)(II) ("In this example, the credit card is the other means of identification that has been obtained unlawfully.").

Defendant's argument is similar to one rejected by the Ninth Circuit in *United States v. Blixt,* 548 F.3d 882, 887-88 (9th Cir. 2008). There, the defendant argued that a signature was not a "means of identification," because it was an indecipherable "series of lines, curves, and squiggles." *Id.* The court rejected that argument on the grounds that

those lines, curves, and squiggles nonetheless had meaning: the "signature, however illegible, was… nothing more than his name written in a particular way and meant to identify him, specifically." *Id.* The same holds for a Yahoo ID; no matter how inscrutable it might be on its face, it nonetheless "identif[ies] a specific individual." 18 U.S.C. § 1028(d)(7).

Nor is it dispositive that "[a]nyone can sign on to Yahoo" under any unused name. While Defendant argues that "[t]here is no logical way to argue that an e-mail address is a means of identification of a specific person," one such logical argument appears in the Recommendation: "Although the defendant is correct that theoretically anyone could choose to have a Yahoo! ID that incorporates portions of Governor Palin's name, once Governor Palin chose the Yahoo! ID gov.palin@yahoo.com, that became her unique address, and no one else could choose it." (Doc. 88 at 13). From that moment, "gov.palin@yahoo.com" identified her uniquely.

Defendant argues that an e-mail address cannot be a means of identification because they "can be used by anyone," such as "staff members" of a politician. (Doc. 92 at 20). But almost every "means of identification" can be used by the wrong person; if they couldn't, then section 1028(a)(7) would be pointless, because no one could ever successfully use someone else's means of identification. By including the phrase "use… without lawful authority" in section 1028(a)(7), Congress clearly contemplated that "means of identification" could practically be "used" by persons other than the identified person, and that those uses could be unauthorized or authorized (as with a staff member reading an e-mail account). Moreover, as shown above, the statute defines "means of identification" to include, among other things, Social Security numbers, driver's license

numbers, and credit cards. All these can also "be used by anyone," but that is exactly why Congress acted to protect them from unauthorized use.

Defendant also argues that a given individual can have more than one Yahoo ID. (Doc. 92 at 20). This, however, is also true of credit cards, which are undeniably also "means of identification." *See Tunning,* 69 F.3d at 112; 18 U.S.C. § 1028(d)(7)(D).

Defendant cites *United States v. Mitchell,* 518 F.3d 230, 235 (4th Cir. 2008), but that case supports the United States' position. The defendant in *Mitchell* forged a driver's license. The defendant picked a name at random from a phone book, and put that name—"Marcus Jackson"—on the license. More than one man has the name "Marcus Jackson," so the Fourth Circuit concluded that this, alone, was not "sufficient 'to identify a specific individual.'" *Id.* at 234 (*quoting* 18 U.S.C. § 1028(d)(7)). The court noted that "Marcus Jackson," when combined with another identifier such as a date of birth, would have been sufficient to identify a specific individual. The defendant in *Mitchell* did not combine the name with a correct date of birth of any real "Marcus Jackson," *see id.* at 235-36, or with any other correct identifier, so the court held the defendant had not used a "means of identification." *Mitchell* does not apply to this case: Defendant used Governor Palin's real date of birth, and, even if he had not, the name "gov.palin@yahoo.com" is, unlike "Marcus Jackson," globally unique.

### C. Count One properly alleges that Defendant had the intent to commit, or acted in connection with, unlawful activity that constitutes a violation of Federal law

Section 1028(a) requires proof that the defendant had "the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of

Federal law, or that constitutes a felony under any applicable State or local law." 18 U.S.C. § 1028(a)(7).

The Superseding Indictment, tracking this language, charges that Defendant had "the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Fraud and Related Activity in Connection with Computers, under 18 U.S.C. § 1030(a)(2)(C), and Wire Fraud, under 18 U.S.C. § 1343." The Recommendation correctly found that this was sufficient. (Doc. 88 at 14-16).

Defendant argues this charge was insufficient because it did not "set out the essential elements of" the section 1030(a)(2)(C) or Wire Fraud offenses "or… explain how it is alleged they were committed." (Doc. 92 p. 17). Defendant ignores the Recommendation's correct reasoning that, because the indictment both names the crimes and separately charges Defendant with committing those crimes in different counts, "the Indictment as a whole informs the defendant of the elements of those crimes." (Doc. 88 at 16).

Defendant's arguments are self-contradictory. At the beginning of his Objection, Defendant concedes that the Superseding Indictment (presumably in Count 3) properly pleads the facts that establish at least a misdemeanor violation of section 1030(a)(2)(C). (Doc. 92 at 3 n.3). Yet, Defendant argues, a few pages later, that "the indictment fails to set out the elements of the offenses alleged." (Doc. 92 at 17). Defendant was correct the first time: Although it did not need to do so, the Superseding Indictment properly charged all the elements of both sections 1030(a)(2)(C) and 1343, because the Superseding Indictment charged the Defendant with those offenses. The Recommendation correctly

rejected Defendant's argument in part because "the government has set out the elements of wire fraud in Count 2 and computer fraud in Count 3." (Doc. 88 at 16).

Moreover, Defendant's argument misreads section 1028(a)(7) and misunderstands the standard on a motion to dismiss. The United States does not need to charge, or show at trial, that the furthered crimes ever occurred (although, in this case, the Superseding Indictment charges that they did). It need only show that Defendant either had "the intent to commit" those furthered crimes, or, alternately, that Defendant's conduct was "in connection with" such a crime. A defendant could, conceivably, violate section 1028(a)(7) by stealing an identity with intent to further a crime that never came to completion. The Recommendation, quoting the Ninth Circuit, correctly held that under section 1028(a)(7), "the government must only prove that the defendant committed the unlawful act with the requisite criminal intent, not that the defendant's crime actually caused another crime to be committed." (Doc. 88 at 16) (quoting *United States v. Sutcliffe,* 505 F.3d 944, 960 (9th Cir. 2007)); *see also id.* ("a § 1028(a)(7) conviction requires no evidence of an underlying crime."). Thus, the required element is not that Defendant *committed* the additional violations of Federal law, but that he *had the intent* to do so or acted in connection with such a crime. The Superseding Indictment so charges; therefore, Count One cannot be dismissed for failure to plead the sub-elements of violations of section 1030(a)(2)(C) or section 1343.

Finally, Defendant attempts to cast this argument under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), by arguing that the Superseding Indictment is insufficient because it fails to paint a complete picture of every aspect of every furthered crimes and tort. (Doc. 92 p. 17). *Apprendi* has no application because intent is an element of the offense, not a

"fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi,* 530 U.S. at 490.

## II. THE RECOMMENDATION CORRECTLY CONCLUDES THAT CHARGING DEFENDANT WITH A VIOLATION OF SECTION 1028 IS CONSISTENT WITH THE CONSTITUTION

### A. Section 1028(a)(7) provides fair notice and enforcement standards and is not unconstitutionally vague

#### 1. Defendant may only challenge the vagueness of section 1028(a)(7) as it is applied to him

"[V]agueness claims not involving First Amendment freedoms must be examined in light of the facts of the particular case at hand and not as to the statute's facial validity." *Belle Maer Harbor v. Charter Twp. of Harrison,* 170 F.3d 553, 557 (6th Cir. 1999) (citing cases). As the Recommendation correctly noted, "a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Doc. 88 at 5-6, *quoting United States v. Williams,* 128 S.Ct. 1830, 1845 (2008).

Defendant cannot, then, complain that future defendants might be treated unfairly, (Doc. 92 at 7-11), speculate about the liability of persons who violate a federal law that "require[s] no culpable conduct," (*id.* at 7), imagine hypothetical prosecutions for the purchase of alcohol in federal parks, (*id.* at 8-9), or invite this Court to "constrain" the criminal justice system in cases not before it, (*id.* at 2 & n.2). To support a vagueness challenge, the Defendant must show that section 1028(a)(7) is vague as applied to the conduct charged in the Superseding Indictment. As shown below, it is not.

>     2.  Defendant's argument that section 1028's felony and
>         misdemeanor provisions are similar would not, if true,
>         establish that Count One is inconsistent with the
>         Constitution

Defendant devotes the bulk of his Objection to an extensive comparison between the criminal prohibition in section 1028(a)(4), which describes a misdemeanor, and section 1028(a)(7), which describes a felony. *See* 18 U.S.C. § 1028(a)(4), (7).

Defendant simply lacks standing to make this argument: Even if Defendant is correct that other defendants might violate both statutes at once, under the facts charged in the Superseding Indictment Defendant violated only section 1028(a)(7), not section 1028(a)(4). No fact in the Superseding Indictment would support the conclusion that Defendant acted "with the intent… to defraud the United States;" his intent was to defraud parties other than the United States. 18 U.S.C. § 1028(a)(4). The Recommendation correctly noted that this was a crucial distinction between (a)(4) and (a)(7). (Doc. 88 at 8). Because Defendant is limited to challenging the vagueness of section 1028 "in light of the facts of the particular case at hand," *Belle Maer Harbor v. Charter Twp. of Harrison,* 170 F.3d 553, 557 (6th Cir. 1999), the Recommendation was correct that "the instant defendant is not charged with a misdemeanor violation of section 1028 and, thus, cannot complain of the possible vagueness of the law as to misdemeanants." (Doc. 88 at 8-9).

Regardless, Defendant's argument that the similarity of section 1028(a)(4) and section 1028(a)(7) makes it difficult to predict the penalty for a violation simply does not make out a vagueness challenge. Due process requires only that a statute provide fair notice of "what conduct it prohibits" and establish minimal guidelines to govern law enforcement. *United States v. Caseer,* 399 F.3d 828, 836 (6th Cir. 2005). Those

"minimal guidelines for law enforcement" must govern whether a prosecution commences at all, not under which statute a defendant is charged. "When the same conduct is prohibited by two penal statutes, the government may proceed under either and the defendant may not complain if the government elects to proceed under the harsher one." *United States v. Oldfield,* 859 F.2d 392, 398 (6th Cir. 1988) (internal citations and quotation marks omitted); *see also United States v. Batchelder,* 442 U.S. 114, 123-24 (1979) ("[t]his Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.").

Due process simply does not require that a potential defendant, who knows he is breaking that law, must be able to predict his penalty. To the contrary, "there are many instances when individual action may subject an actor to both criminal and civil sanctions," such as contempt or violation of securities laws. *United States v. Petito,* 671 F.2d 68, 73 (2d Cir. 1982). This does not violate due process: "It is not, in our view, necessary that the actor, at the time he contemplates the act, be certain as to which of the appropriate sanctions will be invoked." *U. S. ex rel. Shell Oil Co. v. Barco Corp.,* 430 F.2d 998, 1001 (8th Cir. 1970). A due process violation is even harder to see when a defendant is certain that his conduct is criminal, but professes to be unable to tell whether it is a felony or a misdemeanor. Whether a defendant is ***charged*** with a felony rather than a misdemeanor does not dictate how the defendant will ultimately be ***punished:*** Because the only guidelines for a defendant's final sentence are advisory, subject to appellate review for reasonableness, *see Kimbrough v. United States,* 552 U.S. 85, 107

(2007), defendants charged with felonies could receive the same sentences as defendants charged with misdemeanors.

> 3. The statutory phrase "without lawful authority" provides fair notice and enforcement standards

Defendant argues section 1028(a)(7) has a potential for arbitrary enforcement because the statute contains the phrase "without lawful authority" but does not define it. (Doc. 92 at 16-17).

Defendant's only argument on this point is that the statute does not define the phrase. But the United States Code is full of undefined terms. "[A] failure to define a term within a statute or ordinance does not render the statute unconstitutionally vague, where the common meaning of the word provides both adequate notice of the conduct prohibited and of the standards for enforcement." *Belle Maer Harbor v. Charter Twp. of Harrison,* 170 F.3d 553, 558 (6th Cir. 1999). The Recommendation cited several courts who have rejected vagueness challenges to other terms in section 1028, including one Sixth Circuit case, *United States v. Gros,* 824 F.2d 1487, 1497 (6th Cir. 1987). (Doc. 88 at 6-7). As applied to the facts of this case, "without lawful authority" is not vague. Defendant's conduct was "without lawful authority" because Defendant used Governor Palin's means of identification, but Defendant is not Governor Palin (and she did not authorize him). This is well within the common meaning of the word.

Moreover, Defendant ignores the federal courts' capacity to interpret federal statutes so as to mitigate any vagueness. As the Sixth Circuit explained in rejecting a vagueness challenge to RICO:

> RICO is a federal statute, and the Supreme Court seldom voids federal statutes on vagueness grounds. Unlike state statutes, in which a federal court only reviews the state

> statute and the state court decisions interpreting it, a federal
> statute is subject to interpretation by the federal courts.
> The court does not sit passively and review only what other
> people have said to determine if a statute is vague. Instead,
> the federal court interprets the statute itself. Therefore,
> there are few cases in which the Supreme Court has held a
> federal statute unconstitutionally vague, as the Court's own
> interpretations are a means of mitigating any vagueness.

*Tatum,* 58 F.3d at 1108. It is not enough for Defendant to simply argue that "no guidance is given as to the source" of the "lawful authority" required by the statute. If Defendant had a colorable argument that he had "lawful authority" based on any of the potential sources he identifies, *see* Doc. 92 at 16 ("statutory, personal to Governor Palin, or based on Yahoo! Terms of Service"), then Defendant would be free to argue that section 1028 should be interpreted accordingly and that he is not guilty.

Additionally, section 1028(a)(7) requires proof that the defendant acted "knowingly." This mental state requirement mitigates any vagueness. *See United States v. Caseer,* 399 F.3d 828, 839 (6th Cir. 2005) ("the requirement of specific intent in this case mitigates any constitutional infirmity resulting from the vagueness"). For that matter, Defendant's clear understanding that he was violating the law—as evidenced by his attempt to destroy evidence in an effort to hamper the FBI investigation he expected (Doc. 21 at ¶¶ 14, 29)—shows that he had fair notice that his conduct was illegal. A defendant who had actual notice that his conduct was illegal logically cannot claim that the statute is void for vagueness as applied to him. *See United States v. Washam,* 312 F.3d 926, 930 (8th Cir. 2002) (defendant's actual knowledge that conduct was illegal foreclosed vagueness challenge); *United States v. Saffo,* 227 F.3d 1260, 1270 (10th Cir. 2000) ("Saffo had knowledge of the illegality of her activities, and thus this is not a

situation where she could not reasonably understand that her contemplated conduct is proscribed." (citation and quotation marks removed)).

*B. Section 1028(a)(7) does not violate the equal protection clause*

Defendant recasts his argument about the supposed lack of distinction between section 1028's felony and misdemeanor provisions by arguing that Congress violated the Equal Protection clause by punishing some conduct as a felony, and other conduct as a misdemeanor. (Doc. 92 at 11-12, 14-15).

The Recommendation applied rational basis review, and Defendant concedes that is appropriate. (Doc. 88 at 8; Doc. 92 at 14-15). The Recommendation also correctly noted that "any conceivable [rational] basis is sufficient to sustain [the statute against an equal protection challenge], even if there is no indication that the suggested rationale actually motivated the legislature in enacting it." Doc. 88 at 8, *quoting Innes v. Howell Corp.,* 76 F.3d 702, 708 (6th Cir. 1996). Yet Defendant's objection simply ignores the two potential rational bases identified in the Recommendation: The misdemeanor penalty could apply to someone who only "possesses," but does not use, an identification document; and, the misdemeanor penalty applies only when the United States is a victim, while the felony provision applies when potentially more vulnerable private parties are victims. (Doc. 88 at 7-8).

The memorandum Defendant cites from the Executive Office of United States Attorneys does not support Defendant's argument: It addressed which of section 1028(c)'s penalty provisions applied to which of section 1028(a)'s prohibitions. It never even hinted that there has ever been any confusion over whether section 1028(a)(7) was a

felony. To the contrary, the penalty provision cited in the Superseding Indictment makes it clear that section 1028(a)(7) describes a felony.

### C. Defendant cannot raise an Eighth Amendment "disproportionate punishment" before sentencing

In arguing that charging him under section 1028(a)(7) would violate the Eighth Amendment, Defendant simply ignores the Recommendation's conclusion that this argument is premature. (Doc. 88 at 9).

No conviction has occurred and no sentence has been imposed in this case. In the absence of any punishment, the defendant lacks standing to raise this claim and there is no Eighth Amendment violation. *See, e.g., City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("Because there had been no formal adjudication of guilt against Kivlin at the time he required medical care, the Eighth Amendment [cruel and unusual deliberate indifference claim] has no application.") ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt.") (quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.")); *see also Houston v. Roe*, 177 F.3d 901, 907 (9th Cir. 1999) (petitioner lacked standing for Eighth Amendment arbitrary and capricious claim since he had not been sentenced to death).

If a conviction and sentence occur, any sentences within the statutory maximum would be presumptively constitutional. As a general matter, "A punishment within legislatively mandated guidelines is presumptively valid. Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on

eighth amendment grounds." *United States v. Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998) (citations and quotations omitted); *see also Walls,* 546 F.3d at 738 ("the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime") (internal quotation marks removed)).

Respectfully submitted this 15th day of December, 2009.

JAMES R. DEDRICK
United States Attorney

*S/ D. Gregory Weddle*
*S/ Mark L. Krotoski*
*S/ Josh Goldfoot*
_____
D. Gregory Weddle
Mark L. Krotoski
Assistant U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710


Josh Goldfoot
Computer Crime & Intellectual Property
  Section
Criminal Division
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC  20005

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, a copy of the foregoing R<small>ESPONSE TO</small> D<small>EFENDANT'S</small> O<small>BJECTIONS TO</small> M<small>AGISTRATE</small> J<small>UDGE'S</small> R<small>ECOMMENDATION THAT</small> D<small>EFENDANT'S</small> M<small>OTION TO</small> D<small>ISMISS</small> C<small>OUNT</small> O<small>NE BE</small> D<small>ENIED</small> was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*S/ D. Gregory Weddle*
_____
D. Gregory Weddle
Assistant U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
865-225-1710