UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
|    a/k/a "rubico," | ) | |
|    a/k/a "rubico10," | ) | |
| | ) | |
|       Defendant. | ) | |

### OPPOSITION TO DEFENDANT'S SECOND SUPPLEMENT TO MOTION TO SUPPRESS

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response to Defendant's "Supplement to Motion to Suppress: *United States v. Cioffi,*" docket number 101.

*United States v. Cioffi,* 2009 WL 3738314 (E.D.N.Y. 2009), does not apply to this case because the September 2008 warrant, unlike the warrant in *Cioffi,* particularized things to be seized by referring to particular subjects and to criminal "hacking activity."

The warrant in *Cioffi* compelled Google to disclose the contents of an e-mail account. Its only description of the e-mails was "all e-mail up through August 12, 2007, including any attachments, and all instant messages, sent by or received by the accounts [sic], whether saved or deleted, whether contained directly in the e-mail account or in a customized 'folder.' " *Cioffi* at *2. Because this did not "limit the items to be seized from [the defendant's] personal email account to emails containing evidence of the crimes charged in the indictment or, indeed, any crime at all," the court held the warrant was "unconstitutionally broad." *Id.* at *9.

The September 2008 warrant in this case is unlike the warrant in *Cioffi,* because it particularized the things to be seized in Attachment B to the affidavit; that attachment was incorporated into the warrant. It called for records "related to or referring to the e-mail addresses of or the name Sarah Palin," (Id. ¶ 4), and for "[d]ocuments and computer files in any form" that are "related or… associated with" a list of e-mail addresses and online monikers that the affidavit had all linked with either a victim or the Defendant, as well as with "hacking activities." (Id. ¶ 1).

These paragraphs provide a meaningful limitation on the scope of the search of the hard drive, and thus "enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize." *Cioffi* at *3, *quoting United States v. George,* 975 F.2d 72, 75 (2d Cir.1992). The warrant does not authorize a search for "any crime," but for a set of records identified by subject matter. The warrant's references to "hacking activities" and "activities related to or referring to the e-mail addresses of or the name Sarah Palin" limit the officers to evidence of the crimes for which Defendant was charged, and only for those crimes. The warrant was not any less particular because it used the plain-English word "hacking" rather than a Bluebook citation to the precise part of the United States Code that prohibits hacking; with or without a statutory citation, the warrant still commanded the officer to limit himself to evidence of hacking.

Defendant argues that the September 2008 warrant failed to particularize "because the September 2008 warrant did not expressly incorporate the affidavit." *Cioffi* did not hold that incorporating a warrant was the *only* way to satisfy the particularity requirement; it held only that doing so was one way to save an otherwise invalid warrant. Defendant quotes from portions

of government briefs in this case that cited to paragraphs in un-incorporated portions of the affidavit (Doc. 101 at 4), but the government quoted those paragraphs because they "documented the informed endorsement of the neutral magistrate" to the search technique that was used, *United States v. Hill,* 459 F.3d 966, 977 (9th Cir. 2006). That goes to the reasonableness of the execution, not particularity.

Finally, Defendant's argument that the September 2008 warrant is overbroad contradicts his prior argument that the warrant contained limitations. (Doc. 101 at 5). In Defendant's original motion, Defendant argued that "[t]he warrant only authorized the seizure of Mr. Kernell's computer hardware and some of his computer files," (Doc. 20 at 6), and that "[t]he warrant did not, therefore, permit the wholesale seizure of unrelated, irrelevant, and private documents and computer files," (Doc. 20 at 7). Defendant also argued (perhaps in the alternative) that if the warrant that authorized a broader search, it would be unconstitutionally general. (Doc. 20 at 12; *id.* at 13 ("the warrant was overbroad")). The Court asked about this at the July 16, 2009, hearing:

> THE COURT: And I'm troubled—Let me ask you about this. Your brief says the warrant did not authorize—my search warrant did not authorize the wholesale examination of all files on Mr. Kernell's computer, but you seem to be arguing what's wrong with your warrant is you did authorize that. But your argument is I didn't. Now, help me with that.
>
> MS. PASSINO: If you can direct me to the—
>
> THE COURT: Page 6—
>
> MS. PASSINO: Page 6.
>
> THE COURT: —bottom last full line and up to the first part of page 7 on Document 20.

3

> MS. PASSINO: My understanding of that is that when the motion says the warrant did not authorize the wholesale examination, that assumes that there was a wholesale examination. That assumes that—***I think what we've been talking about is there were limitations within the search warrant.***
>
> The warrant did not authorize the wholesale examination, and if that's what occurred, as the next sentence says, to the extent that the government has subsequently examined the computer and all its contents the government has exceeded the scope of the warrant.
>
> ***I think implied in that is that there were limitations.*** It did not authorize the wholesale examination but a wholesale examination—
>
> THE COURT: Well, then what's wrong with the warrant?
>
> MS. PASSINO: It depends on how the warrant is read. I think the argument –
>
> THE COURT: No, it depends on how the warrant is executed, doesn't it?
>
> MS. PASSINO: How the warrant was read by executing agents.
>
> THE COURT: Right, so we're back to what they did with my warrant as opposed to whether my warrant was bad at the inception.
>
> MS. PASSINO: The two issues in the alternative are ***both related to the execution of the warrant***—the perspective of a person looking at the warrant, executing the warrant—I think that was the tact that the motion tried to take.

(Official Transcript of July 16, 2009 Proceedings, at 30:2 – 31:20) (emphasis added). Thus, Defendant's position has been that the warrant contained limitations, and that agents might have exceeded those limitations during execution. If this is still Defendant's position, then *Cioffi* does not support it, because, as *Cioffi* puts it, a warrant is only overbroad if it "giv[es] so vague a description of the material sought ***as to impose no meaningful boundaries.***" *Cioffi* at *3. An

4

acknowledgement that the warrant contained "limitations" defeats an argument that the same warrant was overbroad.

Respectfully submitted this 11th day of January, 2010.

                                        JAMES R. DEDRICK
                                        United States Attorney

                                        *s/ D. Gregory Weddle*
                                        *s/ Mark L. Krotoski*
                                        *s/ Josh Goldfoot*
                                        D. Gregory Weddle
                                        Mark L. Krotoski
                                        Assistant United States Attorney
                                        800 Market Street, Suite 211
                                        Knoxville, TN 37902
                                        865-225-1710

                                        Josh Goldfoot
                                        Computer Crime & Intellectual Property
                                            Section
                                        Criminal Division
                                        U.S. Department of Justice
                                        1301 New York Avenue, NW
                                        Washington, DC  20005

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 11, 2010, a copy of the foregoing OPPOSITION TO DEFENDANT'S SECOND SUPPLEMENT TO MOTION TO SUPPRESS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                        *s/ D. Gregory Weddle*
                                        D. Gregory Weddle
                                        Assistant United States Attorney