UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | Judges Phillips/Shirley |
| DAVID C. KERNELL, | ) | |
| a/k/a "rubico," | ) | |
| a/k/a "rubico10," | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPPOSITION AND MOTION TO STRIKE TO DEFENDANT'S "MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OUT OF DISTRICT SEARCH WARRANTS"</u>

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, respectfully submits this response to Defendant's "Motion for Leave to File Motion to Suppress Out of District Search Warrants" [Doc. 108]. As set forth below, the motion is untimely. Moreover, the motion is meritless: it fails to establish that any violation of Rule 41 would justify suppression, and, for that matter, fails to establish a violation of Rule 41 at all. The statute and supporting case law amply support the authority of the Court to issue the warrants in this case under the Electronic Communications Privacy Act (18 U.S.C. § 2703), for so-called "out-of-district" warrants in non-terrorism cases. The authority relied upon by the defendant is no longer good law. If the defendant is granted leave to file his motion, the government will request an opportunity to reply fully to the issues raised in the motion.

**I.    THE COURT SHOULD STRIKE DEFENDANT'S MOTION FOR LEAVE TO FILE AS UNTIMELY.**

As the Court recently held, "Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed.R.Crim.P. 12(c). 'A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.' Fed.R.Crim.P. 12(e)." *United States v. Dirr*, 2009 WL 2986706

(E.D. Tenn. 2009). A motion to suppress evidence is one of the Rule 12(b)(3) motions that must be brought before such a deadline. Fed. R. Crim P. 12(b)(3)(C).

The deadline for Defendant's motion to suppress was January 9, 2009. (Doc. 15). (The court permitted "motions as to the new charges raised by the Superseding Indictment" to be filed by May 11, 2009, but this is not such a motion).

The Court may excuse a late filing "for good cause shown." *Dirr*, at \*2. Defendant states (and the United States does not dispute) that "the motion deadline passed" before "counsel received most of the warrants on May 13 and July 27, 2009." (Doc. 108 at 2). More than seven months have elapsed since July 27, 2009. Defendant has not shown good cause for that delay.

Moreover, as discussed below, one might "note[] in passing that [Defendant's] motion also appears to be without substantive merit." *Dirr*, at \*3. Should the Court permit the filing of Defendant's motion, the United States requests an opportunity to more fully brief the merits of that motion.

## II. EVEN ASSUMING *ARGUENDO* A RULE 41 VIOLATION, THE DEFENDANT'S CLAIMS WOULD NOT, IF ESTABLISHED, JUSTIFY SUPPRESSION OF EVIDENCE.

As noted below, the defendant is unable to show any violation of Rule 41. Nonetheless, even assuming for the sake of argument that he could, suppression would not be warranted.

Defendant's proposed motion does not argue that the Fourth Amendment requires suppression. Rather, Defendant would argue that Rule 41 was violated, and that those violations require suppression. But nonconstitutional violations of Rule 41 justify suppression only if

> (1) there was "prejudice" in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.

2

*Dirr*, at *27 (E.D. Tenn. 2009) (*quoting United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir.1978) (*quoting United States v. Burke*, 517 F.2d 377, 386-87 (2d Cir.1975))); *see also United States v. Chaar*, 137 F.3d 359, 362 (6th Cir. 1998) (same); *United States v. Twenty-Two Thousand, Two Hundred Eighty Seven Dollars ($22,287.00), U.S. Currency*, 709 F.2d 442, 448 (6th Cir. 1983) (same).

Neither ground is met here.

Defendant's proposed motion does not argue prejudice. Indeed, it does not even identify a privacy interest of his that was invaded. At least some of the warrants he challenges requested the disclosure of records pertaining to online accounts that were not Defendant's. Indeed, while Defendant's proposed motion makes no Fourth Amendment argument, any such argument would likely fail in part because of a lack of standing.

While Defendant "has the burdens of production and persuasion in seeking suppression," *Chaar*, 137 F.3d at 363, Defendant's proposed motion produces no evidence of intentional and deliberate disregard.

Defendant's complaint about the supposed lack of return (Doc. 108-1 at 5) would not support suppression, even if it were true. See *United States v. Dudek*, 530 F.2d 684, 688 (6th Cir. 1976) ("failure to follow the requirements of Rule 41 of the Federal Rules of Criminal Procedure pertaining to inventory of objects seized and a prompt return to the court has been held not to require… the suppression of evidence acquired under it.").

### III. THERE WAS NO RULE 41 VIOLATION.

As Defendant's motion notes, several courts have held that 18 U.S.C. § 2703 supersedes Rule 41's territorial jurisdictional restrictions. In particular, three cases -including one from the Seventh Circuit - all hold that § 2703 permits so-called "out-of-district" warrants in

3

non-terrorism cases. *See United States v. Berkos*, 543 F.3d 392, 397-98 (7th Cir. 2008); *In re Search of Yahoo, Inc.*, 2007 WL 1539971, \*6 (D. Ariz. 2007); *In re Search Warrant*, 2005 WL 3844032 (M.D. Fla. 2005). Another case, while not reaching this territorial issue, also held that "the substantive portions of Rule 41 are not adopted by § 2703(a)." *Matter of the Application of the United States*, 665 F. Supp .2d 1210, 1217 (D. Or. 2009).

Against this authority, Defendant cites only an opinion that is no longer good law in its own district. (Doc. 108 at 3-4, citing *In re Search Warrant*, 362 F. Supp. 2d 1298 (M.D. Fla. 2003)). That opinion, however, failed to consider Rule 41(a). The first words of Rule 41 provide that the Rule may "not modify any statute regarding search or seizure, or the issuance and execution of a search warrant in special circumstances." Fed. R. Crim. P. 41(a)(1). The drafters, in other words, recognized that Rule 41 would not be the final word on search warrant procedures, and that Congress could write statutes setting out different rules. The warrants that Defendant challenges were issued under just such a statute: 18 U.S.C. § 2703, part of the Electronic Communications Privacy Act ("ECPA").

ECPA permits the government to use search warrants as forms of compulsory process—to "require the disclosure" of records, in the words of the statute. 18 U.S.C. § 2703(a). "[A]ny district court" has the authority under § 2703 to issue such a compulsory process search warrant, so long as the court has "jurisdiction over the offense being investigated." This conclusion flows directly from the statutory text:

1. Under 18 U.S.C. § 2703(a), compulsory process ECPA warrants may be "issued using the procedures described in the Federal Rules of Criminal Procedure… by a ***court of competent jurisdiction***." 18 U.S.C. § 2703(a) (emphasis added); *see also id.* § 2703(c)(1)(A) (same).

4

2. In November 2008 (the date of the earliest warrant Defendant purports to challenge, see Doc. 108-1 at 1), the statute defined "court of competent jurisdiction" this way: "the term 'court of competent jurisdiction' has *the meaning assigned by § 3127*, and includes any Federal court within that definition, *without geographic limitation*." 18 U.S.C. § 2711(3) (in effect March 9, 2006 to October 18, 2009) (emphasis added).

3. Section 3127, in turn, defined "court of competent jurisdiction" to mean, in part, *"any district court* of the United States (including a magistrate judge of such a court) or any United States court of appeals *having jurisdiction over the offense being investigated*." 18 U.S.C. § 3127(2)(A) (in effect October 26, 2001 to October 18, 2009) (emphasis added).

Thus, compulsory process warrants issued under § 2703(a) have nationwide effect: "any district court" may issue such a warrant "without geographic limitation," so long as the district court has "jurisdiction over the offense being investigated." This rule has been in place at least since 2001, when Congress amended ECPA with a bill section titled "Nationwide Service of Search Warrants for Electronic Evidence." *See* Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT) Act of 2001, Pub. L. No. 107-56, § 220 (2001).

Defendant suggests in a footnote that the amendment of § 2703 on October 19, 2009, somehow changes this statutory conclusion. (Doc. 108-1 at 3 n.3). It does not. As concerns this argument, the amendment simply copied words from the cross-referenced definition in § 3127 and placed it directly in § 2711. (It also expanded district courts' jurisdiction to act on requests for foreign assistance). The modern § 2711 still states that a "court of competent jurisdiction" includes "any district court of the United States (including a magistrate judge of such a court) or

5

any United States court of appeals that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

To be sure, § 2703 says that a compulsory process warrant must be "issued using the procedures described in the Federal Rules of Criminal Procedure." 18 U.S.C. § 2703(a). Defendant is mistaken in arguing that this means *all* of Rule 41. As explained by the Seventh Circuit:

> [Defendant's] disagreement with the district court's ruling lies in the § 2703(a) phrase "pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure." The problem with [Defendant's] argument—that allowing out-of-district warrants violates the procedures required by Rule 41(b)—is that Rule 41(b) is a substantive provision, not a procedural one. Section 2703(a) refers only to the specific provisions of the Rules of Criminal Procedure, namely, Rule 41, that detail the procedures for obtaining and issuing warrants. The word "procedure" is defined as "a specific method or course of action," Black's Law Dictionary, 1241 (8th ed. 2004), or "a particular way of accomplishing something or acting." Merriam Webster's Collegiate Dictionary, 990 (11th ed. 2003). The common definition of "procedure" supports the conclusion that § 2703(a) incorporates only those provisions of Rule 41 that address the "specific method" or "particular way" to issue a warrant. Moreover, Rule 41(b) is titled "Authority to Issue a Warrant" and discusses the circumstances as to when a court may issue a warrant, not the procedures to be used for issuing the warrant. In fact, the procedures for issuing a warrant are enumerated at Rule 41(e), which of course, would apply to § 2703(a). *See* Fed.R.Crim.P. 41(e). Finally, because § 2703(a) has its own jurisdictional provision authorizing district courts to issue warrants only where it has "jurisdiction over the offense," Rule 41 itself provides that the Rule may "not modify any statute regarding search or seizure, or the issuance and execution of a search warrant in special circumstances." Fed.R.Crim.P. 41(a)(1). In sum, Rule 41(b) deals with substantive judicial authority—not procedure—and thus does not apply to § 2703(a).

*United States v. Berkos*, 543 F.3d 392, 397-98 (7th Cir. 2008).

6

As *Berkos* and other cases cited above show, § 2703 incorporates only the procedures for issuing warrants, not the substantive restrictions on district court authority. *See also In re Search of Yahoo, Inc.*, 2007 WL 1539971, *6 (D. Ariz. 2007) ("several portions of Rule 41 do not concern the procedures related to the issuance of a search warrant and, therefore, do not apply to the issuance of a warrant under § 2703(a)"). It would make little sense for Congress, having specifically said that district courts were to act "without geographic limitation," to impose upon district courts a geographic limitation through Rule 41(b).

Moreover, the return and inventory procedures in Rule 41 are either not incorporated into § 2703, or would logically never apply. The requirement for an "inventory" under Rule 41(f)(1)(B) requires that an officer "present during the execution of the warrant" must prepare a list of "any property seized." Fed. R. Crim. P. 41(f)(1)(B). However, with compulsory process ECPA warrants, no "officer" is "present" at any "execution." In fact, ECPA explicitly states that "the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter." 18 U.S.C. § 2703(g); *see also United States v. Bach*, 310 F.3d 1063, 1067 (8th Cir. 2002) ("no warrant was physically 'served,' no persons or premises were searched in the traditional sense, and there was no confrontation between Yahoo! technicians and [defendant]"). Additionally, as the District of Oregon concluded in considering whether § 2703 requires notice of warrants, "no property is actually taken or seized as that term is used in the Fourth Amendment context" because no "possessory interest" is interfered with. *Application of United States*, 665 F. Supp. 2d at 1222. This is "due to the nature of electronic

7

information, which can be accessed from multiple locations, by multiple people, simultaneously." *Id.* at 1222.

Respectfully submitted this 8th day of March, 2010.

        JAMES R. DEDRICK
        United States Attorney

        *s/ D. Gregory Weddle*
        *s/ Mark L. Krotoski*
        *s/ Josh Goldfoot*
        D. Gregory Weddle
        Mark L. Krotoski
        Assistant U.S. Attorney
        800 Market Street, Suite 211
        Knoxville, TN 37902
        865-225-1710

        Josh Goldfoot
        Computer Crime & Intellectual Property
          Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue, NW
        Washington, DC 20005

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2010, a copy of the foregoing OPPOSITION AND MOTION TO STRIKE TO DEFENDANT'S "MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OUT OF DISTRICT SEARCH WARRANTS" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

        *s/ D. Gregory Weddle*
        D. Gregory Weddle