IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-142 |
| | ) | |
| DAVID C. KERNELL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 10, 2010, for a hearing on the Defendant's Motion for Leave to File Motion to Suppress Out of District Search Warrants [Doc. 108], filed on March 3, 2010, and the Government's Opposition and Motion to Strike to Defendant's "Motion for Leave to File Motion to Suppress Out of District Search Warrants" [Doc. 109], filed on March 8, 2010. Assistant United States Attorneys D. Gregory Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the Government. Attorneys Wade V. Davies and Anne E. Passino represented the Defendant, who was also present.

The Defendant requests [Doc. 108] leave to file an additional suppression motion alleging that pursuant to Rule 41 of the Federal Rules of Criminal Procedure, the Court lacked jurisdiction to issue certain "out-of-district" search warrants. The Defendant acknowledged that this request is made well after the expiration of his last motion-filing deadline on May 11, 2009. Nevertheless, he

1

asserts that he did not receive the search warrants in question from the Government until May 13, and July 27, 2009, after the motion deadline had passed. Moreover, he contends that the proposed motion involves a single, straightforward issue and that he does not expect the hearing and ruling on this issue to affect his trial date on April 20, 2010. The Defendant has attached the proposed motion [Doc. 108-1] to his request for leave.

The Government responds [Doc. 109] that the Court should strike the request for leave to late file because the proposed suppression motion is untimely and meritless. It does not dispute that the Defendant received the search warrants in question until after the motion-filing deadline had expired. Instead, it argues that more than seven months have elapsed since the Defendant received those search warrants and that the Defendant has not shown good cause for that delay. Finally, with regard to the merits of the underlying motion, the Government argues that the Defendant lacks standing to challenge some of the search warrants because they pertain to online accounts that were not his, that 18 U.S.C. § 2703 supersedes Rule 41's restrictions on territorial jurisdiction, and that a non-constitutional violation of Rule 41, even if proven, would not justify suppression of the evidence.

At the hearing, defense counsel stated that while reviewing Rule 41 in light of the statute and the search warrants, he realized that this issue needed to be raised. He contended that prior to this discovery, his attention had been focused on the motions to suppress evidence seized from his laptop computer. Attorney Davies characterized his proposed motion as a simple, procedural motion raising a single, narrow issue. He believed the motion could be resolved quickly and would not delay the trial. The Government argued that the issue of the timeliness of the motion falls within the Court's discretion. Although AUSA Goldfoot could not speak to the motion's potential for

delaying the trial, he did request time to brief the issue more fully if the Court allowed the motion to be filed. The Defendant responded that the motion was ripe for hearing and that the Government had already responded to its merits.

Rule 12(b) (3)(C) requires that "a motion to suppress evidence" must be made prior to trial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b) (3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). The Court may grant relief from such a waiver for good cause shown. Fed. R. Crim. P. 12(e).

Based upon the Defendant's belated receipt of the search warrants that he now seeks to challenge, the Court finds that the Defendant has shown good cause for the late-filing of his proposed suppression motion. The Court agrees that the issue raised therein is narrow, although perhaps not as simple as suggested. Accordingly, the Defendant's Motion for Leave to File Motion to Suppress Out of District Search Warrants [**Doc. 108**] is **GRANTED** and his Motion to Suppress Out of District Search Warrants [**Doc. 108-1**] is deemed filed. Conversely, the Government's Motion to Strike to Defendant's "Motion for Leave to File Motion to Suppress Out of District Search Warrants" [**Doc. 109**] is **DENIED**.

With regard to scheduling, the Court will hear this suppression motion [Doc. 108-1] on **March 24, 2010, at 9:00 a.m.**, in Courtroom 3A. The Government has until **March 19, 2010**, to file a response. The Defendant has until that same date to supplement his suppression motion. In this regard, the Court requests that the Defendant specifically designate those search warrants that he is challenging and address the issue of his standing to contest their issuance.

Accordingly, the Court **ORDERS** as follows:

(1) The Defendant's Motion for Leave to File Motion to Suppress Out of District Search Warrants [**Doc. 108**] is **GRANTED**;

(2) The Government's Motion to Strike to Defendant's "Motion for Leave to File Motion to Suppress Out of District Search Warrants" [**Doc. 109**] is **DENIED**;

(3) The parties must file any response or supplemental brief relating to the motion [Doc. 108-1] by **March 19, 2010**; and

(4) The parties are to appear before the undersigned on **March 24, 2010, at 9:00 a.m.**, for a pretrial conference and motion hearing.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge