IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-142 |
| ) | (PHILLIPS/SHIRLEY) |
| DAVID C. KERNELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant David Kernell's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 36]. On July 16, 2009, the parties appeared before the Court for a hearing on this motion and the Motion to Suppress Evidence [Doc. 20]. Assistant United States Attorneys Greg Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the government, and Attorneys Wade Davies and Anne Passino appeared on behalf of the defendant, who was also present.

In his motion, the defendant asks the Court to authorize the issuance of four[1] subpoenas directing the pretrial production of requested materials on a date certain pursuant to Federal Rule

---

[1] The defendant initially requested the issuance of three subpoenas: One to Yahoo!, the network provider listed in the indictment; one to 4Chan, the website listed in the indictment; and one to then Governor Sarah Palin and/or the records custodian in her office. In his supplement [Doc. 70], the defendant asks that subpoenas be issued both to Governor Palin personally through counsel and to the Office of the Governor.

1

of Criminal Procedure 17(c) and the Fifth and Sixth Amendments. He argues that pretrial production of the requested materials is necessary in order to give him time to integrate the materials into his defense of this complex technological case. The defendant maintains that the requested materials are both relevant and admissible with regard to the issues raised in the Superseding Indictment, particularly the allegations of unauthorized access and identity theft. The government responds [Doc. 47] that the defendant has received most of the requested materials in discovery and that the remainder are irrelevant or inadmissible at trial.

With regard to the production of documents or objects, Rule 17 provides generally that

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The Court may quash or modify a Rule 17 subpoena upon a motion promptly made if "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

At the July 16 hearing, defense counsel argued that the defendant was requesting the materials listed in the subpoenas to be produced before trial so that he could have adequate time to analyze them prior to trial. He also asserted that he had narrowly crafted the subpoenas to request only items that would be used at trial. The government argued that the subpoenas were very broad and that the items requested were not relevant or admissible. With regard particularly to the subpoenas for information from Yahoo! and 4Chan, the government characterized most of the materials requested as duplicating discovery that the defendant had already received. It asserted that the materials that were not duplicative were irrelevant and inadmissible. The Court expressed

concern about the breadth of the requested subpoenas, particularly the one to Governor Sarah Palin,[2] and granted the defendant's request to submit redrafted subpoenas to the Court.

On July 27, 2009, the defendant filed a Supplement to David Kernell's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 70], in which he had redrafted the wording of one request in the subpoenas to Governor Palin and to her office. On August 24, 2009, the government filed a response [Doc. 77], arguing that the slight change in wording in the defendant's supplement made little difference in the scope and nature of the request. It maintained that the defendant's supplement still failed to show the relevance, specificity, and admissibility of the materials requested in the subpoenas.

With regard to assessing the propriety of a Rule 17 subpoena, the Sixth Circuit has followed the standard formulated by the Supreme Court in United States v. Nixon, 418 U.S. 683, 699 (1974):

> [P]roduction pursuant to Rule 17(c) is appropriate where it is shown that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.

United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). Rule 17(c) is not intended to be used as a discovery device. Nixon, 418 U.S. at 702; see also United States v. Justice, 14 F. App'x 426, 432 (6th Cir. 2001). "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." Justice, 14 F. App'x at 433 (citing Bowman Dairy Co. v. U.S., 341 U.S. 214, 220 n. 5 (1951) and United States v. Kalter, 5 F.3d 1166, 1169 (8th Cir. 1993)).

---

[2] The Court notes that Sarah Palin is no longer the governor of Alaska. Nevertheless, the Court will continue to refer to her as Governor Sarah Palin or Governor Palin in this Order because that is how she is referenced in the Superseding Indictment and the instant motion and related filings.

*(1) Yahoo! Subpoena*

The defendant seeks to subpoena eleven enumerated categories of items from Yahoo! with regard to the following three email accounts: gov.sarah@yahoo.com, gov.palin@yahoo.com, and rubico10@yahoo.com. The defendant argues that the requested items are relevant to issues raised by the Superseding Indictment because the introductory allegations in the indictment put at issue the way in which Yahoo!'s services are offered. He also states that the requests are relevant to the indictment's assertions of how the unauthorized access was accomplished and the use of a proxy server to conceal an internet protocol address. At the July 16 hearing, the government argued that all of the requested items were duplicative of items that the government had given to the defendant in discovery with the exception of request number nine, which seeks all documents relating to Yahoo!'s interactions with law enforcement agents in response to subpoenas dated September 19 and 25, 2008. The government argued that request number nine asked for the production of documents that are neither relevant or admissible. Finally, the government summarily suggested in passing that this Court lacked the authority to issue subpoenas for the content of emails under the Electronic Communications Privacy Act. The government has not elaborated upon or briefed this contention.

The Court has carefully reviewed the requests in the Yahoo! subpoena in light of the Nixon factors and finds that the following requests are relevant to the allegations in the indictment and not otherwise obtainable to the extent that they have not been produced in discovery: Paragraphs 2, 3, 4, 5, 10, and 11. The Court finds that these requests ask either for Yahoo!'s policies or for the physical location of certain equipment and not for the content of emails. The Court also finds that these requests need to be further narrowed as follows: The defendant may make the above requests

4

only with regard to the email accounts of gov.palin@yahoo.com and rubico10@yahoo.com, and not for gov.sarah@yahoo.com. The email account of gov.sarah@yahoo.com is not referenced in the Superseding Indictment, and the defendant has not explained its relevance. The requests must be further narrowed to specifically exclude the content of emails. Finally, the requests must also be narrowed so that they ask only for documents relating to the date the defendant is alleged to have committed the offenses, September 16, 2008. Requests 4 and 5 may seek documents relating only to the above permitted email accounts, gov.palin@yahoo.com and rubico10@yahoo.com, and only to the policies in effect at two distinct times: (1) the time the accounts were created and (2) September 16, 2008. Finally, the Court finds that pretrial production of these materials is necessary to allow the parties to prepare for their introduction at trial and that the request for these materials was made in good faith. The defendant is to redraft this subpoena before its issuance to limit it to paragraphs 2, 3, 4, 5, 10, and 11 and to add the account, content, and date restrictions required by the Court herein.

*(2) 4Chan Subpoena*

The defendant seeks to subpoena two categories of information from 4Chan: (1) documentation of discussions on 4Chan's message boards in September 2008 about Sarah Palin and her use of Yahoo! email accounts and (2) documents relating to the retention or destruction policies for comment threads on 4Chan's website or message boards. The defendant argues that this information is relevant to the way in which he is alleged to have committed unauthorized access. At the hearing, the government argued that it had provided the defendant's communications on 4Chan in discovery and that the discussions of others would be irrelevant and inadmissible.

The Court finds that the defendant's requests are relevant and potentially admissible. The Superseding Indictment alleges that

> 11. After defendant KERNELL established control of the e-mail account, he disclosed the contents of the e-mail account to others. Screenshots of confidential and personal information obtained from the gov.palin@yahoo.com account were posted to a public website on the Internet known as http://www.4CHAN.org.
>
> 12. Defendant KERNELL also posted the reset password and provided others with the means of access to the e-mail account, including confidential and personal information in the account. At least one other individual successfully used the reset password to access the gov.palin@yahoo.com e-mail account.

Thus, the discussions of others on the 4Chan website could reveal the individual who also accessed Governor Palin's email account. The Court also finds that the defendant's proposed requests to 4Chan need to be date restricted. The defendant is allowed to request documentation of discussions, occurring between September 16, 2008, through September 30, 2008, on 4Chan's message boards about Sarah Palin and her use of Yahoo! email accounts. Defendant is also permitted to request the retention/destruction policies in effect during this same two-week period. Finally, the Court finds that the information in these requests, so limited, could not be acquired from other sources, are necessary for the defendant's trial preparation, and are not requested in bad faith or for an improper purpose. The defendant is to redraft this subpoena before its issuance to include the date restriction of September 16 through 30, 2008, in both requests.

*(3) Subpoenas for Governor Palin and the Record's Custodian for the Governor's Office*

The defendant wants to subpoena eight categories of information from Governor Palin and her former records custodian in the Alaskan Governor's office. The defendant argues that

paragraphs 1 through 7 are relevant to the identity theft allegation. The defendant argues that paragraph 8 is relevant to the allegation of invasion of privacy and is designed to reveal whether the content of Governor Palin's email account that was disclosed was actually private information. The government maintains that the requests are oppressively broad and ask for information that is neither relevant to the case nor admissible at trial.

The Court finds that the requests in the subpoenas to Governor Palin and her former records custodian, other than request number 1, do not satisfy the <u>Nixon</u> factors. Request number 1, which seeks documents relating the date Governor Palin established her Yahoo! account and, if applicable, the date she discontinued her Yahoo! account, is relevant because the charged conduct centers around the Yahoo! account of <u>gov.palin@yahoo.com</u>. Although request number 1 seeks information for any of Governor Palin's Yahoo accounts, the Court directs the defendant to limit this request to <u>gov.palin@yahoo.com</u>.

The Court finds the remaining requests (2-7) have not been satisfactorily shown to be relevant and, to the contrary, appear to be very broad and of questionable relevance. The eighth request is potentially relevant, but with regard to this request, the defendant has failed to show that this information is not otherwise obtainable with due diligence. If the disclosed content of Governor Palin's email account, which the government has provided to the defendant in discovery, is public rather than private information, then counsel ought to be able to access the content through means generally available to the public, including but not limited to searching the Internet. Accordingly, the defendant's requests for Rule 17(c) subpoenas to Governor Palin and her former records custodian are **GRANTED in part** with regard to request number 1 as limited herein and **DENIED in all other respects**. The defendant is to redraft this subpoena to include only request number 1

and to limit that request to the email account gov.palin@yahoo.com.

## CONCLUSION

The defendant's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [**Doc. 36**] is **GRANTED in part** in that the defendant is permitted to issue subpoenas to Yahoo!, 4Chan, former Governor Sarah Palin, and the records custodian for the Office of Governor of Alaska requesting documents only in compliance with the limitations and restrictions set forth in this Order and is **DENIED in part** in all other respects as set forth herein. The redrafted subpoenas to Yahoo!, 4Chan, former Governor Sarah Palin, and the records custodian for the Office of Governor of Alaska are to state that the requested records will be **sent to the Court** by **April 13, 2010**. See Fed. R. Crim. P. 17(c)(1). The Court will make the records available to the parties for their inspection upon its receipt of the documents. Fed. R. Crim. P. 17(c)(1). In so ruling, the Court in no way restricts the defendant's "use of compulsory process to obtain witnesses or documents for presentation at trial[.]" United States v. Vassar, No. 07-5299, 2009 WL 2959290, at *7 (6th Cir. Sept. 16, 2009).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge