IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| | ) | |
| DAVID C. KERNELL | ) | |

**MOTION TO SUPPRESS
OUT OF DISTRICT SEARCH WARRANTS**

Comes the defendant, David C. Kernell, through undersigned counsel, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution, and hereby respectfully moves this Honorable Court for an Order suppressing all evidence obtained by the government as a result of the use of out of district search warrants.

**ARGUMENT**

In this case, the government has made extensive use of search warrants that were directed to entities outside the district. At least fifteen search warrants in question were issued in November 2008, February 2009 and possibly later. These warrants are for email accounts, social networking sites, IP addresses, and other records. It does not appear that the government has filed returns or inventories for the warrants known to defense counsel.

*A Magistrate Judge in the Eastern District of Tennessee Did Not Have
Authority to Issue Search Warrants To Be Executed In Other Districts.*

Prior to December 1, 2008, Rule 41 authorized the issuance of search warrants "[a]t the request of a federal law enforcement officer or any attorney for the government" in the following circumstances:

1

**(1)** a magistrate judge with authority in the district -- or if none is reasonably available, a judge of a state court of record in the district -- has authority to issue a warrant to search for and seize a person or property **located within the district**;

**(2)** a magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district **if the person or property is located within the district when the warrant is issued** but might move or be moved outside the district before the warrant is executed;

**(3)** a magistrate judge--in an investigation of **domestic terrorism or international terrorism**[1]--with authority in any district in which activities related to the terrorism may have occurred has authority to issue a warrant for a person or property within or outside that district; and

**(4)** a magistrate judge with authority in the district has authority to issue a warrant to install within the district a tracking device; the warrant may authorize use of the device to track the movement of a person or property located within the district, outside the district, or both.

Fed. R. Crim. P. 41(b)(emphasis added).[2]

By the plain language of the rule, search warrants may only be issued for property within the district at the time of the warrant unless the case involves terrorism.

---

[1] "Domestic terrorism" is defined as activities that: "**(A)** involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; **(B)** appear to be intended--**(i)** to intimidate or coerce a civilian population;**(ii)** to influence the policy of a government by intimidation or coercion; or **(iii)** to affect the conduct of a government by mass destruction, assassination, or kidnapping; and **(C)** occur primarily within the territorial jurisdiction of the United States." 18 U.S.C. § 2331. See Fed. R. Crim. P. 41(a)(2)(D) (defining "Domestic terrorism" and "international terrorism" as having the meanings set out in 18 U.S.C. § 2331).

[2] After December 1, 2008, the following circumstance was added:
> **(5)** a magistrate judge having authority in any district where activities related to the crime may have occurred, or in the District of Columbia, may issue a warrant for property that is located outside the jurisdiction of any state or district, but within any of the following:
> **(A)** a United States territory, possession, or commonwealth;
> **(B)** the premises--no matter who owns them--of a United States diplomatic or consular mission in a foreign state, including any appurtenant building, part of a building, or land used for the mission's purposes; or
> **(C)** a residence and any appurtenant land owned or leased by the United States and used by United States personnel assigned to a United States diplomatic or consular mission in a foreign state.

Fed. R. Crim. P. 41(b)(5) (2009).

2

There is authority to the effect that a court may issue a search warrant seeking production of electronic evidence pursuant to 18 U.S.C. § 2703(a) where that warrant will be directed to an internet service provider in another judicial district.  See e.g., United States v. Berkos, 543 F.3d 392, 398 (7th Cir. 2008); In re Search of Yahoo, Inc., No. 07-3194-MB, 2007 WL 1539971 (D. Ariz. May 21, 2007) (citing In Re: Search Warrant, No. 6:05-MC-168-ORL-31JGG, 2005 WL 3844032 (M.D. Fla. Feb. 13, 2006)).  However, in order to get that result, the court in In re: Search Warrant, for example, had to discount the plain language of Rule 41(b) of the Federal Rules of Criminal Procedure.  Id. at *5.  Although Title 18, United States Code, § 2703(a) specifically states that any warrant for customer communications or records may be issued "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent to a state warrant,"[3]  the court had to state that it was only applying subsections 41(d) and 41(e) and that the statute must not refer to section 41(b).  Id.

Mr. Kernell respectfully submits that the reasoning contained in the Magistrate Judge's opinion in In Re: Search Warrant, 362 F.Supp.2d 1298 (M.D. Fla. Dec. 16, 2003), is more in

---

[3] When these cases were decided, the statute read, in part, "A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant." 18 U.S.C. § 2703(a) (2008).  This section was recently amended "by **striking 'a court with jurisdiction over the offense** under investigation or an equivalent State warrant' and **inserting** '(or, in the case of a State court, issued using State warrant procedures) **by a court of competent jurisdiction**.'" Pub.L. 111-79, § 2(1), Oct. 19, 2009, 123 Stat. 2086 (emphasis added).  The opinions cited above upholding out of district searches relied on the language that has been removed from the statute authorizing the court with "jurisdiction over the offense."

keeping with the plain language of the statute and the rule.[4]  In that opinion, which was later rejected by the district court, the Magistrate Judge carefully set out the statutes and rule and concluded that the district court did not have authority to issue an out of district warrant for electronic communications in a non-terrorism case.  The court started with the proposition that section 2703 permitted any federal or state governmental entity to require disclosure of the contents of stored electronic communications "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant."  Id. at 1301.  Logically, the Magistrate Judge concluded that since Congress mandated that the government can only obtain a warrant using the Rules of Criminal Procedure, it should analyze the issue using Rule 41 of the Federal Rules of Criminal Procedure.  At the time, Rule 41(b) only allowed an out of district warrant in a case involving domestic or international terrorism.  The court held that the statutes were clear and unambiguous:  "The plain language of the statute expresses legislative intent to limit out of district authority to cases involving terrorism."  Id. at 1302.  The court did a thorough analysis of the intent of Congress, although the statute was not ambiguous.  Congress meant to limit out of district search warrant authority to terrorism cases.  Id. at 1303-06.[5]

---

[4] KeyCite indicates that the Magistrate Judge's opinion was reversed by In Re: Search Warrant, No. 6:05-MC-168-ORL-31JGG, 2005 WL 3844032 (M.D. Fla. Feb. 13, 2006), but the cases appear to have arisen independently.

[5] The amendments to Rule 41 which have taken effect in the last two years and post-date the decisions cited in this Motion support (1) the Magistrate Judge's conclusion that out-of-district authority to issue search warrants is limited unless Congress indicates otherwise and (2) an inference that exceptions for electronically stored data can be made explicit in the Rules.  See Fed. R. Crim. P. 41(b)(5) (adding out-of-district authority to issue search warrants for property located outside any state or federal judicial district, effective December 1, 2008); Fed. R. Crim. P. 41(e), (f) (establishing two-stage process re: seizure of electronic storage media or electronically stored information, effective December 1, 2009).

Additionally, in Mr. Kernell's case, the government appears not to have treated these warrants as Rule 41 warrants. Counsel can find no record of the notation of time, inventory, receipt or return as required by Rule 41(f). Rather, the government appears to have used these documents in the manner of pre-trial subpoenas, not authorized by the grand jury or Rule 17 of the Federal Rules of Criminal Procedure.

## CONCLUSION

Because the government lacks authority to require out of district entities and providers of electronic communications services to provide information, Mr. Kernell respectfully requests that this Court enter an Order suppressing all evidence the government obtained in this fashion.

Respectfully submitted this 3rd day of March, 2010.

RITCHIE, DILLARD & DAVIES, P.C.

_____/S/ WADE V. DAVIES_____
WADE V. DAVIES [BPR #016052]
ANNE E. PASSINO [BPR #027456]
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
wdavies@rddlawfirm.com
apassino@rddlawfirm.com
*Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 3rd day of March, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

__/s/ Wade V. Davies_____
WADE V. DAVIES