IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| | ) | |
| DAVID C. KERNELL | ) | |

**SUPPLEMENT TO MOTION TO SUPPRESS
OUT OF DISTRICT SEARCH WARRANTS**

Comes the defendant, David C. Kernell, through undersigned counsel, pursuant to Fed. R. Crim. P. 12 & 41, U.S. Const. IV, the other authorities cited herein, and hereby respectfully supplements his motion for an Order suppressing all evidence obtained by the government as a result of the use of out of district search warrants. Mr. Kernell will first address issues of statutory construction, and then address standing.

**I.  When section 2703 allows disclosures "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure," it means all of the procedures.**

As stated at the hearing on March 10, 2010, the issue presented in this motion is simple: whether Rule 41 applies to search warrants issued under the Electronic Communications Privacy Act (ECPA), or not.  At the time the known out-of-district search warrants issued in this case, section 2703 of the ECPA provided that "[a] governmental entity" – not a defendant[1] – "may require the disclosure . . . of the contents of a wire or electronic communication . . . only

---

[1] As referenced in this Court's order partially granting and denying Mr. Kernell's motion for pre-trial subpoenas, the ability of a defendant to obtain the same information is disputed. [Doc. 113 at 4] ("[T]he government summarily suggested in passing that this Court lacked the authority to issue subpoenas for the content of emails under the Electronic Communications Privacy Act. The government has not elaborated upon or briefed this contention."); see also id. at 4 ("not for the content of emails"); id. at 5 ("[t]he requests must be further narrowed to specifically exclude the content of emails").  If all parts of Rule 41 need not apply, it is not clear why Congress required warrants for some types of information.

1

pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 2703(a) (2008). Rule 1 of the Federal Rules of Criminal Procedure states that, "These rules govern the procedure in all criminal proceedings in the United States district courts . . . ." Fed. R. Cri. P. 1(a)(1). It follows that Rule 41 is a procedural rule and that all of its provisions must apply before a warrant for electronic evidence may issue.

According to the government's parsing, not only did section 2703 only incorporate the so-called procedural provisions of Rule 41, it only incorporated those relating to the *issuance* of search warrants. See [Doc. 109 at 7] ("[Section] 2703 incorporates only the procedures for issuing warrants, not the substantive restrictions on district court authority."). As such, Rule 41(b) of the rules of criminal procedure has to be characterized as substantive for it not to apply, because the subdivision is entitled "Authority to *Issue* a Warrant." Fed. R. Crim. P. 41(b). Mr. Kernell respectfully suggests that the better reading of section 2703 is that all of Rule 41 ("Search and Seizure") applies to warrants issued pursuant to section 2703(a).

II. **When section 2703 refers to "a court with jurisdiction over the offense," a term defined differently than the term "court of competent jurisdiction," it does not supersede Rule 41(b)'s limits on a court's authority to issue out-of-district warrants.**

When the challenged warrants issued and until October 18, 2009, section 2703(a) enabled governmental entities to require disclosures "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant" whereas subsection 2703(d) informed that "[a] court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction . . ." 18 U.S.C. § 2703 (2008). At that time, section 2711(c) informed that "court of competent jurisdiction" "has the meaning assigned by section 3127, and includes any Federal court within that definition, **without geographic**

2

**limitation**." 18 U.S.C. § 2711(3) (2008) (emphasis added). Section 3127 defined "court of competent jurisdiction" only as "any district court of the United States . . . having jurisdiction over the offense being investigated." 18 U.S.C. § 3127 (2008). While these definitions are somewhat circular, the distinctions between them matter. If, in general, the term "court of competent jurisdiction" refers to a court "having jurisdiction over the offense being investigated," 18 U.S.C. § 3127 (2008), but the term "court of competent jurisdiction" is specially defined under the EPCA to add "without geographic limitation," 18 U.S.C. § 2711(3) (2008), and portions of section 2703 use the ECPA-defined "court of competent jurisdiction," see 18 U.S.C. § 2703(d) (2008), then the fact that section 2703(a) refers only to a "court with jurisdiction over the offense," means that it does not get the benefit of the expressly added phrase "without geographic limitation" and does not supersede the jurisdictional limits on a court's authority to issue out-of-district warrants as set forth in Rule 41(b).[2]

The government's objection points out the introductory portion of Rule 41 and says that it means Rule 41 is not the "final word on search warrant procedures." [Doc. 109 at 4]. Rule 41 says that it "does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances." Fed. R. Crim. P. 41(a) (emphasis). Rule 41(a) does not undercut Mr. Kernell's position because the argument made in this motion is not that Rule 41(b) modifies section 2703 but that section 2703 requires disclosures only pursuant to warrants issued pursuant to the Rules of Criminal Procedure, and Rule 41 is one such rule of criminal procedure. Additionally, the timing of amendments to the rule and statute should be

---

[2] Effective October 19, 2009, section 2703(a) was amended to enable governmental entities to make disclosures "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction." 18 U.S.C. §2703 (2010). See also 18 U.S.C.A. § 2711(3) (2010); PL 111-79, October 19, 2009, 123 Stat 2086 ("FOREIGN EVIDENCE REQUEST EFFICIENCY ACT OF 2009").

3

considered in tandem. On the second point, Mr. Kernell again relies on the reasoning of the magistrate judge in In re Search Warrant, 362 F.Supp.2d 1298 (M.D. Fla. 2003), which was subsequently rejected by the district court.

> The government is correct that Rule 41 does not modify any statute regulating search or seizure. See Fed. R. Crim. P. 41(a)(1). . . .
>
> In consecutive sections of the final enacted version of the USA PATRIOT Act (Sections 219 and 220), Congress simultaneously amended Fed. R. Cri. P. 41 to expand court authority to issue warrants for property outside the district in terrorism cases, and amended 18 U.S.C. § 2703 to require Courts to issue warrants for electronic communications using the procedures describe in the Federal Rules of Criminal Procedure. Because Section 220 expressly directs adherence to the Federal Rules of Criminal Procedure, it would be implausible to read Fed. R. Cr. P. 41(b) in a manner that ignores the express restrictions imposed by Congress in the preceding section (i.e., in Section 219, which granted out-of-district authority only in terrorism cases). . . .
>
> If Congress were to grant such an enormous expansion of the district court's authority, it would have done so expressly.

Id. at 1302, 1303-04. The fact that both section 2703 and Rule 41 have continued to be amended in the past few years remains a relevant consideration. See Fed. R. Crim. P. 41 (ADV. COMM. NOTES TO 2002 AMENDS.) (discussing addition of subdivision (b)(3)); Fed. R. Crim. P. 41 (ADV. COMM. NOTES TO 2008 AMENDS.) (discussing addition of subdivision (b)(5) which "authorizes a magistrate judge to issue a search warrant for property located within certain delineated parts of United States jurisdiction that are outside of any State or any federal judicial district"); Fed. R. Crim. P. 41 (ADV. COMM. NOTES TO 2009 AMENDS.) (discussing addition of subdivisions (e)(2) and (f)(1) which specifically deal with issues related to searches and seizures of electronic evidence). The fact that Rule 41 was amended shows that Rule 41 represents a considered judgment of the circumstances when out-of-district warrants are allowed.

### III. Mr. Kernell Has Direct Standing to Challenge At Least Some of the Warrants; Whether or not the Court Finds Standing for All Warrants, a Warrant Void at Its Inception Cannot Stand.

4

Case 3:08-cr-00142 Document 117 Filed 03/19/10 Page 4 of 8

A defendant must have standing to challenge the admission of illegally obtained evidence, and whether a defendant has standing broadly depends on whether the defendant can claim an interest in the area searched or the evidence seized. See e.g., Minnesota v. Carter, 525 U.S. 83, 91 (1998). The out-of-district search warrants known to Mr. Kernell include the following:

(1) September 2008 warrant for Georgia-based email account attributed to Mr. Kernell;
(2) September 2008 warrant for California-based email account attributed to Mr. Kernell;
(3) September 2008 warrant for California-based social networking service;
(4) November 2008 warrant for California-based e-mail account;
(5) February 2009 warrant for California-hosted website for, in part, records related to an IP address attributed to Mr. Kernell;
(6) February 2009 warrant to California-based social networking service for records attributed to Mr. Kernell;
(7) six February 2009 warrants to non-Tennessee internet service providers;
(8) February 2009 warrant to Florida-based company for records related to an IP address attributed to Mr. Kernell; and
(9) February 2009 warrant for two e-mail accounts from California-based company.

Cf. United States v. Salvucci, 448 U.S. 83 (1980); State v. Johnson, 940 A.2d 1185 (N.J. 2008) ("a defendant should not have to sacrifice his right against self-incrimination to assert his constitutional right to be free from an unlawful search). Although the search warrants have separate case numbers, it can be assumed that the government requested the warrants to gather information to use in its prosecution of Mr. Kernell. Mr. Kernell therefore has a personal stake in whether or not the search warrants were validly issued. See Baker v. Carr, 369 U.S. 186 (1962) (requiring a party challenging constitutionality of statute to establish a "personal stake in the outcome of the controversy . . . to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions"); Rakas v. Illinois, 439 U.S. 128 (1978) ("[A] person whose Fourth Amendment rights were violated by a search or seizure, but who is not a defendant in a criminal

5

action in which the allegedly seized evidence is sought to be introduced, would not have standing to invoke the exclusionary rule to prevent use of that evidence in that action."); United States v. Calandra, 414 U.S. 338 (1974) ("The standing rule is premised on a recognition that the need for deterrence and hence the rationale for excluding the evidence are strongest where the Government's unlawful conduct would result in imposition of a criminal sanction on the victim of the search.").

Whether or not a disputed search warrant issued to a third-party does not defeat standing. A defendant can have a protected privacy interest in information in the possession of third parties. See Ferguson v. City of Charleston, 532 U.S. 67, 86 (2001) (recognizing that hospital program that gave law enforcement records of pregnant women who tested positive for cocaine as unconstitutional warrantless searches and seizures); Freeman v. Fallin, 254 F.Supp.2d 52, 61 (D. D.C. 2003) (holding that sufficient right protected by the Fourth Amendment alleged when claim was that an employer released the results of random work-place drug tests to law enforcement); Williams v. Kentucky, 213 S.W.3d 671, 677 (Ky. 2006) (finding Fourth Amendment violation where a warrantless search and seizure of patient records held at a clinic was for law enforcement rather than administrative purposes); Quon v. Arch Wireless Operating Co., 529 F.3d 892 (9th Cir. 2008), reh'g denied, 554 F.3d 769 (9th Cir. 2009), cert. granted, City of Ontario v. Quon, No. 08-1472, 2009 WL 1513112 (U.S. Dec. 14, 2009) (oral argument to be heard April 19, 2010)) (holding that SWAT team member had reasonable expectation of privacy in content of text messages sent to and from his work-issued pager which were archived on Arch Wireless's server even though he was a government employee, had previously signed a no-privacy acknowledgment for internet and e-mail usage, the pager was issued for SWAT-related

6

duties, the text messages could fall under the definition of "public records," and the messages were stored on the service provider's network).

**IV. THE PROPER REMEDY IS SUPPRESSION**

Whether or not the Court finds Mr. Kernell has standing to challenge all out-of-district search warrants in this case, if the Court finds that it was without authority to issue those out-of-district warrants for information for which it finds Mr. Kernell has standing, the other warrants were void at inception, because the court did not have jurisdiction to issue the warrants. The government's preliminary response to Mr. Kernell's motion argued that when section 2703 says search warrants are to issue using the Rules of Criminal Procedure, the subsection of Rule 41 that "deals with substantive judicial authority" was not covered, see [Doc. 109 at 6] (quoting United States v. Berkos, 543 F.3d 392 (7th Cir. 2008)), and that violations of such substantive provisions do not merit suppression. [Doc. 109 at 1]. The exclusionary rule and should prevent warrants which were *void ab initio* from being used to secure evidence against a defendant for use in a criminal trial. The third-parties to whom the warrants issued in this case were commanded to produce certain documents; unlike with subpoenas, there was no mechanism of moving to quash the void warrants.

The government argued in its objection that the claimed violations of Rule 41 do not require suppression. [Doc. 109]. Mr. Kernell's motion challenged the authority to issue warrants under 41(b) and also pointed out that counsel could find no record of the notation of time, inventory, receipt or return as required by Rule 41(f). [Doc. 108-1]. Whether or not such violations require suppression without proof of prejudice and intent, the argument here is that the warrants, having been issued by a court without authority, were void. This is, therefore, not

7

simply an argument that Rule 41 was not followed, it is an argument that the searches were conducted without a warrant.

IV. CONCLUSION

Because the government lacks authority to require out of district entities and providers of electronic communications services to provide information, Mr. Kernell respectfully requests that this Court enter an Order suppressing all evidence the government obtained in this fashion.

Respectfully submitted this 19th day of March, 2010.

                                     RITCHIE, DILLARD & DAVIES, P.C.

                                     /S/ WADE V. DAVIES
                                     WADE V. DAVIES [BPR #016052]
                                     ANNE E. PASSINO [BPR #027456]
                                     606 W. Main Street, Suite 300
                                     P. O. Box 1126
                                     Knoxville, TN 37901-1126
                                     (865) 637-0661
                                     wdavies@rddlawfirm.com
                                     apassino@rddlawfirm.com
                                     *Counsel for David C. Kernell*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 19th day of March, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                     /s/ Wade V. Davies
                                     WADE V. DAVIES