UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-142 |
| ) | (PHILLIPS/SHIRLEY) |
| DAVID C. KERNELL, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On March 24, 2010, the parties appeared before the undersigned for a hearing to address, *inter alia*, the Defendant's Motion for Clarifying Order Regarding Serving Subpoenas by Verifiable Means Other than Personal Service [Doc. 118]. Assistant United States Attorneys D. Gregory Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the Government. Attorneys Wade V. Davies and Anne E. Passino represented the Defendant, who was also present.

In his Motion, the Defendant moves the Court, pursuant to the United States Constitution and Rule 17 of the Federal Rules of Criminal Procedure, for an Order allowing the Defendant to deliver subpoenas to compel the presence of witnesses at trial by verifiable means of service other than personal service. The Government has filed no response to the Motion, and at the hearing, represented that it had no objection to the request. Having considered the applicable and analogous federal rules, pertinent case law, and the parties' positions, the Court finds that the Defendant's Motion shall be **GRANTED IN PART** and **DENIED IN PART**.

A.  **Applicable Law**

Rule 17 of the Federal Rules of Civil Procedure instructs that, "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena." On its face, the rule does not state that personal service is required, but it also does not condone other forms of service. For the reasons more fully explained below, the Court finds that in limited circumstances non-personal service is appropriate, and in other, even more limited, circumstances it is appropriate to allow service by electronic means, such as email. However, the Court finds that the Defendant has, at this juncture, failed to establish that such circumstances exist in this case. Nonetheless, should such circumstances be established by the Defendant, the Court will allow limited non-personal and electronic service.

A major component of the Defendant's argument in support of non-personal service is that Rule 17 of the Federal Rules of Criminal Procedure is "substantially the same" as Rule 45 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 17 Advisory Committee Notes, 1944 adoption. The Court finds that the rules are substantially similar in regards to the issue now before the Court. Based upon this similarity, the Defendant cites a number of cases regarding the issue of whether service of a subpoena can be made in a means other than personal service. See Halawani v. Wolfengarger, 2008 WL 5188813 (E.D. Mich. Dec. 10, 2008) ("[T]he Court agrees that hand delivery is not required by Rule 45 and that certified mail may assure proper delivery."); see also Franklin v. State Farm Fire & Casulaty Co., 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009).

The Court finds that the cases cited by the Defendant establish that non-personal service is appropriate, after a failure of personal service. However, these cases do not endorse making an immediate jump to electronic service; they merely allow for non-personal physical service. For

example, in Franklin v. State Farm Fire & Casulaty Co., 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009), a process server made four attempts to visit the known address of the third party, leaving cards and notes to indicate the visits. Id. at *1. Thereafter, the court found service by posting the deposition notice on the door of the home or via certified mail was appropriate. The court noted "[c]ourts that have sanctioned alternative means of service under Rule 45 have often done so only after the party requesting the accommodation diligently attempted to effectuate personal service." Id. at *2.

As the Defendant acknowledges, there is little case law addressing the electronic service of subpoenas, so the Defendant has cited the Court to cases addressing service of process under Rule 4 of the Federal Rules of Civil Procedure. See Marjorie A. Shields, Service of Process Via Computer or Fax § 4, 30 A.L.R. 6th 413 (2008). The Defendant specifically discusses Phillip Morris USA Inc. v. Veles, Ltd., 2007 WL 725412 (S.D.N.Y. 2007), in which the court allowed service of process upon online stores via email in order to commence a trademark suit. In Phillip Morris, no physical contract addresses were posted on the websites that were alleged to have infringed and the "online cigarette business appear[ed] to be conducted entirely through electronic communications." Id. at *1.

The reasoning in Phillip Morris is similar to that found in Popular Enterprises, LLC v. Webcom Media Group, Inc., 225 F.R.D. 560 (Phillips, J.) (E.D. Tenn. 2004). In Popular Enterprises, the court found service by email to be acceptable under Rule 4 of the Federal Rules of Civil Procedure after the plaintiff had attempted at least three times to reach the defendants by certified mail and Federal Express service. Id. at 562. The court reasoned that email was "the method of process most likely to reach the defendant . . . ." Id. at 563. The court explained, Rule 4 "is

3

expressly designed to provide courts with the broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases." Id. at 562. Nonetheless, the court in Popular Enterprises, like the courts in the cases cited above, condoned this non-personal method as an alternative, not an initial, method of service.

Applying the foregoing rules and case law to the instant matter, the Court finds as follows.

**B.      Services of Witnesses for Whom the Defendant Has, or May Reasonably Obtain, a Physical Address**

In regards to those witnesses for whom a physical address is known, the Defendant must attempt personal, physical service upon these persons or entities at their known addresses. If personal service is unsuccessful, the Defendant may make an ex parte filing evidencing the nature and extent of unsuccessful attempts at personal service of the subpoenas.

If the Court finds that the Defendant has been unable to accomplish personal service, the Court will enter an order stating the same and allowing the Defendant to make service by non-personal means of physical service— e.g. delivery confirmation service by Federal Express, United Parcel Service, or the United States Postal Service. If non-personal means of physical service are unsuccessful, the Defendant may make a ex parte filing evidencing the nature and extent of unsuccessful attempts at service through non-personal means of physical service.

Only after the Defendant has demonstrated that non-personal means of physical service have also failed, will the Court address whether the Defendant may make service upon persons, for whom physical addresses are known or may reasonably be obtained, via electronic means. Should the issue progress to this stage, the electronic service, via either email or fax, will only be deemed to be effective if the person or entity acknowledges the receipt of the service, for example, through an oral

4

communication, reply email, reply correspondence, or responsive fax.

C.     **Services of Witnesses for Whom the Defendant Has No Physical Address**

At the hearing, the Defendant proffered to the Court that there is at least one witness upon whom the Defendant expects to serve a subpoena and for whom he has no physical address. If, after undertaking a reasonable inquiry and undertaking due diligence to find a physical address, the Defendant is unable to obtain a physical address for this witness or other witnesses, the Defendant may serve this person or entity via electronic means, either email or fax. Similarly, if this entity is one that conducts only e-business and for whom no physical address can be found, the Defendant may serve the entity via electronic means, either email or fax. However, such service **will only be deemed to be effective if** the person or entity acknowledges the receipt of the service, for example, through an oral communication, reply email, reply correspondence, or responsive fax.

D.     **Conclusion**

In sum, the Defendant's Motion for Clarifying Order **[Doc. 118]** is **GRANTED IN PART**, as the Defendant will be allowed to make non-personal service in the limited circumstances stated above. It is **DENIED IN PART**, as to all other relief sought therein.

At this time, the Defendant shall undertake a reasonable and diligent search to obtain physical addresses for witnesses to be served with subpoenas in this matter. For witnesses for whom a physical address is obtained, the Defendant shall attempt to effect personal service of the subpoena, and shall not make service by other means absent further orders from this Court. As to witnesses for whom no physical address can be obtained, the Defendant may serve those persons or entities via

electronic means, but the service will only be deemed to be effective upon receipt of a confirmation of the person or entity's receipt of the subpoena.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge