IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 3:08-CR-142 | |
| | ) | (PHILLIPS / SHIRLEY) | |
| DAVID C. KERNELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion to Dismiss Charge of Anticipatory Obstruction of Justice [Doc. 37], filed on May 11, 2009. The parties appeared before the undersigned for a hearing on the motion on June 30, 2009. Assistant United States Attorneys Greg Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the Government. Attorneys Wade Davies and Anne Passino appeared on behalf of the Defendant, who was also present. After hearing the arguments of the parties on the motion, the Court took it under advisement. On September 4, 2009, pursuant to Local Rule 7.1(d)[1], the Defendant filed a Supplement to Motions to Dismiss [Doc. 79] that included, *inter alia*, supplementary argument on

---

[1]Rule 7.1(d) prohibits supplemental filings without the Court's prior approval, with the exception of a brief of up to five pages "to call to the court's attention developments occurring after a party's final brief is filed." E.D.TN. LR 7.1(d). A response of up to five pages is due within five days. Id.

issues raised in the Motion to Dismiss Charge of Anticipatory Obstruction of Justice [Doc. 37]. On

September 9, 2009, the Government responded [Doc. 80] to the Supplement, and took the position

that the arguments contained therein do not apply to this case. After reviewing the Supplement, the

Court again took the Motion to Dismiss Charge of Anticipatory Obstruction of Justice [Doc. 37]

under advisement.[2]


I.      **THE STANDARD FOR DISMISSING A CHARGE CONTAINED IN AN INDICTMENT**

        The Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise

infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V.

"[An] indictment . . . must be a plain, concise, and definite written statement of the essential facts

constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment may allege the essential

facts of a charged offense using the exact words of the statute proscribing that offense as long as all

of the elements of the offense are described "'fully, directly, and expressly[.]'" Hamling v. United

States, 418 U.S. 87, 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); United States

v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001). If an indictment employs verbatim statutory

language to charge an offense, that language must "'be accompanied with such a statement of the

facts and circumstances as will inform the accused of the specific offense, coming under the general

description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v.

Hess, 124 U.S. 483, 487(1888)).

---

        [2]On October 9, 2009, the Court declared [Doc. 86] this case to be complex for purposes
of the Speedy Trial Act due to the novel legal issues raised in the multiple pending dispositive
motions, including the instant Motion to Dismiss. See 18 U.S.C. § 3161(h)(7)(B)(ii).

Generally, an indictment "returned by a legally constituted and unbiased grand jury" that is "valid on its face," Costello v. United States, 350 U.S. 359, 363 (1959), is sufficient to justify procession to trial as long as it (1) contains the elements of the offense charged, and thus "sufficiently apprises the defendant of what he must be prepared to meet," United States v. Debrow, 346 U.S. 374, 376 (1953), and (2) is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding, see, e.g., United States v. Blanford, 33 F.3d 685, 705 (6th Cir. 1994); United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). See also Hamling, 418 U.S. at 117 (an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"). However, upon motion by the defendant, a charge contained in an indictment may be dismissed before trial if it is defective. See Fed. R. Crim. P. 12(b)(3).

A charge contained in an indictment may be dismissed as defective if it fails to state an offense. See United States v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999) ("a defendant who contends that the indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any time") (citing United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981)); see also Fed. R. Crim. P. 12(b)(3)(B). In other words, if a charge alleges conduct by a defendant that cannot within reason be construed to be a crime, the Court may dismiss the charge as defective. See United States v. Teh, 535 F.3d 511, 515 (6th Cir. 2008) ("Claims that a statute named in an indictment does not proscribe the alleged conduct are generally treated as claims that the indictment 'fails to state an offense.'") (citing United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997); United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996); United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980)).

## II.    THE DEFENDANT'S POSITION

Count Four of the Superseding Indictment [Doc. 21] in this case charges the Defendant with

violating Title 18, United States Code, Section 1519[3] as follows:

> Between on or about September 16, 2008, and on or about September
> 20, 2008, in the Eastern District of Tennessee, and elsewhere,
> defendant David C. Kernell did knowingly alter, destroy, and conceal
> a record and document with the intent to impede, obstruct and
> influence an investigation of a matter by, and within the jurisdiction
> of, the Federal Bureau of Investigation, and in relation to and
> contemplation of such a federal investigation.

[Doc. 21 at 7-8].

Because Count Four employs minimalist phrasing that closely tracks the exact language of

Section 1519, it necessarily incorporates by reference the following introductory allegation

contained in paragraph 14 of the Indictment:

> After posting the new password to http://www.4CHAN.org, and in
> contemplation of an investigation by law enforcement authorities,
> defendant KERNELL removed, altered, concealed and covered up
> records and files on his laptop computer relating to his use of, and his
> establishing control over, the e-mail account of Governor Palin.
> Defendant KERNELL was concerned that the Federal Bureau of
> Investigation and other authorities would learn of, and obtain
> evidence concerning, his scheme to gain unauthorized control and
> access of the email account and to disclose confidential and personal
> information from the account to others.

[Doc. 21 at 4].

---

[3] Section 1519 provides as follows:

"Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false
entry in any record, document, or tangible object with the intent to impede, obstruct, or influence
the investigation or proper administration of any matter within the jurisdiction of any department
or agency of the United States or any case filed under title 11, or in relation to or contemplation
of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or
both." 18 U.S.C. § 1519.

In his Motion to Dismiss Charge of Anticipatory Obstruction of Justice [Doc. 37], the Defendant contends that Count Four of the Indictment is defective and should be dismissed. In the Motion and accompanying Memorandum in Support [Doc. 38], the Defendant advances various arguments that Count Four is defective, and Section 1519 is unconstitutional. As presented in his Motion and Memorandum, and at oral argument on June 30, 2009, the Defendant's various arguments are somewhat conflated. Thus, in an effort to ensure that full consideration is given to the Defendant's position, the Court has delineated what it construes the Defendant's specific arguments to be so that each argument may be addressed in turn. Each specific argument is a part of one of the Defendant's two broad contentions. The first broad contention is that Count Four fails to state an offense because Section 1519 somehow does not proscribe the Defendant's alleged conduct. The second broad contention is that Count Four is defective because it operates to enforce a statute, Section 1519, that is somehow unconstitutional.

The Defendant makes the following arguments:

(i) **Count Four fails to state an offense because Section 1519 does not proscribe the removal, alteration, concealment, or covering up of an individual's personal electronic records and files stored on his personal computer.** See [Doc. 37 at 1] (stating that "Section 1519 only governs institutional/corporate obstruction," and that "Section 1519...does not apply to a college student's laptop"); [Doc. 38 at 6] (arguing that Section 1519 was not meant to restrict "what a person does or does not do to the electronic files stored on his or her personal computer"); [Doc. 38 at 9-12] (arguing that the following six types of evidence establish that Section 1519 was not meant to proscribe the removal, alteration, concealment, or covering up of personal electronic records and files stored on a personal computer: "(1) comments made by the drafter of the section, (2) comments made by one of the eponyms of the act, (3) the timing of the legislation in light of then-current events, (4) the enacting language of the Act and its subsections, (5) committee reports, and (6) contemporaneous legislative commentary").

(ii) **Count Four fails to state an offense because Section 1519 does not proscribe the removal, alteration, concealment, or covering up of an individual's personal**

-5-

**electronic records and files stored on his personal computer at a point in time *before* that individual is being investigated by a department or agency of the United States.** See [Doc. 37 at 1] (explaining that Count Four is defective because "[i]t is not even alleged that there was an investigation underway at the time" the Defendant allegedly removed, altered, concealed, and covered up records and files that were on his laptop computer); [Doc. 38 at 6] ("Count 4 fails to state an offense because section 1519 was not meant to apply to individuals who have no duty to preserve materials *before* an investigation exists.") (emphasis added).

(iii)   **Count Four fails to state an offense because it does not contain an allegation that "justice was actually obstructed."** [Doc. 38 at 3-6] (arguing that conduct does not violate Section 1519 unless it actually prejudices an investigation by resulting in the destruction of records or documents that are not otherwise available).

(iv)    **Count Four fails to state an offense because it is so vague that it does not apprise the Defendant of what he must be prepared to meet.** See [Doc. 38 at 2] ("Count Four...[is] unconstitutionally vague").

(v)     **Count Four is defective because it attempts to enforce a statute, Section 1519, that Congress was not empowered by the Constitution to enact.** See [Doc. 38 at 21] ("Congress does not have the authority to punish anticipatory 'obstruction of justice' [without requiring proof of a] nexus between [an] investigation and [the allegedly] obstructive act."); [Doc. 38 at 3] ("it is not within Congress' authority to criminalize and severely punish conduct which occurs before the existence of an investigation without also requiring the Government to prove either obstruction-in-fact- or a defendant' specific intent to obstruct").

(vi)    **Count Four is defective because it operates to enforce a statute, Section 1519, that is so vague that it violates the Fifth Amendment.** See [Doc. 38 at 3] ("Because Section 1519 does not provide adequate notice of what it prohibits, [the Defendant] asks this Court to use its inherent power to limit the operation of an unjust law."); [Doc. 38 at 12] ("Section 1519 is unconstitutionally vague."); [Doc. 38 at 17] ("It is unfair to impose criminal liability early-on and without a limiting specific intent."); [Doc. 37 at 1] ("If Section 1519 is read to apply to [the Defendant]'s alleged conduct, [it] is unconstitutionally vague.").

1.      *Section 1519 is vague as to the mental state that is an element of the conduct it proscribes.* See [Doc. 38 at 12-19]; [Doc. 38 at 14] ("If [Section 1519] is read to be grammatically consistent, the 'in relation to and contemplation of' prongs do not contain a specific intent element."); [Doc. 38 at 21] (stating that a crime "cannot precede the formation of criminal intent, unless it is a strict liability crime"); [Doc. 37 at 1] (arguing that Section 1519 "lacks a sufficient mental state requirement to impose criminal liability"); [Doc. 38 at 17] ("An ordinary English interpretation of section

-6-

1519 removes the mental state element necessary to establish criminal culpability sufficient for a *malum prohibitum* crime and cannot support a criminal conviction.").

2. ***Section 1519 is vague as to the meaning of the terms "record" and "document."*** See [Doc. 38 at 20] (stating that "it is not clear whether a computer file would be considered a record or a document under section 1519," and arguing that "applying the rule of *expressio unius est exclusio alterius*...would suggest that...electronic and intangible records and documents are not covered by section 1519").

3. ***Section 1519 is vague as to whether an individual is proscribed from "altering, destroying, or concealing documents" even when he does not contemplate or anticipate an investigation by law enforcement authorities.*** See [Doc. 38 at 20-21].

(vii) **Count Four is defective because it operates to enforce a statute, Section 1519, that violates the Eighth Amendment by providing for a penalty that is disproportionate to the offense it proscribes.** [Doc. 38 at 23].

The Court addresses the Defendant's arguments, and the Government's response to each of them, in turn.

## III.   ANALYSIS

### A.   The Defendant's arguments that Count Four fails to state an offense

The Defendant makes four specific arguments that Count Four should be dismissed for failing to state an offense. For the following reasons, the Court disagrees.

### (i)   Section 1519 may apply to proscribe an individual's conduct with respect to his personal electronic files stored on his personal computer.

The Defendant argues that Count Four fails to state an offense because Section 1519 does not proscribe the removal, alteration, concealment, or covering up of an individual's personal electronic files stored on his personal computer. See [Doc. 37 at 1] (stating that "Section 1519 only

governs institutional/corporate obstruction," and that "Section 1519...does not apply to a college student's laptop"); [Doc. 38 at 6] (arguing that Section 1519 was not meant to restrict "what a person does or does not do to the electronic files stored on his or her personal computer"); [Doc. 38 at 9-12] (arguing that the following six types of evidence establish that Section 1519 was not meant to proscribe the removal, alteration, concealment, or covering up of personal electronic files stored on a personal computer: "(1) comments made by the drafter of the section, (2) comments made by one of the eponyms of the act, (3) the timing of the legislation in light of then-current events, (4) the enacting language of the Act and its subsections, (5) committee reports, and (6) contemporaneous legislative commentary"). The Defendant argues that his conduct as alleged by the Government in Count Four and in paragraph 14 of the Indictment simply does not violate Section 1519.

The Defendant asserts that Section 1519 was "enacted in response to corporate accounting scandals," [Doc. 38 at 7], and that its purpose was to impose criminal penalties for the preemptive destruction of "documents and records created during the regular course of business or pursuant to Government regulations," [Doc. 38 at 6]. The Defendant argues that Section 1519 was never meant to impose criminal penalties on a private individual for his conduct regarding his personal electronic files stored on his personal computer. The Defendant concludes that "applying section 1519 to the conduct alleged in Count 4 leads to an absurd result." [Doc. 38 at 6].

The Defendant does not cite any judicial decisions that support his contention that Section 1519 does not proscribe his alleged conduct of removing, altering, concealing and covering up records and files on his laptop computer. The Defendant also does not cite any judicial decisions that support his assertion that Section 1519 was meant to apply only in "institutional/corporate" contexts. [Doc. 37 at 1]. Instead, the Defendant relies solely upon his own sparse and selective

collection of evidence of Congressional intent. [Doc. 38 at 9-12]. The Defendant justifies his reliance on such evidence by asserting that "the Supreme Court has sanctioned the use of legislative history both when the scope of a statute's reach is unclear and when a statute appears to have a plain meaning, because statutory clarity is irrelevant if adherence to a purely textualist approach would lead to an absurd result." [Doc. 38 at 8] (citations omitted).

In response, the Government asserts that the plain meaning of Section 1519 does not restrict its application to any particular contexts or any particular defendants. The Government argues that the Defendant's conduct as alleged in Count Four and paragraph 14 of the Indictment is squarely proscribed by Section 1519. The Government points out that many courts around the country have permitted Section 1519 prosecutions "in the non-corporate context, including [cases involving] the destruction of [personal] computer records and related materials." [Doc. 48 at 38]. The Government particularly directs the Court's attention to the Court of Appeals for the Eleventh Circuit's rejection in United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008), of the argument that Section 1519 only proscribes conduct within a corporate setting.

The Government argues that because the plain meaning of Section 1519 clearly proscribes the Defendant's alleged conduct in this case, any review of the statute's legislative history is "unwarranted," "inappropriate," "unnecessary," and "inconsistent with the settled statutory construction canons." [Doc. 48 at 43]. The Government argues in the alternative that "if the Court accepts the defense invitation to wade through the legislative history," doing so will confirm that Section 1519 was intended to apply broadly to proscribe the conduct it describes in "a wide array of cases"–*not* just cases with a corporate setting. [Doc. 48 at 44].

The Court agrees with and adopts the Government's argument that Section 1519, by its

terms, clearly proscribes the Defendant's alleged conduct in this case. The Court rejects the Defendant's argument that Section 1519 is a "rare and exceptional" statute that fails to accurately express Congress's intent through its plain language. See Ardestani v. INS, 502 U.S. 129, 135-36 (1991) ("The strong presumption that the plain language of the statute expresses congressional intent is rebutted only in rare and exceptional circumstances, when a contrary legislative intent is clearly expressed.") (internal quotations and citations omitted). The language of Section 1519 is plain and unambiguous, and the Court is not persuaded that Congress actually intended the statute to proscribe only "institutional/corporate obstruction," [Doc. 37 at 1]. See United States v. Mills, 140 F.3d 630, 633 (6th Cir. 1998) ("Only when the language of the legislation is unclear should we look beyond the wording of the statute to the intent of the legislature."). The Defendant has not rebutted the strong presumption that Section 1519 proscribes *all* of the conduct that is described by the ordinary meaning of the words it uses. See Richards v. United States, 369 U.S. 1, 9 (1962) ("the legislative purpose is expressed by the ordinary meaning of the words used"); see also Ratzlaf v. United States, 510 U.S. 135, 147-48 (1994) (stating that the Supreme Court does "not resort to legislative history to cloud a statutory text that is clear"). Nothing in the text of Section 1519 limits its application to specific contexts or to specific defendants. See 18 U.S.C. § 1519. And the Defendant's selective recitation of the statute's legislative history does not amount to a showing that Congress "clearly expressed" an intent that Section 1519 should only apply in specific contexts or to specific defendants. See Ardestani, 502 U.S. at 135-36. Accordingly, the Court rejects the Defendant's assertion that "the legislative history of [Section 1519 provides] ample and direct" evidence that Section 1519 "was not meant to apply to circumstances such as those alleged in [this] case." [Doc. 38 at 9].

The Court of Appeals for the Eleventh Circuit has previously considered the question of whether Section 1519, despite its broad language, actually proscribes the conduct it describes in only some limited contexts.[4] In United States v. Hunt, the Court of Appeals considered the argument that the defendant's conduct of "knowingly making a false entry into a police incident report," 526 F.3d at 741, was not proscribed by Section 1519 because it was "not of the type [of conduct] contemplated by Congress when it passed the statute," id. at 743. The Court of Appeals rejected this argument as follows:

> Hunt's arguments in large part ignore the language of the statute and attempt to channel this Court's analysis into the unwelcome morass of legislative history and Congressional intent. When the text of a statute is plain, however, we need not concern ourselves with contrary intent or purpose reveled by the legislative history. Hunt makes much of the fact that § 1519 was passed as part of the Sarbanes-Oxley Act, which was targeted at corporate fraud and executive malfeasance. Indeed, the broad language of § 1519 suggests it can be a useful tool in such arenas. But that same breadth bears no hint of any limiting principle cabining § 1519 to corporate fraud cases, and Congress is free to pass laws with language covering areas well beyond the particular crisis *du jour* that initially prompted

---

[4] Hunt is the only case cited by the Government in which a court directly addressed and rejected an argument that Section 1519 only applies in limited contexts. But the Government points out that several courts have permitted Section 1519 prosecutions in various non-"corporate/institutional" contexts. See, e.g., United States v. Smyth, 213 Fed. App'x 102 (3d Cir. 2007) (defendant pled guilty to violating Section 1519 by destroying a computer hard drive with the intent to obstruct a federal investigation of possession of child pornography); United States v. Jackson, 186 Fed. App'x 736 (9th Cir. 2006) (affirming conviction under Section 1519 for falsifying records in a federal investigation by omitting a confession from an official investigation report); United States v. Fumo, 628 F. Supp. 2d 573, 599 (E.D. Pa. 2007) (stating that the defendant's alleged conduct of "destroying electronic evidence, including e-mail communications pertaining to matters within the scope of a federal criminal investigation" clearly falls within the purview of conduct proscribed by § 1519); see also [Doc. 48 at 38-39] (the Government cites six additional cases in which Section 1519 prosecutions have been permitted or discussed). The Court has not located, and the Defendant has not pointed out, any judicial decisions in which Section 1519 was held to proscribe the conduct it describes in only some limited circumstances.

-11-

> legislative action. Section 1519 covered Hunt's behavior; the context
> of passage is of no moment.

526 F.3d at 743-44 (internal citations omitted).

This Court follows the persuasive authority of <u>Hunt</u>, and concludes that Section 1519 proscribes *all* of the conduct it plainly describes without any extra-textual limitations. Thus, the Court finds that Count Four should not be dismissed for failing to state an offense on the basis of the Defendant's first argument.

**(ii)     An individual's conduct may violate Section 1519 even if no investigation is open at the time of the conduct.**

The Defendant argues that Count Four fails to state an offense because Section 1519 does not proscribe the removal, alteration, concealment, or covering up of an individual's personal electronic files stored on his personal computer at a point in time *before* that individual is being investigated by a department or agency of the United States. <u>See</u> [Doc. 37 at 1] (arguing that Count Four is defective because "[i]t is not even alleged that there was an investigation underway at the time" the Defendant allegedly removed files from his laptop computer); [Doc. 38 at 6] ("Count 4 fails to state an offense because section 1519 was not meant to apply to individuals who have no duty to preserve materials *before* an investigation exists.") (emphasis added).

The Government responds that the "plain language" of Section 1519 clearly proscribes the Defendant's alleged conduct even if that conduct occurred before the Defendant was being investigated. [Doc. 48 at 41]. The Government states that "[n]ot surprisingly, in construing Section 1519, the courts have concluded there is no need to establish a formal investigation had commenced at the time the defendant engaged in the obstructive conduct." [Doc. 48 at 41].

-12-

The Court finds that the Defendant's argument is without merit. Nothing in the text of Section 1519 can be interpreted to mean that the conduct it describes is proscribed only once an investigation has begun. Other courts have considered and rejected the argument that Section 1519 does not proscribe the conduct it describes unless an investigation has commenced. See United States v. Ionia Management S.A., 526 F. Supp. 2d 319, 329 (D. Conn. 2007) ("In comparison to other obstruction statutes, § 1519 by its terms does not require the defendant to be aware of a federal proceeding, *or even that a federal proceeding be pending*.") (emphasis added); United States v. Jho, 465 F. Supp. 2d 618, 636 (E.D. Tex. 2006) ("the Court concludes that imposing a requirement that the matter develop into a formal investigation ignores the plain meaning of the statute and the legislative history"). The Defendant has not provided any authority supporting his position. Therefore, the Court sees no reason to interpret Section 1519 any differently than it has been interpreted by other courts in the past.

The Court concludes that an individual's conduct may violate Section 1519 even if no investigation is open at the time of the conduct. Accordingly, Count Four should not be dismissed for failing to state an offense on the basis of the Defendant's second argument.

    **(iii)    An individual's conduct may violate Section 1519 even if it does not succeed in actually obstructing justice.**

The Defendant argues that Count Four fails to state an offense because it does not contain an allegation that "justice was actually obstructed." [Doc. 38 at 3-6] (arguing that conduct does not violate Section 1519 unless it actually prejudices an investigation by resulting in the destruction of records or documents that are not otherwise available). The Government responds that an allegation that justice was actually obstructed is not required to state a violation of Section 1519. The

-13-

Government argues that Section 1519 proscribes the conduct it describes regardless of whether that conduct actually has the effect of obstructing justice. [Doc. 48 at 39] ("Under the plain meaning of the statute, there is simply no requirement that justice be obstructed."); [Doc. 48 at 42] ("The plain language of the statute does not contain a materiality or prejudice requirement, contrary to the defense request to impose such a requirement.").

The Defendant has provided no authority supporting his position that Section 1519 is only violated in cases where justice was actually obstructed. In his Memorandum, the Defendant discusses both the doctrine of spoliation that applies in civil cases and the Supreme Court's decision in United States v. Aguilar, 515 U.S. 593 (1995). [Doc. 38 at 3-6]. Neither is apposite. As pointed out by the Government, the civil doctrine of spoliation has "nothing to do with the language of Section 1519." [Doc. 48 at 39]. And Aguilar concerns the Supreme Court's interpretation of Title 18, United States Code, Section 1503–*not* Section 1519.

The Court finds that Count Four does not fail to state a violation of Section 1519 simply because it does not include an allegation that the Defendant's conduct actually obstructed justice. Accordingly, Count Four should not be dismissed on the basis of the Defendant's third argument.

**(iv)     Count Four adequately apprises the Defendant of the charge he must be prepared to meet.**

The Defendant argues that "[b]oth Count Four and the statute upon which it is based are unconstitutionally vague." [Doc. 38 at 2]. The Defendant offers little explanation of his argument that Count Four itself is vague. Instead, the Defendant focuses on his argument that Section 1519 is vague. The Court construes this argument to be an attack on the constitutionality of Section 1519, and not an argument that Count Four itself is so vague that it is defective. The Defendant appears

-14-

to argue simply that Count Four is "vague" because it charges him with violating a statute that is "vague." The Court addresses the Defendant's arguments that Section 1519 is vague *infra* in part B(vi) of this report and recommendation.

The Defendant does advance one distinct argument that Count Four fails to inform him of all of the necessary details of the allegations against him. The Defendant points out that Count Four fails to specify which records and files on his laptop computer he allegedly removed, altered, concealed, and covered up. The Defendant argues that because "computers are repositories libraries-worth [sic] of intangible data," and Count Four has not specified which records and files were allegedly removed, altered, concealed, and covered up, he is not fully informed of the charge that he must be prepared to meet. [Doc. 38 at 20]. The Court disagrees.

Count Four informs the Defendant of the statute he is charged with violating, the dates he is alleged to have violated that statute, the elements of the offense, and the conduct he is alleged to have engaged in. Nothing more is required. See Hamling, 418 U.S. at 117 (an indictment is generally not defective if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"). The Government was not required to identify in the Indictment every electronic record and file that the Defendant allegedly removed, altered, concealed, or covered up. Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "concise" and contain "essential facts." Fed. R. Crim. P. 7(c)(1). It does not require that an indictment state *every* fact alleged by the Government.

The Court concludes that Count Four is not vague, and that it adequately "apprises the Defendant of what he must be prepared to meet." See Debrow, 346 U.S. at 376. Accordingly,

-15-

Count Four should not be dismissed on the basis of the Defendant's fourth argument.

**B.      The Defendant's arguments that Section 1519 is unconstitutional**

The Defendant makes three specific arguments that Count Four should be dismissed because it operates to enforce a statute, Section 1519, that is unconstitutional. For the following reasons, the Court disagrees.

**(v)      Congress had the power to enact Section 1519.**

The Defendant argues that Count Four is defective because it operates to enforce a statute, Section 1519, that Congress did not have the authority to enact. The Defendant argues that Congress cannot impose criminal liability for knowingly removing, altering, concealing, and covering up electronic files stored on a personal laptop computer when that act is done merely *in contemplation of* a future investigation, rather than done with the intent to obstruct an open, ongoing investigation. See [Doc. 38 at 21] ("Congress does not have the authority to punish anticipatory 'obstruction of justice' [without requiring proof of a] nexus between [an] investigation and [the allegedly] obstructive act."); [Doc. 38 at 3] ("[I]t is not within Congress' authority to criminalize and severely punish conduct which occurs before the existence of an investigation without also requiring the government to prove either obstruction-in-fact or a defendant's specific intent to obstruct."). The Court construes the Defendant's argument to be twofold. First, the Defendant argues that the Constitution does not give Congress the power to enact a statute that imposes criminal liability upon an individual who engages in conduct that obstructs–or could obstruct–justice even when that individual lacks the intent to obstruct justice. Second, the Defendant argues that Section 1519 is

-16-

such a statute.

The Defendant has provided no authority that supports his first argument that Congress may only impose criminal liability upon an individual who acts in a way that obstructs–or could obstruct–justice when that individual acts *with the intent* to obstruct justice. The Defendant simply asks the Court to "act as a check on Congress," [Doc. 38 at 3], without offering any explanation of why he believes that the Constitution does not grant Congress the power to proscribe acts that are done knowingly, but without any particular intent.

The Court finds that the Defendant's first argument is without merit. Congress has enacted criminal statutes that proscribe certain acts without specifying that those acts are only criminal if they are done with a particular intent. See, e.g., 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm or ammunition."). The Defendant has not provided the Court with any reason to find that Congress exceeds its constitutional authority when it proscribes obstructive–or potentially obstructive–acts that are done without the intent to obstruct justice.

Accordingly, even if Section 1519 in fact proscribes some obstructive–or potentially obstructive–acts that are done without the intent to obstruct justice, Congress had the power to enact it. [5] The Court concludes that Count Four does not operate to enforce a statute that Congress did not

---

[5] The parties appear to disagree about exactly what is proscribed by Section 1519. The Government appears to take the position that a defendant cannot be convicted of violating Section 1519 unless it is proved that he acted with the intent to obstruct justice. See [Doc. 48 at 37]. The Defendant appears to take the position that an individual could theoretically be convicted of violating Section 1519 even when he did *not* act with the intent to obstruct justice. [Doc. 38 at 12-19]. The Court addresses the Defendant's interpretation of Section 1519 *infra* in part B(vi)(1) of this report and recommendation.

have the authority to enact.  Count Four should not be dismissed as defective on the basis of the Defendant's fifth argument.

**(vi)    Section 1519 is not so vague that it violates the Fifth Amendment.**

The Defendant argues that Count Four is defective because it operates to enforce a statute, Section 1519, that is so vague that it violates the Fifth Amendment.  See [Doc. 38 at 3] ("Because Section 1519 does not provide adequate notice of what it prohibits, [the Defendant] asks this Court to use its inherent power to limit the operation of an unjust law."); [Doc. 38 at 12] ("Section 1519 is unconstitutionally vague."); [Doc. 38 at 17] ("It is unfair to impose criminal liability early-on and without a limiting specific intent."); [Doc. 38 at 3] ("Section 1519 is...too vague to support significant criminal liability"); [Doc. 38 at 12] (arguing that Section 1519 is "void for vagueness" because it forbids "the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning") (quoting Connally v. Gen. Const. Co., 269 U.S. 385, 391 (1926)). The Defendant advances three distinct arguments that Section 1519 is vague.  The Court rejects these arguments for the following reasons.

*1.    The Defendant lacks standing to challenge Section 1519's articulation of the mental state element of the conduct it proscribes.*

The Defendant argues that Section 1519 is vague as to the mental state that is an element of the conduct it proscribes.  See [Doc. 38 at 12-19].  The Defendant argues that because the mental state element of the conduct proscribed by Section 1519 is unclear, he is unable to figure out whether his conduct violated the statute.  See [Doc. 38 at 13].

-18-

Section 1519 provides as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

The Defendant interprets Section 1519 to proscribe three distinct types of conduct:

    (1)    knowingly altering, destroying, mutilating, concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object *with the intent to* impede, obstruct, or influence an investigation or the proper administration of a matter;

    (2)    knowingly altering, destroying, mutilating, concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object *in relation to* an investigation or the proper administration of a matter; and

    (3)    knowingly altering, destroying, mutilating, concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object *in contemplation of* an investigation or the proper administration of a matter.

According to this interpretation of the statute, it is possible for an individual to engage in the second and third types of proscribed conduct even when he does not have the specific intent to impede, obstruct, or influence an investigation or the proper administration of a matter. Thus, the Defendant argues, simply charging an individual with violating Section 1519 does not inform him of whether he is alleged to have acted with the intent to impede, obstruct, or influence. The Defendant argues that because Count Four of the Indictment in this case simply recites the language of Section 1519, it does not inform him of the mental state with which he is alleged to have acted.

-19-

In other words, the Defendant avers that he is not sure if he is accused of altering, destroying, and concealing records *with the intent* to impede, obstruct, or influence an investigation, or if he is just accused of altering, destroying, and concealing records *in contemplation of* the possibility that authorities would investigate him.

In response, the Government argues that the Defendant lacks standing to challenge Section 1519 as vague. [Doc. 48 at 46]. The Government asserts that even if Section 1519 is *generally* vague as to the mental state element of the conduct it proscribes, Count Four specifically alleges that the Defendant acted in this case "with the intent to impede, obstruct and influence an investigation," [Doc. 21 at 7-8]. The Government therefore argues that, as applied to the Defendant in this case, Section 1519 is *not* vague. The Government concludes that because Section 1519 clearly proscribes the Defendant's alleged conduct, the Defendant lacks standing to argue that it is generally vague. The Court agrees.

The Indictment in this case does not merely charge the Defendant with violating Section 1519 without providing any other details. The Government unambiguously alleges in Count Four that the Defendant altered, destroyed, and concealed a record, and that he did so "knowingly" and "with the intent to impede, obstruct, and influence an investigation." [Doc. 21 at 7-8]. This allegation states both an act and an accompanying mental state. Together, that act and mental state constitute conduct that is clearly proscribed by the Defendant's own interpretation of Section 1519. Thus, the Defendant cannot complain of the general vagueness of Section 1519. See <u>Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.</u>, 455 U.S. 489, 495 (1982) (stating that a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct o of others"); <u>Parker v. Levy</u>, 417 U.S. 733, 756 (1974) ("One to

whose conduct a statute clearly applies may not successfully challenge it for vagueness."); <u>United States v. Velasco</u>, 2006 WL 1679586 at *5 (M.D. Fla. 2006) (stating that when the Government alleges that a defendant acted knowingly and willfully when he violated Section 1519, any "vagueness or ambiguity in the statute will be cured by the Government's proof or resolved by a successful defense" at trial); <u>Fumo</u>, 628 F. Supp. 2d at 597-98 (stating that when Section 1519 clearly proscribes the defendant's alleged conduct, "the court does not reach the issue whether § 1519 is facially unconstitutional for vagueness").

The Court concludes that the Defendant does not have standing to challenge Section 1519's articulation of the mental state that is an element of the conduct it proscribes.

### 2. The meanings of the terms "record" and "document" in Section 1519 are not vague.

The Defendant argues that the terms "record" and "document" used in Section 1519 are vague. <u>See</u> [Doc. 38 at 20] (stating that "it is not clear whether a computer file would be considered a record or a document under section 1519," and that "applying the rule of *expressio unius est exclusio alterius*...would suggest that...electronic and intangible records and documents are not covered by section 1519"). The Defendant points out that the terms "record" and "document" are not defined in Title 18. He argues that "documents and records are traditionally understood to be tangible." [Doc. 38 at 20]. The Defendant concludes that "because a computer file is not tangible it should not be considered a 'record or document' under Section 1519." [Doc. 38 at 20].

In response, the Government argues that the terms "record" and "document" "should be given their ordinary meaning" instead of what the Defendant suggests is their "traditional" meaning. [Doc. 48 at 48]. The Government avers that the ordinary meaning of the term "record" is articulated

in the Eighth Edition of Black's Law Dictionary, which defines a record as "information that is inscribed on a tangible medium or that, having been stored in an electronic or other medium, is retrievable in perceivable form." [Doc. 48 at 48].

Other courts have permitted Section 1519 prosecutions when the "record" that was allegedly destroyed by the defendant was information stored in an electronic medium. See, e.g., Smyth, 213 Fed. App'x 102 (defendant pled guilty to violating Section 1519 by destroying a computer hard drive with the intent to obstruct a federal investigation of possession of child pornography); Fumo, 628 F. Supp. 2d at 599 (E.D. Pa. 2007) (stating that the defendant's alleged conduct of "destroying electronic evidence, including e-mail communications pertaining to matters within the scope of a federal criminal investigation" clearly falls within the purview of conduct proscribed by § 1519). The Defendant has not provided any authority supporting his position. Therefore, the Court sees no reason to interpret Section 1519 any differently than it has been interpreted by other courts in the past. Accordingly, the Court finds that a computer file is a "record" within the meaning of Section 1519. The Court concludes that the terms "record" and "document" in Section 1519 are not vague.


3.     *Section 1519 is not vague as to what it means to act "in contemplation of" a matter or case.*

The Defendant argues that Section 1519 is vague as to whether an individual is prohibited from "altering, destroying, or concealing documents" when that individual does not–but law enforcement authorities do–contemplate or anticipate the commencement of an investigation. See [Doc. 38 at 20-21]. The Court rejects this argument and finds that Section 1519 is clear. Section 1519 provides as follows:

Whoever knowingly alters, destroys, mutilates, conceals, covers up,

falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

The phrase "in contemplation of" modifies the verbs at the beginning of the sentence ("alters, destroys, mutilates, conceals, covers up, falsifies," and "makes"). "Whoever"–and *not*, as the Defendant suggests, "any department or agency of the United States"–is the subject of those verbs. Therefore what is contemplated or anticipated by law enforcement authorities has no relevance to the application of Section 1519.

### (vii)   The Defendant lacks standing to assert that Section 1519 violates the Eighth Amendment.

The Defendant argues that Count Four is defective because it operates to enforce a statute, Section 1519, that violates the Eighth Amendment by providing for a penalty that is disproportionate to the offense it proscribes. [Doc. 38 at 23]. Because no conviction has occurred and no sentence has been imposed in this case, the Defendant's argument is premature. Until he has been convicted and sentenced under Section 1519, the Defendant does not have standing to raise a claim that the statute violates the Eighth Amendment. See, e.g., Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); Bell v. Wolfish, 441

-23-

U.S. 520, 535 n.16 (1979) (explaining that pretrial detainees must base challenges to their detention on the Due Process Clause instead of the Eighth Amendment because the Eighth Amendment's prohibition on cruel and unusual punishment only protects "sentenced inmates"). Accordingly, Count Four should not be dismissed on the basis of the Defendant's seventh argument.


## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[6] that the Defendant's Motion to Dismiss Charge of Anticipatory Obstruction of Justice **[Doc. 37]** be **DENIED**.

Respectfully submitted,


    s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[6]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).