IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CR-142 |
| ) | (PHILLIPS / SHIRLEY) |
| DAVID C. KERNELL, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion to Suppress Out of District Search Warrants [Doc. 116], filed on March 19, 2010.[1] The parties appeared before the undersigned for a hearing on the motion on March 24, 2010. Assistant United States Attorneys Greg Weddle and Josh Goldfoot appeared on behalf of the Government. Attorneys Wade Davies and Anne Passino appeared on behalf of the Defendant, who was also present. After hearing the arguments of the parties on the motion, the Court took it under advisement.

The basis for the Defendant's Motion to Suppress is that "a Magistrate Judge in the Eastern District of Tennessee did not have authority to issue search warrant to be executed in other districts."

---

[1]The Court has previously granted Defendant's Motion for Leave to File the Motion to Suppress Out of District Search Warrants [Doc. 108] by prior Order [Doc. 112].

-1-

[Doc. 116, pg. 1]. The Defendant argues that Rule 41(b)(1) of the Federal Rules of Criminal Procedure limits a Magistrate Judge's authority to issue search warrants for property located within the district. However, the government contends that the challenged search warrants [2] were properly issued under the Electronic Communications Privacy Act ("ECPA") codified in part at 18 U.S.C. §2703.[3]

The simple question raised by Defendant is: Does a Magistrate Judge have authority to issue search warrants for electronic communications and evidence to be executed out of the district? The simple answer to this question is yes, because the statutory language of 18 U.S.C. § 2703 specifically authorizes the issuance of such warrants. However, the explanation for this answer is not as simple.

While Defendant argues that the plain language of Rule 41(b) limits a Magistrate Judge's Authority to issue search warrants to property within the district, he also acknowledges that 18 U.S.C. § 2703(a) has been interpreted by some Courts to permit out-of-district search warrants to internet service providers in other districts. However, Defendant contends such rulings discount both the plain language of Rule 41(b) and the relevant language of 18 U.S.C. § 2703(a) stating such warrants may be issued "only pursuant to a warrant issued using the procedures described in the

---

[2] Defendant contends there were at least fifteen search warrants issued between November 2008 and February 2009, directed to entities outside the district, for email accounts, social networking sites, IP addresses and other records. [Doc. 116, pg. 1] Defendant itemized these in his Supplement [Doc. 117, pg. 5]. Although the government has challenged the Defendant's standing to contest these search warrants, the Court will assume arguendo that the Defendant has standing in order to reach the merits of the issue.

[3] The Court notes this particular statutory reference is actually part of the Stored Wire and Electronic Communications and Transactional Records Access Act, more commonly referred to as the Stored Communications Act.

-2-

Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation . . ." Defendant argues that the language of Rule 41(b) and the language of 18 U.S.C. § 2703(a) taken together indicate that a §2703(a) warrant can only issue pursuant to, and must comply with all of Rule 41 of the Federal Rules of Criminal Procedure, including the in-district limitation in Rule 41(b).

The Government argues that while the statutory language cited by Defendant is correct, Defendant's interpretation is not. The Government's argument is that:

1. Rule 41(a)(1) specifically provides that it "does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances;"

2. Section 2703(a) is such a statute, in that it regulates searches and seizures and the issuance and execution of search warrants in a special circumstance i.e., with regard to the contents of electronic communication in electronic storage;

3. Section 2703(a) permits such out of district warrants to be issued by a "Court with jurisdiction over the offense under investigation" (i.e., this Court); and

4. The language of 18 U.S.C. §2703(a) stating that such warrants may issue "only pursuant to a warrant using the procedures described in the Federal Rules of Criminal Procedure,"

    A. Does not limit this Court's authority to issue such out of district warrants and

    B. Only applies to the 'procedures' or procedural provisions of

Rule 41. Rule 41(b) is not such a procedural provision but, rather, a substantive provision and hence, does not apply.

For the reasons stated herein, this Court agrees with the Government and finds that this Court had authority to issue the out-of-district warrants in issue.

## I. RULE 41

Rule 41(b), as heretofore noted, ordinarily limits a Magistrate Judge's authority to issue warrants only for property within the district. However, Rule 41(a)(1) provides, with regard to the scope of this rule, that Rule 41 "does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances."

The Government argues that 18 U.S.C. §2703 is precisely such a statute as envisioned by Rule 41(a) and that Rule 41(b) can not modify that statute to limit its jurisdictional or geographic reach. The Defendant states that he is not arguing that Rule 41(b) modifies 18 U.S.C. §2703 but that the statutory language "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure" incorporates all of Rule 41, including Rule 41(b).

The Government argues that Rule 41(b) is not a procedural provision but a substantive provision relating solely to a Magistrate Judge's authority. Defendant argues that all the provisions of Rule 41, including subpart (b), are procedural as being a part of the Rules of Criminal Procedure.

## II. 18 U.S.C. § 2703(a)

In interpreting the relevant statute, 18 U.S.C. § 2703(a), the Court begins with the plain language of the statute, which provides:

-4-

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

18 U.S.C. §2703(a).

There is no dispute that this Court issued warrants to providers of electronic communication for electronic evidence under the statute.[4] The only portion of the statute in dispute is the interpretation of its requirement that disclosure can be required "only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant." 18 U.S.C. §2703(a).

While not raised in the Defendant's briefs and, thus, not part of the Defendant's motion, the Defendant, nonetheless argued for the first time in oral argument that all federal district courts have "jurisdiction over the offense under investigation" in this case. The Court disagrees and can dispense with this argument in summary fashion. Clearly, the only court with "jurisdiction over the offense under investigation" is this Court. The offense or crime under investigation, and herein being prosecuted, is alleged to have been committed by the Defendant in the Eastern District of Tennessee. As such, the territorial jurisdiction, venue, the place of prosecution, and the Court with

---

[4]Nor is it disputed that the subjects of these search warrants were outside of the Eastern District of Tennessee.

jurisdiction over the offense is the district where the offense was committed. See U.S. Const. Art. III, § 2 cl. 3 & Amend. VI; Fed. R. Crim. P. 18.

The Defendant has provided no legal support for his contention that any other federal district court would qualify as the "court with jurisdiction over the offense under investigation," and such argument appears to this Court to be both unreasonable and untenable. Perhaps Defendant's argument references the "subject matter" jurisdiction of Federal courts, but if that was the intent the statutory language would either be superfluous or would have been drafted to say "any federal district court." The Court finds this language to refer to territorial jurisdiction, and federal courts have territorial jurisdiction over those offenses occurring in their district. See In Re Search of Yahoo, 2007 WL 1539971, *3-5 (D. Ariz. May 21, 2007) (unpublished) ("[w]hen Congress amended Section 2703(a) via Section 220 of the USA Patriot Act to add the phrase 'a court with jurisdiction over the offense,' Congress intended to authorize the federal district court located in the district where alleged crime occurred to issue out-of-district warrants for the seizure of electronically-stored communications.") This is further borne out by the legislative history, indicating that this amendment was designed for a single court with jurisdiction over the offense to issue nationwide search warrants. See 147 Cong. Rec. H7159-03 at H7197-98 (Section-by-Section Analysis, Section 220). Finally, even if the Defendant were correct, which the Court finds he is not, this Court would still qualify under the Defendant's own definition.

The real gist of the Defendant's argument is the language that a warrant may only be "issued using the procedures described in the Federal Rules of Criminal Procedure." The Defendant argues that the proper interpretation is that all of Rule 41 applies, including the in-district limitation of Rule 41(b). The Defendant agreed, in oral argument, that this means all warrants issued pursuant to 18
-6-

U.S.C. §2703(a), including the warrants issued in this case, must come under Rule 41 and must comply with all of Rule 41, including subsection (b).

Arguably, this interpretation might have had merit prior to the 2001 amendments to 18 U.S.C. §2703(a), because the relevant language prior to the 2001 amendments stated that disclosure could be required "only pursuant to a warrant issued under the Rules of Criminal Procedure . . . ." However, § 220 of the USA Patriot Act of 2001 ("the Patriot Act") amended that very language Fed. R. Crim. P. 18: "by striking 'under the Federal Rules of Criminal Procedure'" and inserting 'using the procedures described in the Federal Rules of Civil Procedure by a court with jurisdiction over the offense under investigation.'" USA Patriot Act of 2001, Pub. Law 107-56, 115 Stat. 272. This revised language was in effect at the time the warrants in this matter were issued.

This Court finds that the plain language of 18 U.S.C. §2703(a) expresses the intent that only the "procedures," (i.e., the procedural portions) as "described" in Rule 41 are to be "used." This Court further finds that Rule 41(b) is not a "procedural" provision, but is a "substantive" provision, and thus, it is not incorporated under 18 U.S.C. §2703(a). It is clear that Rule 41(b) describes no procedure but only substantive authority. It's very title "Authority to Issue– Warrant" states as much. Indeed, Defendant's motion is predicated on the claim that this court lacked substantive authority to issue these warrants.

Furthermore, to the extent the Defendant argues subsection (b) of Rule 41 modifies the authority provided in 18 U.S.C. §2703(a),[5] such an interpretation is prohibited by subsection (a) of

---

[5]While the Defendant's brief states the Defendant is not arguing that Rule 41(b) modifies 18 U.S.C. §2703(a), Defendant's contention that 18 U.S.C. §2703(a) is limited by Rule 41(b) is nonetheless an argument for a modification under the guise of different verbiage because it seeks to modify the jurisdictional provision of §2703(a), which authorizes district courts with jurisdiction over the offense to require disclosure.

-7-

Rule 41 which provides that Rule 41 does **not** "modify any statute regulating searches or seizures or the issuance and execution of a search warrant in special circumstances."

The Court finds that 18 U.S.C. §2703(a) is a statute that regulates search and seizure of electronic evidence and the issuance and execution of search warrants in special circumstances—to wit, only by courts with "jurisdiction over the offense under investigation" and only for electronic evidence located out of district. The Court finds this Court and these search warrants, met and complied with the provisions and clear statutory language of 18 U.S.C. §2703(a).

While not necessary for this Court's analysis or ruling, a brief review of the legislative history of §2703(a) and the USA Patriot Act amendments is revealing. The Patriot Act sought to broaden the government's ability to obtain warrants for electronic evidence, not to limit it. If there was any doubt about the intent of the 2001 Amendment in issue, i.e., § 220, one need only look to its title, "Nationwide Service of Search Warrants for Electronic Evidence." As such, it is hard to find merit in an argument, as made by the Defendant, that the statute, in fact, precludes the very nationwide service of search warrants for electronic evidence that it was designed and intended to permit.

Finally, the Court finds and the Defendant concedes there are no controlling cases or decisions that support the Defendant's argument. To the contrary the cases cited by the Government, and which this Court's own research indicates are the only cases that have dealt with these issues, all support the Court's ruling herein. See In re Search of Yahoo, Inc., 1007 WL 1539971 (D. Ariz. May 21, 2007); United States v. Berkos, 543 F.3d 352 (7th Cir. 2008); In re Search Warrant, 2005 WL 3844032 (M.D. Fla. 2005) (reversing In re Search Warrant, 362 F. Supp. 2d 1298 (M.D. Fla. 2003) cited by Defendant); In re: Application by the United States of America

<u>for a Search Warrant</u>, 665 F. Supp 2d 1210 (D. Or. June 23, 2009). This Court notes that these cases go into greater depth in their discussions of the issues that are addressed in this opinion, but because the Court agrees with both their holdings and their reasoning insofar as they relate to the specific issue before this Court, the Court simply cites the cases with approval rather than quoting the lengthy analysis from each case.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[6] that the Defendant's Motion to Suppress Out of District Search Warrants **[Doc. 116]** be **DENIED**.

                                                  Respectfully submitted,

                                                  <u>s/ C. Clifford Shirley, Jr.</u>

                                                  United States Magistrate Judge

---

[6]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); <u>see</u> <u>United States v. Branch</u>, 537 F.3d 582, 587 (6th. Cir. 2008); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive, or general. <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).