IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CR-142 |
| | ) | (PHILLIPS / SHIRLEY) |
| DAVID C. KERNELL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the undersigned on the Defendant's Motion to Dismiss Computer Fraud Count and Its Felony Enhancement [Doc. 39], filed on May 11, 2009. On June 30, 2009, the parties appeared before the undersigned for a hearing on the motion. Assistant United States Attorneys D. Gregory Weddle, Mark Krotoski, and Josh Goldfoot appeared on behalf of the Government. Attorneys Wade V. Davies and Anne E. Passino appeared on behalf of the Defendant, who was also present. After hearing the arguments of the parties on the motion, the Court took it under advisement. On September 4, 2009, pursuant to Local Rule 7.1(d)[1], the Defendant filed a Supplement to Motions to Dismiss [Doc. 79] that included, *inter alia*,

---

[1]Rule 7.1(d) prohibits supplemental filings without the Court's prior approval, with the exception of a brief of up to five pages "to call to the court's attention developments occurring after a party's final brief is filed." E.D.TN. LR 7.1(d). A response of up to five pages is due within five days. Id.

1

supplementary argument on issues raised in the Motion to Dismiss Computer Fraud Count and Its Felony Enhancement [Doc. 39].  On September 9, 2009, the Government responded [Doc. 80] to the Supplement, and took the position that the arguments contained therein do not properly apply to this case.  After reviewing the Supplement, the Court again took the Motion to Dismiss Computer Fraud Count and Its Felony Enhancement under advisement.[2]

## I.  POSITIONS OF THE PARTIES

The Defendant is charged in a four-count Superseding Indictment [Doc. 21], with identity theft, wire fraud, computer fraud, and obstruction of justice in relation to the alleged unauthorized access of Governor Sarah Palin's Yahoo! e-mail account in September 2008.  In his Motion to Dismiss Computer Fraud Count and Its Felony Enhancement [Doc. 39], the Defendant asks the Court to dismiss Count Three of the Superseding Indictment because (1) 18 U.S.C. § 1030 is unconstitutional, (2) Count Three does not adequately specify the "criminal and tortious act" that he allegedly meant his conduct to further, (3) Count Three is duplicitous, and (4) the allegations in Count Three fail to state a violation of § 1030(a)(2)(C) that is punishable under § 1030(c)(2)(B)(ii).

The Government responds [Doc. 48] that the Defendant may not challenge Section 1030 for vagueness because he knew that his conduct was illegal.  The Government also contends that it has properly alleged all of the elements of a violation of Section 1030.

---

[2]On October 9, 2009, the Court declared [Doc. 86] this case to be complex for purposes of the Speedy Trial Act due to the novel legal issues raised in the multiple pending dispositive motions, including the instant Motion to Dismiss.  See 18 U.S.C. § 3161(h)(7)(B)(ii).

## II. ANALYSIS

The Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury." U.S. Const. amend. V. "[An] indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment may allege the essential facts of a charged offense using the exact words of the statute proscribing that offense as long as all of the elements of the offense are described "'fully, directly, and expressly.'" Hamling v. United States, 418 U.S. 87, 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); see United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001). If an indictment employs verbatim statutory language to charge an offense, that language must "'be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)).

Generally, an indictment "returned by a legally constituted and unbiased grand jury," Costello v. United States, 350 U.S. 359, 363 (1959), is sufficient to justify procession to trial if (1) it contains the elements of the offense charged, and thus "sufficiently apprises the defendant of what he must be prepared to meet," United States v. Debrow, 346 U.S. 374, 376 (1953), and (2) it is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding, see, e.g., United States v. Blandford, 33 F.3d 685, 705 (6th Cir. 1994); United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). See also Hamling, 418 U.S. at 117 (stating that an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

acquittal or conviction in bar of future prosecutions for the same offense"). However, upon motion

by the defendant, a charge contained in an indictment may be dismissed before trial if it is defective.

See Fed. R. Crim. P. 12(b)(3).

A charge contained in an indictment is defective if it fails to state an offense. See United

States v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999) ("a defendant who contends that the

indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any

time") (citing United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981)); see also Fed. R. Crim. P.

12(b)(3)(B). In other words, if a charge alleges conduct by a defendant that cannot within reason

be construed to be a crime, the Court may dismiss the charge as defective. See United States v. The,

535 F.3d 511, 515 (6th Cir. 2008) ("Claims that a statute named in an indictment does not proscribe

the alleged conduct are generally treated as claims that the indictment 'fails to state an offense.'")

(citing United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997); United States v. Foley, 73 F.3d

484, 488 (2d Cir. 1996); United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980)).

In this case, Count Three charges the Defendant with violating 18 U.S.C. § 1030 as follows:

> The introductory allegations set forth in paragraphs 1 - 14 are re-
> alleged herein. On or about September 16, 2008, in the Eastern
> District of Tennessee and elsewhere, Defendant
>
> DAVID C. KERNELL,
>
> in furtherance of the commission of a criminal and tortious act in
> violation of the laws of the United States and the State of Tennessee,
> including aiding and abetting other violations of 18 U.S.C. §
> 1030(a)(2)(C) (Fraud and Related Activity in Connection with
> Computers); and tortious invasion of privacy, intentionally and
> without authorization, and in excess of authorization, accessed a
> protected computer by means of an interstate communication and
> thereby obtained information, and did aid and abet in same.

[Doc. 21 at 7, para. 27] (citing 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii)).

The Defendant advances four arguments that Count Three must be dismissed as defective. First, the Defendant contends that Count Three is defective because it operates to enforce a statute, 18 U.S.C. § 1030, that is unconstitutional. Next, the Defendant contends that Count Three is defective because it fails to adequately specify the "criminal and tortious act" he allegedly meant his conduct to further. Third, the Defendant contends that Count Three is duplicitous in that it charges him with four distinct offenses. Finally, the Defendant contends that Count Three fails to state a violation of Section 1030(a)(2)(C) that is punishable under Section 1030(c)(2)(B)(ii). The Court addresses the Defendant's arguments in turn.

## A.      The Defendant's contention that Section 1030 is unconstitutional

The Defendant advances two arguments that Section 1030 is unconstitutional. First, the Defendant argues that it is "constitutionally unfair" for Congress to "use a state common law civil cause of action in tort to transform a federal misdemeanor into a federal felony." [Doc. 40 at 8]; [Doc. 39 at 3] ("A state civil cause of action in tort is insufficient to support a federal criminal felony enhancement."). Second, the Defendant argues that Section 1030 is unconstitutionally vague both on its face and as applied to him. For the following reasons, the Court rejects the Defendant's arguments.

### 1.      Section 1030 does not violate the Constitution because it is "unfair."

The Defendant contends that Section 1030 violates the Constitution because it is "unfair." [Doc. 40 at 8]. But he fails to point to any constitutional provision that might explain what he means. Accordingly, the Court rejects the Defendant's argument to the extent that it asserts general unfairness as a stand-alone basis for finding Section 1030 unconstitutional. Whether Section 1030

is "fair" seems to be a matter within the purview of the legislative branch. See 14 Penn Plaza v. Pyett, 129 S. Ct. 1456, 1472 (2009) ("Absent a constitutional barrier, 'it is not for us to substitute our view of . . . policy for the legislation which has been passed by Congress.'") (quoting Florida Dept. of Rev. v. Piccadilly Cafeterias, Inc., 128 S. Ct. 2326, 2338-39 (2008)).

To the extent that the Defendant's assertion of unfairness is simply meant to introduce his arguments that Section 1030 is so vague that it violates the Due Process Clause of the Fifth Amendment, the Court addresses it *infra* in part A(2).

**2.      Section 1030 is not so vague that it violates the Fifth Amendment.**

The Defendant argues that Section 1030 violates the Due Process Clause of the Fifth Amendment because it does not clearly define the conduct it proscribes. See [Doc. 40 at 19] (arguing that Count Three must be dismissed "because there is confusion surrounding the meaning and scope" of Section 1030); [Doc. 40 at 21] (arguing that Section 1030 is so vague that it does not provide "fair warning" that particular conduct is proscribed); [Doc. 40 at 21] ("Count 3 must be dismissed as unconstitutionally vague"). The Court disagrees.

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall...be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. A criminal statute violates the Due Process Clause, and is thus void, if it is so vague that it "fails to provide a person of ordinary intelligence fair notice of what is prohibited," or it "is so standardless that it authorizes or encourages seriously discriminatory enforcement."[3] United States v. Williams, 553

_____

[3] The Court notes that it is appropriate to look to Fourteenth Amendment Due Process Clause jurisprudence for guidance in determining whether a statute is so vague that it violates the Due Process Clause of the Fifth Amendment. See Parker v. Levy, 417 U.S. 733, 755 (1974) ("This Court has on more than one occasion invalidated statutes under the Due Process Clause of the Fifth or Fourteenth Amendment because they contained no standard whatever by which criminality could be ascertained, and the [collective] doctrine of these cases has subsequently

U.S. 285, 128 S. Ct. 1830, 1845 (2008) (citing <u>Hill v. Colorado</u>, 530 U.S. 703, 732 (2000)); <u>see also</u>

<u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983) (explaining that the "void-for-vagueness doctrine"

of Fourteenth Amendment jurisprudence "requires that a penal statute define the criminal offense

with sufficient definiteness that ordinary people can understand what conduct is prohibited and in

a manner that does not encourage arbitrary and discriminatory enforcement").

      Whether a statute provides fair notice of what it proscribes is determined with an objective

standard.  <u>See</u> <u>McBoyle v. United States</u>, 283 U.S. 25, 27 (1931) ("Although it is not likely that a

criminal will carefully consider the text of the law before he murders or steals, it is reasonable that

fair warning should be given to the world in language that the common world will understand, of

what the law intends to do if a certain line is passed.  To make the warning fair, so far as possible

the line should be clear."); <u>United States v. Harriss</u>, 347 U.S. 612, 617 (1954) ("The underlying

principle is that no man shall be held criminally responsible for conduct which he could not

reasonably understand to be proscribed."); <u>see also</u> <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 355

n.5 (1964) (explaining that under Fourteenth Amendment jurisprudence "[t]he determination

whether a criminal statute provides fair warning of its prohibitions must be made on the basis of the

statute itself and the other pertinent law, rather than on the basis of ad hoc appraisal of the subjective

expectations of particular defendants").  Whether a statute "authorizes or encourages seriously

discriminatory enforcement" is determined by considering the degree to which it describes

prohibited conduct using objective criteria.  The use of objective criteria in a description of

proscribed conduct "minimize[s] the possibility of arbitrary enforcement."  <u>Posters 'N' Things, Ltd.</u>

---

acquired the shorthand description of 'void for vagueness.'") (citations omitted).  Accordingly,
the Court relies upon judicial decisions in cases involving both Fifth and Fourteenth Amendment
"void for vagueness" challenges.

v. United States, 511 U.S. 513, 526 (1994).

The Supreme Court has recently explained that "the mere fact that close cases can be envisioned" does not render a statute unconstitutionally vague.  Williams, 128 S. Ct. at 1846.  The Court stated as follows:

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, we have struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"-wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

Id.

In this case, the Defendant is charged with a violation of 18 U.S.C. § 1030(a)(2)(C) that is punishable under 18 U.S.C. § 1030(c)(2)(B)(ii).  Those provisions state as follows:

> (a) Whoever–
>
>> (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains–
>>
>> (C) information from any protected computer if the conduct involved an interstate or foreign communication;[4]
>
>> shall be punished as provided in subsection (c) of this section.
>
> (c) The punishment for an offense under subsection (a) or (b) of this section is–
>
>> (2) . . . .
>>
>> (B) a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under

---

[4]In September 2008, after the alleged date of the indicted offense, 18 U.S.C. § 1030 was amended to remove the language "if the conduct involved an interstate or foreign communication" from subsection (a)(2)(C).

this subparagraph, if–

>        (ii) the offense was committed in furtherance of any
>        criminal or tortious act in violation of the Constitution
>        or laws of the United States or of any State[.]

18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii).

The Defendant contends that Section 1030 is facially vague for three reasons. First, the Defendant argues that Section 1030 contains a number of vague terms. Second, the Defendant argues that Section 1030 is vague as to precisely what conduct is described by the phrase "any criminal or tortious act" used in subsection (c)(2)(B)(ii). Third, the Defendant argues that Section 1030 is vague because it allows for arbitrary enforcement. For the following reasons, the Court rejects these arguments.

> **(i)**    **The terms "access," "obtain," and "information" used in Section 1030 are not vague.**

The Defendant argues that Section 1030 is facially vague because it contains vague terms. He points out that the terms "access," "information," and "obtain" are not defined in the statute, and he argues that these terms are too broad for a reasonable person to understand so as to know what conduct is proscribed. In response, the Government argues that the fact that words in a statute are undefined and are capable of being interpreted in more than one way does not render the statute void for vagueness.

The Court finds that although the terms "access," "information," and "obtain" are not defined in Section 1030, their meaning in the context of the statute can be understood by a person of ordinary intelligence. The failure to define statutory terms does not automatically render those terms vague. See Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees, 411 F.3d 777, 797-98 (6th Cir. 2005), cert. denied, 546 U.S. 1089 (2006). "When the common meaning of a word provides

both adequate notice of the conduct prohibited and standards for enforcement, a statute's failure to define a term will not render the statute unconstitutionally void for vagueness." United States v. Haun, 90 F.3d 1096, 1101 (6th Cir. 1996). "Condemned to the use of words, we can never expect mathematical certainty from our language." Grayned v. City of Rockford, 408 U.S. 104, 110 (1972). Accordingly, the Constitution does not require Congress to define every word in its statutes with "meticulous specificity." Id. at 108. The words "access," "information," and "obtain" are "commonly used in both legal and common parlance," and this frequency of usage suggests that each word is "sufficiently clear so that a reasonable person can understand its meaning." Deja Vu, 411 F.3d at 798. The Court concludes that Section 1030 should not be found to be void for vagueness on the basis of the Defendant's first argument.

**(ii)    The phrase "any criminal or tortious act" used in Section 1030 is not vague.**

The Defendant argues that the phrase "any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" in Section 1030(c)(2)(B)(ii) is vague because it encompasses a "conceptually unlimited, and growing," amount of conduct. [Doc. 40 at 21; see [Doc. 40 at 8] ("The term 'tort' defies easy definition."); [Doc. 40 at 9] ("The law on [any specific tort] differs in scope and interpretation among the potentially relevant states."). Thus, the Defendant argues, Section 1030(c)(2)(B)(ii) does not give an ordinary person fair notice of the circumstances under which a violation of Section 1030(a)(2)(C) may be punished as a felony–i.e., with a term of imprisonment of more than one year.[5] See [Doc. 40 at 22] (asserting that "the number of 'crimes or tortious acts' which can be used to transform a misdemeanor into a felony is only

_____

[5] Section 1030(c)(2)(B)(ii) allows for punishment with a term of imprisonment of not more than 5 years for a violation of Section 1030(a)(2)(C). A felony is defined in Title 18 as a crime punishable by a term of imprisonment of more than one year. See 18 U.S.C. § 3559(a).

limited by a prosecutor's imagination," and arguing that "[t]he result is that one cannot know in advance how or whether he or she will be punished").

The Court finds that, while broad, the phrase "any criminal or tortious act in violation of the Constitution or laws of the United States or of any State," is not vague. The plain meaning of the phrase provides objective criteria that permit an individual to determine whether a particular violation of Section 1030(a)(2)(C) amounts to a felony. A violation of Section 1030(a)(2)(C) may be punished as a felony if it is done in furtherance of a crime or a tort under federal or state law. The Defendant argues that because the number of federal and state crimes and torts is virtually unlimited, *every* violation of Section 1030(a)(2)(C) may be punished as a felony. The Court disagrees. Although federal and state crimes and torts are indeed numerous, they are also numerable. A statute is not unconstitutionally vague because it allows for enhanced punishment of too many activities or types of conduct. It is vague when the average person cannot determine what those activities and types of conduct are. With regard to Section 1030, the Court finds that the average person can understand when conduct that violates subsection (a)(2)(C) may be punished as a felony under subsection (c)(2)(B)(ii).

The Court acknowledges that some states may recognize a certain tort, while others do not, thus creating the possibility that computer fraud will be punished differently depending on where it is committed. The Court has not located–and the Defendant has not pointed out–any judicial decision addressing the question of whether the phrase "any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" is vague. Therefore, the Court begins by observing that Congress may enact laws that rely upon or incorporate state law. United States v. Sharpnack, 355 U.S. 286, 293 (1958) (upholding the constitutionality of the Assimilative Crimes

11

Act, which applies state criminal law in a federal enclave); United States v. Sacco, 491 F.2d 995, 1003 (9th Cir. 1974) (en banc).  Additionally, in empowering Congress to enact laws under the Commerce Clause, the Constitution imposes no requirement of uniformity among states.  Currin v. Wallace, 306 U.S.1, 13-14 (1939) (noting that laws enacted under the Commerce Clause are still subject to the Due Process Clause of the Fifth Amendment); Sacco, 491 F.2d at 1003.

The Court of Appeals for the Sixth Circuit has determined that making the violation of state law an element of a federal crime does not render a federal statute unconstitutionally vague.  See United States v. Leon, 534 F.2d 667, 673 (6th Cir. 1976), overruled on other grounds, United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984); see also United States v. Wall, 92 F.3d 1444, 1451 n.16 (6th Cir. 1996).  In Leon, the defendants argued that the federal gambling statute, 18 U.S.C. § 1955, was vague and arbitrarily applied in violation of the Fifth Amendment because one of its elements, "an illegal gambling business," requires that gambling violate the law of the state where the business is conducted.  534 F.2d at 673.  The Court of Appeals for the Sixth Circuit rejected this argument and adopted the reasoning of the Court of Appeals for the Eighth Circuit, which described the problem as follows:

> An additional constitutional problem is suggested because § 1955 prohibits gambling businesses which are in violation of the law of the state or political subdivision in which they are conducted.  As a result, the effect of the statute may not be uniform throughout the nation.  Gambling activity conducted in one state may be a federal offense, while the same activity in another state may not be a federal offense.  Even within a state, some forms of gambling may be federal offenses while other forms of gambling may not be.

Schneider v. United States, 459 F.2d 540, 542 (8th Cir.), cert. denied, 409 U.S. 877 (1972).

Observing that the Supreme Court has not required national uniformity in Commerce Clause legislation, and that it has approved the incorporation of state laws into federal statutes in various

contexts, the Court of Appeals for the Eighth Circuit held that the potential for variation in state gambling law did not cause Section 1955 to violate the Due Process Clause of the Fifth Amendment. Id. at 543; accord United States v. Morrison, 531 F.2d 1089, 1093 (1st Cir. 1976). "The fact that 1955 applies only in states where gambling is illegal does not result in a denial of equality under the law guaranteed by the due process clause of the Fifth Amendment." Sacco, 491 F.2d at 1003; accord Leon, 534 F.2d at 673 (relying on Sacco).

The Court finds that the analysis in Leon applies equally to the incorporation of state law in Section 1030(c)(2)(B)(ii). Accordingly, the fact that 1030(c)(2)(B)(ii) may hypothetically have the effect of making the same violation of 1030(a)(2)(C) punishable as a felony when it is committed in one state and punishable only as a misdemeanor when committed in another does not result in a denial of equality under the law guaranteed by the Due Process Clause of the Fifth Amendment.

The Court concludes that the Defendant's argument is without merit. The Defendant's "problem is not that § 1030 has been turned in a direction that would have surprised reasonable people; it is that a broad statute has been applied exactly as written, while he wishes that it had not been." United States v. Mitra, 405 F.3d 492, 496 (7th Cir. 2005). "There is no constitutional obstacle to enforcing broad but clear statutes." Id. Thus, Section 1030 should not be found to be void for vagueness on the basis of the Defendant's second argument.

### (iii)    Section 1030 is not "so standardless that it authorizes or encourages seriously discriminatory enforcement."

The Defendant obliquely argues that Section 1030(c)(2)(B)(ii) allows for arbitrary punishment of violations of Section 1030(a)(2)(C). See [Doc. 40 at 22] ("Because the number of 'crimes or tortious acts' which can be used to transform a misdemeanor into a felony is only limited by a prosecutor's imagination, the statute does not place any checks or balances on prosecutorial

discretion."). The Defendant does not develop this argument, and he fails to provide any authority supporting his contention that a statute that simply allows for enhanced punishment in specified situations "authorizes or encourages seriously discriminatory enforcement." Williams, 128 S. Ct. at 1845. The Defendant's argument appears to be based wholly on his assertion–rejected *supra* in part A(2)(ii) of this report and recommendation–that the phrase "any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" in Section 1030(c)(2)(B)(ii) is vague because it encompasses a "conceptually unlimited, and growing," amount of conduct. [Doc. 40 at 21]. Accordingly, the Court finds that the Defendant's argument is without merit.

**B.     The Defendant's contention that Count Three itself is vague**

The Defendant contends that Count Three is vague because it fails to adequately specify the "criminal and tortious act" that he allegedly meant to further when he violated Section 1030(a)(2)(C). [Doc. 40 at 18] ("[T]here are two recognized causes of action for tortious invasion of privacy in Tennessee. Count 3 does not specify which is alleged...[T]his creates a due process notice problem."). As explained in the Memorandum and Order [Doc. 132 at 8-10] on the Defendant's Motion for Bill of Particulars [Doc. 46], the Court agrees that Count Three improperly fails to specify the "criminal and tortious act" that the Defendant allegedly meant to further. But the appropriate remedy for this improper pleading is not dismissal of Count Three. Instead, the Court has ordered particularization. See [Doc. 132 at 8-10]. As an additional remedy, the undersigned also recommends that the District Court reformulate Count Three. The reasons for this recommendation are explained *infra* in part C.

**C.      The Defendant's contention that Count Three is duplicitous**

The Defendant contends that Count Three "is duplicitous," [Doc. 40 at 5], because it alleges four distinct offenses in a single count.  He argues that Count Three charges him with the following four offenses:

> (1)    violating § 1030 in furtherance of violating § 1030
>
> (2)    aiding an abetting a violation of § 1030 in furtherance of violating § 1030
>
> (3)    violating § 1030 in furtherance of aiding and abetting other violations of § 1030
>
> (4)    aiding and abetting a violation of § 1030 in furtherance of aiding and abetting other violations of § 1030

[Doc. 40 at 6].

The Defendant asserts that if he is found guilty on Count Three, he will be exposed to cumulative punishment for the same conduct.  See [Doc. 40 at 7] ("When two convictions are authorized by separate statutes, the test set out in Blockburger v. United States is used to determine whether Congress specifically authorized cumulative punishment for the same conduct.  Here, we need not even resort to the Blockburger test because the **same** statute is alleged twice within the same count.") (emphasis original) (citations omitted).  Accordingly, the Defendant concludes that Count Three must be dismissed as duplicitous because it creates the potential that he will be inappropriately sentenced.  See [Doc. 40 at 7] ("Duplicitous indictments must be dismissed because of the potential to prevent appropriate sentencing.").

The Court finds the Defendant's argument that Count Three charges him with four distinct offenses to be untenable.  But the Court also finds that Count Three was so inartfully drafted that it is potentially defective.  The syntax of Count Three obfuscates its meaning.  And, when read most naturally, Count Three appears duplicitous.

An indictment suffers from the defect of duplicity when it charges two or more distinct

offenses in a single count.  United States v. Savoires, 430 F.3d 376, 379-80 (6th Cir. 2005) (citing

United States v. Davis, 306 F.3d 398, 415 (6th Cir. 2002), cert. denied, 537 U.S. 1208 (2003)).  The

primary vice of duplicity is that there is no way for a jury to render a general verdict that convicts

on one offense and acquits on another offense contained in the same count.  By the same token,

when a jury renders a general verdict that convicts on a duplicitous count, it is impossible for the

court and the defendant to know if the jurors reached a unanimous agreement on either charged

offense.  Davis, 306 F.3d at 415 ("The overall vice of duplicity is that the jury cannot in a general

verdict render its finding on each offense, making it difficult to determine whether a conviction rests

on only one of the offenses or both."); United States v. Washington, 127 F.3d 510, 513 (6th Cir.

1997) ("A general verdict of guilty will not reveal whether the jury found the defendant guilty of

one crime and not guilty of the others, or guilty of all."); but cf. Savoires, 430 F.3d at 380

(explaining that a duplicitous charge "is not prejudicial *per se*, because proper jury instructions can

mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether

all members of the jury had found the defendant guilty of the same offense").

        The purposes of the rule against duplicitous indictments were best summarized by the Court

of Appeals for the Second Circuit in United States v. Moloney, 287 F.3d 236, 239, cert. denied, 537

U.S. 951 (2002):

>           (1) avoiding the uncertainty of whether a general verdict of guilty
>           conceals a finding of guilty as to one crime and a finding of not guilty
>           as to another, (2) avoiding the risk that the jurors may not have been
>           unanimous as to any one of the crimes charged, (3) assuring the
>           defendant adequate notice, (4) providing the basis for appropriate
>           sentencing, and (5) protecting against double jeopardy in a
>           subsequent prosecution.

(numeration added) (quoting United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981)).

"'The yardstick in determining whether there is duplicity...is whether one offense or separate offenses are charged, and...this is a difficult and subtle question.'" Davis, 306 F.3d at 415-16 (quoting 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 142, at 17 (3d ed.1999)). "The test announced most often in the cases is that offenses are separate if each requires proof of an additional fact that the other does not." Id. (internal quotation marks omitted).

In this case, Count Three charges the Defendant as follows:

> The introductory allegations set forth in paragraphs 1 - 14 are re-alleged herein. On or about September 16, 2008, in the Eastern District of Tennessee and elsewhere, Defendant
>
> DAVID C. KERNELL,
>
> in furtherance of the commission of a criminal and tortious act in violation of the laws of the United States and the State of Tennessee, including aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C) (Fraud and Related Activity in Connection with Computers); and tortious invasion of privacy, intentionally and without authorization, and in excess of authorization, accessed a protected computer by means of an interstate communication and thereby obtained information, and did aid and abet in same.

[Doc. 21 at 7, para. 27] (citing 18 U.S.C.§ 1030(a)(2)(C) and (c)(2)(B)(ii)).

The Court construes Count Three as charging two distinct offenses. The first offense is a violation of 18 U.S.C. § 1030(a)(2)(C) that is punishable under 18 U.S.C. § 1030(c)(2)(B)(ii). This offense has two components. The first component is conduct that violates Section 1030(a)(2)(C) (hereinafter "violative conduct"). Count Three properly alleges such violative conduct. To wit, Count Three states that the Defendant intentionally accessed a protected computer by means of interstate commerce, that he did so without authorization, and that he thereby obtained information. See 18 U.S.C. § 1030(a)(2)(C).

The second component is that the violative conduct be done "in furtherance of any criminal

or tortious act in violation of the Constitution or laws of the United States or of any state."  18 U.S.C. § 1030(c)(2)(B)(ii).  Count Three awkwardly alleges this component.  Count Three alleges that the Defendant's violative conduct was done "in furtherance of the commission of a criminal and tortious act in violation of the laws of the United States and the State of Tennessee, including aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C) (Fraud and Related Activity in Connection with Computers); and tortious invasion of privacy."  [Doc. 21 at 7, para. 27].  There are several problems with this allegation.

First, the use of the word "including" is inconsistent with the preceding use of the word "act" in its singular form.  Properly written, the phrase would be: "in furtherance of the commission of criminal and tortious *acts* in violation of the laws of the United States and the State of Tennessee, including..."

Second, the use of a semicolon is improper.  Its purpose is unclear to the Court, and it appears unnecessary.

Third, the use of the word "including" implies that the Defendant's violative conduct was allegedly done in furtherance of "aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C)," in furtherance of "tortious invasion of privacy," *and* in furtherance of at least one more unspecified "criminal and tortious act."  As previously explained by the Court in the Memorandum and Order [Doc. 132 at 8-10] on the Defendant's Motion for Bill of Particulars [Doc. 46], this sort of open-ended pleading is improper.  The Government must allege that the Defendant's violative conduct was done in furtherance of a definite number of clearly specified criminal and/or tortious acts.

Fourth, the phrase "in furtherance of aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C)" is awkward and creates confusion.  It is difficult to conceptualize the difference

between violative conduct done "in furtherance of other violations of 18 U.S.C. § 1030(a)(2)(C)," and violative conduct done "in furtherance of *aiding and abetting* other violations of 18 U.S.C. § 1030(a)(2)(C)."

Fifth, the phrase "in furtherance of aiding and abetting other violations of 18 U.S.C. § 1030(a)(2)(C)" does not make clear whether the "other violations" were committed by the Defendant himself or by other individuals. The Defendant argues that Count Three can be interpreted as charging him with committing a crime in furtherance of the same crime. [Doc. 40 at 6] ("In sum, the Government has charged that Mr. Kernell committed a crime in furtherance of the same crime."). The Government argues that Count Three alleges that the Defendant's violative conduct was done in furtherance of both his own distinct "additional criminal conduct" *and* "illegal accesses by other people of Governor Palin's [email] account." [Doc. 48 at 27] ("Count Three does not charge the Defendant with committing a crime in furtherance of itself."). The Court finds that it is most natural to read Count Three as alleging that the Defendant's violative conduct was done in furtherance of future violations of 18 U.S.C. § 1030(a)(2)(C) committed by other individuals.

Sixth, the phrase "without authorization, and in excess of authorization," is needlessly repetitive and potentially confusing.

In addition to the six problems set out above, Count Three also has a more serious potential defect: it appears to charge the Defendant with a second distinct offense. Count Three states that the Defendant "accessed a protected computer by means of an interstate communication and thereby obtained information, *and did aid and abet in same*." [Doc. 21 at 7] (emphasis added). The italicized phrase appears to charge the Defendant with a distinct offense, i.e. aiding and abetting the illegal access of a protected computer by someone other than himself. Thus, the inclusion of the

italicized phrase in Count Three creates a potential duplicity defect.

Although the Defendant is correct that it is possible to read Count Three as charging multiple offenses, he has not persuaded the Court that dismissal is the appropriate remedy. As a rule of pleading, the defect of duplicity is not fatal to an indictment; instead, it "may be cured by reformulation." United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988); United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981) ("The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment."); see also Reno v. United States, 317 F.2d 499, 502 (5th Cir. 1963) ("The entire count should not be dismissed when a less drastic ruling will suffice."). A district court may reformulate a potentially duplicitous count in an indictment by narrowing–or striking out parts of–the allegations contained therein. See Duncan, 850 F.2d at 1108 n.4; cf. United States v. Miller, 471 U.S. 130, 144 (1985) (stating that it does not constitute an unconstitutional amendment "to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it"); id. at 145 (it was permissible for the District Court to grant a Government motion to strike an allegation in an indictment after it was not proved at trial because "the court's action" did not, "in effect, add anything to [the indictment] by submitting to the jury matters which it did not charge"); id. ("In Salinger v. United States, 272 U.S. 542, 548-49 (1926), we explicitly held that where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment."); United States v. Hathaway, 798 F.2d 902, 911 (6th Cir. 1986) ("The rule prohibiting judicial amendment of indictments is inapplicable to matters of form or surplusage.") (citations omitted).

The defect of duplicity may also be cured with jury instructions that clarify inartfully drafted allegations and restate problematic counts such that each only charges one offense. See Duncan, 850 F.2d at 1108 n.4 ("Courts rejecting duplicity challenges to multiple-predicate counts, however, often premise their rulings on the condition that later augmented jury instructions will adequately protect the defendant against the risk of a nonunanimous verdict.") (citing United States v. Shorter, 608 F. Supp. 871, 881-82 (D.D.C. 1985), aff'd, 809 F.2d 54, 56-58 (D.C. Cir.), cert. denied, 484 U.S. 817 (1987)); Robinson, 651 F.2d at 1194 (6th Cir. 1981) ("a duplicitous...indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count of the indictment") (citations omitted); Margiotta, 646 F.2d at 733; see also Savoires, 430 F.3d at 380 (explaining that a duplicitous charge "is not prejudicial *per se*, because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense").

In this case, the undersigned recommends that the District Court reformulate Count Three to avoid the potential defect of duplicity, and to correct the problems created by awkward syntax. The undersigned recommends that the District Court reformulate Count Three to state as follows:

> The introductory allegations set forth in paragraphs 1 - 14 are re-alleged herein. On or about September 16, 2008, in the Eastern District of Tennessee and elsewhere, Defendant
>
> DAVID C. KERNELL,
>
> in furtherance of the commission of criminal and tortious acts in violation of the laws of the United States and the State of Tennessee, to wit, violations by other individuals of 18 U.S.C. § 1030(a)(2)(C) (Fraud and Related Activity in Connection with Computers) and tortious invasion of privacy, intentionally and without authorization, accessed a protected computer by means of an interstate communication and thereby obtained information.

This reformulation does not add anything to Count Three, and it does not broaden Count Three. Instead, it merely clarifies what the Defendant is charged with and removes surplus language. Accordingly, the recommended reformulation is not an improper amendment.[6]

**D.      The Defendant's contention that Count Three fails to state a felony violation of Section 1030**

The Defendant advances two arguments that Count Three fails to state an offense.  First, the Defendant argues that Count Three fails to state an offense punishable under 18 U.S.C. § 1030(c)(2)(B)(ii) because it does not allege a violation of 18 U.S.C. § 1030(a)(2)(C) committed in furtherance of a separate and distinct "crime or tortious act."  Second, the Defendant argues that Count Three fails to state an offense because it does not specify the elements of the Tennessee state tort of invasion of privacy.  See [Doc. 40 at 4] ("Count 3 fails to state a felony offense because the Government did not allege a sufficient privacy interest."); [Doc. 40 at 19] ("Count 3 never alleges that any injury, loss, or damages [sic].  These are facts that must be included in the indictment and found by a jury."); [Doc. 40 at 14] ("Count 3 is insufficient because it does not include the elements of the enhancing crime or the enhancing tort" and "it fails to allege all of the facts necessary to support a violation of Section 1030 or the tort of invasion of privacy."); [Doc. 40 at 18] ("In order for Mr. Kernell to be punished under 18 U.S.C. § 1030(c)(2)(B)(ii), the Government must prove that (1) an offense was committed, (2) the offense was committed in furtherance of a criminal act or tortious act, and (3) the criminal or tortious act was in violation of the laws of the United States.

---

[6] Should the District Court seek an alternative to reformulation, the undersigned would recommend allowing this case to proceed to trial on Count Three as written in the Superseding Indictment and then taking care to construct jury instructions that are modeled on the reformulated version of Count Three set out above.

Count 3 alleges that an offense was committed and that one crime and one tort were committed, but Count 3 contains neither the elements of the crime nor the elements of the tort."). For the following reasons, the Court rejects both arguments.

1. **Count Three properly alleges all of the elements of a violation of 18 U.S.C. § 1030(a)(2)(C) that is punishable under 18 U.S.C. § 1030(c)(2)(B)(ii)**.

An individual violates 18 U.S.C. § 1030(a)(2)(C) when he intentionally, and without authorization, accesses a protected computer by means of interstate communication and thereby obtains information. See 18 U.S.C. § 1030(a)(2)(C). Such a violation is ordinarily punishable by a fine or imprisonment of not more than *one* year, or both; thus, it is a misdemeanor. See 18 U.S.C. §§ 1030(c)(2)(A); 3559(a). A violation of 1030(a)(2)(C) is punishable by a fine or imprisonment of not more than *five* years, or both–and thus is a felony–when it is "committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any state." 18 U.S.C. §§ 1030(c)(2)(B)(ii); 3559(a).

In this case, the Defendant argues that Count Three "fails to allege facts sufficient, if proven, to support a felony violation of Section 1030." [Doc. 40 at 2]. The Defendant asserts that Count Three charges him with the act of accessing an email account without authorization in furtherance of the future act of accessing the same email account without authorization. Thus, the Defendant argues, the Government has alleged that his initial act was done not in furtherance of a separate and distinct "criminal or tortious" act, but in furtherance of a future *identical* act. The Defendant argues that Section 1030 does not prescribe additional punishment for an individual who does an act in furtherance of a future identical act. [Doc. 40 at 2] (stating that Count Three improperly "aggregate[s] identical federal misdemeanor [violations] into a felony"); [Doc. 40 at 3] ("the criminal or tortious act used to enhance a penalty must be a *separate* act"); [Doc. 40 at 4] ("The act

23

done in furtherance of the underlying act must be 'other than' that underlying act."); [Doc. 40 at 4] ("There is no additional harm to protect against or to warrant additional punishment."); [Doc. 40 at 5] ("In order to inflate the statutory penalty, Count 3 essentially says that Mr. Kernell accessed a computer without authorization in furtherance of accessing a computer without authorization; moreover, at least in part, Count 3 says that Mr. Kernell violated § 1030(a)(2) for the purpose of violating § 1030(a)(2). In sum, the Government has charged that Mr. Kernell committed a crime in furtherance of the same crime."). Accordingly, the Defendant concludes that Count Three does not state a violation of Section 1030(a)(2)(C) that is punishable under Section 1030(c)(2)(B)(ii).

The Court disagrees. As explained *supra* in part C of this report and recommendation, the Court finds that Count Three alleges that the Defendant violated Section 1030(a)(2)(C) in furtherance of the Tennessee state tort of invasion of privacy *and* in furtherance of the commission by other individuals of future violations of Section 1030(a)(2)(C). Thus, Count Three specifies two independent bases upon which the jury could conclude that the Defendant committed a violation of Section 1030(a)(2)(C) that is punishable under Section 1030(c)(2)(B)(ii). See Miller, 471 U.S. at 136 ("an indictment may charge...the commission of one offense in several ways"). Count Three does not allege that the Defendant engaged in conduct that violates Section 1030(a)(2)(C) in furtherance of his own identical conduct in the future.

The Court concludes that Count Three properly alleges all of the elements of a violation of 18 U.S.C. § 1030(a)(2)(C) that is punishable under 18 U.S.C. § 1030(c)(2)(B)(ii).

**2.      The elements of the tort of invasion of privacy are not essential facts that must be alleged in an indictment charging a violation of 18 U.S.C. § 1030(a)(2)(C) committed in furtherance of that tort.**

Count Three informs the Defendant of the statute he is charged with violating, the dates he

is alleged to have violated that statute, the elements of the offense, and the conduct he is alleged to have engaged in. The Court has ordered [Doc. 132] the Government to particularize Count Three with regard to which type of tortious invasion of privacy the Defendant's violation of Section 1030(a)(2)(c) was allegedly meant to further. Nothing more is required. See Hamling, 418 U.S. at 117 (an indictment is generally not defective if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"). The Government is not required to identify in the Indictment the elements of the tort of invasion of privacy. Cf. United States v. Branan, 457 F.2d 1062, 1064 (6th Cir. 1972) ("an indictment for conspiring to commit an offense–in which the conspiracy is the gist of the crime–it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy."). Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "concise" and contain "essential facts." Fed. R. Crim. P. 7(c)(1). It does not require that an indictment state *every* fact alleged by the Government.

The Court concludes that Count Three adequately "apprises the Defendant of what he must be prepared to meet." See Debrow, 346 U.S. at 376. Accordingly, Count Three should not be dismissed because it does not allege the elements of the tort of invasion of privacy.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[7] that (1) the Defendant's Motion to Dismiss Computer Fraud Count and Its Felony Enhancement **[Doc. 39]** be **DENIED**, and (2) Count Three of the Indictment [Doc. 21 at 7, para. 27] be reformulated to state as follows:

> The introductory allegations set forth in paragraphs 1 - 14 are re-alleged herein. On or about September 16, 2008, in the Eastern District of Tennessee and elsewhere, Defendant

> DAVID C. KERNELL,

> in furtherance of the commission of criminal and tortious acts in violation of the laws of the United States and the State of Tennessee, to wit, violations by other individuals of 18 U.S.C. § 1030(a)(2)(C) (Fraud and Related Activity in Connection with Computers) and tortious invasion of privacy, intentionally and without authorization, accessed a protected computer by means of an interstate communication and thereby obtained information.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[7]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).