UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cr-142 |
| ) | (Phillips) |
| DAVID C. KERNELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On April 7, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a Report and Recommendation ("R&R") [Doc. 141] in which he recommended to deny Defendant's Motion to Dismiss Computer Fraud Count and Its Felony Enhancement [Doc. 39].

This matter is presently before the Court on Defendant's timely objections to the R&R [Doc. 147] and the Government's timely objections to the R&R [Doc. 155]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which the parties object.

Judge Shirley made several finding in his R&R [Doc. 141]. First, Judge Shirley found that 18 U.S.C. § 1030(a)(2)(C) is not unconstitutional. [*Id.* at 5-14.]. Second, Judge Shirley found that Count Three presents a "potential duplicity defect," [*Id.* at 20], and that such problem could be cured by reformulating the indictment. [*Id.* at 15-21]. In particular, Judge Shirley found that charging Defendant with aiding and abetting "create[d] a potential duplicity defect." [*Id.* at 20]

1

The Defendant objects to the R&R in its entirety. [Doc. 147]. The Government objects to the portion that found there was a duplicitous problem. The Government argues that there is no duplicitous problem because charging the Defendant with "aiding and abetting" is not a distinct substantive crime. *See United States v. McGree*, 529, F.3d 691, 695 (6th Cir. 2008) (quotation marks omitted). The Government is correct.

There is no duplicitous problem with Count Three because "aiding and abetting" is a "*theory of liability* embodied in every federal indictment, whether specifically charged or not, and *not a distinct substantive crime*." *Id.* (emphasis added). Therefore, to the extent that Judge Shirley held that Count Three is duplicitous, the Court rejects that part of the R&R. Having found that Count Three is not duplicitous, the Court rejects Judge Shirley's recommendation to reformulate Count Three. In addition, the more appropriate response to a duplicitous count of an indictment is a carefully drafted jury instruction, not reformulation.

However, the Court finds itself in agreement with the remainder of Judge Shirley's analysis. In particular, the Court agrees with Judge Shirley that 18 U.S.C. § 1030(a)(2)(C) is not unconstitutional. [Doc. 141 at 5-14]. In addition, the Court agrees that Count Three states a felony violation of Section 1030. [*Id.* at 22-25].

Consequently, defendant's objections [Doc. 147] will be **OVERRULED**, the R&R [Doc. 141] will be **ACCEPTED IN PART AND REJECTED IN PART**, and the underlying motion to dismiss [Doc. 39] will be **DENIED**.

2

**IT IS SO ORDERED.**

                **ENTER:**

                        <u>     s/ Thomas W. Phillips    </u>
                          United States District Judge