# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CR-142** |
| | ) | **(Phillips)** |
| **DAVID C. KERNELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment [Doc. 194]. In April 2010, Defendant was tried for the following offenses: identify theft, in violation of 18 U.S.C. § 1028 (Count One of the Superseding Indictment); wire fraud, in violation of 18 U.S.C. § 1343 (Count Two); unauthorized access of a computer in furtherance of aiding and abetting other violations of unauthorized access, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii) (Count Three); and destruction or alteration of a record or document with the intent to obstruct an investigation, in violation of 18 U.S.C. § 1519 (Count Four). At the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.

On April 30, 2010, a jury returned verdicts on three of the four counts. Defendant was found guilty of the lesser-included offense of Count Three, and guilty of Count Four. Defendant was found not guilty of Count Two. The Court declared a mistrial on Count One based upon jury deadlock.

1

On May 14, 2010, Defendant filed a Motion for Judgment of Acquittal and Motion for Arrest of Judgment [Doc. 194]. Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, Defendant argues that the evidence was insufficient to support his convictions. [Id.]. Pursuant to Rule 34 of the Federal Rules of Criminal Procedure, Defendant argues that the Superseding Indictment did not charge an offense in Count Four. [Id.]. On May 25, 2010, the Government filed its response. [United States's Response in Opposition, Doc. 195]. For the following reasons, Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment [Doc. 194] is **DENIED**.

## I.     STANDARD OF REVIEW

### A.     Motion for Judgment of Acquittal

As the Court of Appeals for the Sixth Circuit has stated, "[a] Rule 29 motion is a challenge to the sufficiency of the evidence." United State v. Kuehne, 547 F.3d 667, 696 (6th Cir. 2008) (quotations and citation omitted). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[T]his court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not remove every reasonable hypothesis except that of guilt." United States v. Jones, 102 F.3d 804, 807 (6th Cir. 1996) (internal quotation marks omitted). "This standard applies regardless whether direct or circumstantial evidence supports the conviction. In addition, this Court must draw reasonable inferences from the evidence in the government's favor." United States v. Pollard, 778 F.2d 1177, 1180 (6th Cir. 1985).

### B.     Motion for Arrest of Judgment

Under Rule 34 of the Federal Rules of Criminal Procedure, a defendant may move to arrest

the judgment if "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34. Thus, evidence admitted at trial is not relevant to a motion for arrest of judgment. *See* United States v. McLemore, 815 F. Supp. 432, 433 n. 3 (S.D. Ala. 1993) ("The evidence adduced at trial, is however, not relevant to a motion for arrest of judgment under Rule 34.") (citing United States v. Sisson, 399 U.S. 267 (1970)). *See also* United States v. Zisblatt, 172 F.2d 740, 742 (2d Cir. 1949) (recognizing that "any ruling whose validity depended upon the evidence taken at the trial, was not reviewable by motion in arrest"); United States v. Guthrie, 814 F. Supp. 942, 944 (E.D. Wash. 1993) (recognizing that Rule 34 motions "must be decided on the record alone, that is, on the indictment, plea, and verdict. The evidence [admitted at trial] is not within the record. Challenges to the sufficiency of the evidence are not proper under Rule 34.") (internal citations omitted).

## II.     ANALYSIS

### A.     Defendant's Motion for Judgment of Acquittal is Denied

#### 1.     The Evidence Was Sufficient to Support a Conviction of Count Four

Although labeled as a motion for judgment of acquittal, Defendant for the most part does not challenge the "sufficiency of the evidence." Instead, Defendant challenges the validity of the underlying law and the Superseding Indictment. While the Court has previously rejected these arguments, it will consider each in turn.[1]

First, Defendant argues that the Court erred by not granting the Amended Motion for Particularization [Doc. 46], which was filed prior to trial. In that motion, Defendant requested

_____

[1] For example, Defendant "renews his motion to suppress evidence seized from his apartment in September 2008." [Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment, Doc. 194 at 5]. The Court previously denied the motion to suppress. [*See* Memorandum and Order Denying Defendant's Motion to Suppress, Doc. 152].

particularization of the "record and document" referenced in Count Four of the Superseding Indictment. [Id.]. On April 2, 2010, United States Magistrate Judge C. Clifford Shirley entered a Memorandum and Order in which he denied Defendant's request. [*See* Judge Shirley's Memorandum and Order Granting in Part and Denying in Part Defendant's Amended Motion for Bill of Particulars, Doc. 132 at 11]. On April 13, 2010, the Court affirmed Judge Shirley's Memorandum and Order. [Doc. 154].

Defendant now argues that the Court's denial of the Amended Motion for Particularization [Doc. 46] "allowed the government to put irrelevant and otherwise extraneous information into evidence." [Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment, Doc. 194 at 3]. In particular, Defendant argues that "[t]he failure to particularize created a unanimity problem implicating the sufficiency of the evidence." [Id. at 4]. Prior to trial, the Court ruled it was unnecessary to particularize the "record and document" because the Government provided the specific records and documents during discovery. Accordingly, the denial of Defendant's request did not affect the "sufficiency of the evidence" in any meaningful way.

Second, Defendant argues that "the government presented insufficient proof of intent to obstruct . . ." [Id. at 2]. Section 1519 provides as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. The issue, therefore, is whether viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt." Jackson, 443 U.S. at 319. With regard to Count Four, Defendant

summarizes the evidence admitted at trial as:

> Taken in the light most favorable to the government, the evidence
> showed that between September 17 and September 18 at 9:56 a.m.,
> prior to being contacted by law enforcement, Mr. Kernell 'deleted'
> image files and screen shots that he was not supposed to have,
> uninstalled a web browser, cleared the internet cache from his web
> browser, and ran the defragmentation program on his computer.

[Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment, Doc. 194 at 5].

Defendant argues that the evidence was insufficient to support his conviction because: (1) he

preserved his laptop computer, which therefore shows he lacked the intent to obstruct an FBI

investigation; (2) Defendant called FBI Special Agent McFall to discuss the matter; and (3)

Defendant warned his friends to tell the truth to law enforcement officers about his involvement.

[Id. at 6-7].

     While those facts may support Defendant's position–that is, show that he allegedly lacked

intent to obstruct– that is not enough to justify a Rule 29 motion. Rather, the Court must consider

the evidence in the light most favorable to the Government, and decide whether "any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson,

443 U.S. at 319. Having reviewed the evidence admitted at trial, the Court finds that the

Government offered sufficient proof to support the conviction of Count Four. The following facts

are particularly significant.

     After Defendant changed the password of the Gov.Palin@yahoo.com account (hereafter, the

"Account"), Defendant visited the online message board website "4chan." On that website,

Defendant explained that he had discovered the password of the Account, and that he had accessed

it. Subsequently, other members on 4chan warned Defendant of possible FBI investigations.

Following the initial post on 4chan, Defendant shared the Account's password on the website. Soon after, Defendant posted a message on 4chan in which he expressed concern over FBI involvement. This fear was also expressed to Defendant's friends, Ben Reed and Riley Long, who testified at trial. In addition, Defendant performed a series of "searches" on the internet related to internet laws and subpoenas. For example, Defendant searched for information related to "legalities email" and "soppenaing ip addresses" (Defendant meant to type "subpoena").

While Defendant did not destroy his computer, the evidence at trial showed that Defendant attempted to delete images that he downloaded from the Account (including images of Governor Palin's family, and screen shots of the Account). Defendant also uninstalled his web browser and cleared the internet cache from the internet browser. While Defendant is correct that those features–the ability to uninstall a web browser or clear an internet cache–are standard features, when considering Defendant's other activities (the deletion of images on his computer downloaded from the Account, the searches for legal terms related to internet laws), a rational trier of fact could conclude that such actions were done in an attempt to hide his conduct. Considering the totality of the evidence, and viewing such evidence in the light most favorable to the Government, the Court finds that the Government presented sufficient evidence at trial that the Defendant acted with the intent to impede, obstruct, or influence the investigation of a matter by or within the jurisdiction of the FBI.

Third, Defendant argues that "the time period charged in the indictment and argued to the jury *preceded formal investigation*." [Id. at 6] [emphasis added]. In addition, Defendant argues that the Government presented "no proof that record or documents were *material to the investigation* . . ." [Id. at 2] [emphasis added]. Defendant previously raised these arguments in his Motion to

Dismiss Charge of Anticipatory Obstruction of Justice [Doc. 37]. In that motion, Defendant argued that Count Four is defective and that Section 1519 is unconstitutional. [Id.]. While Defendant refers to Count Four as an "obstruction of justice" charge, he ignores the fact that Section 1519 is not a traditional "obstruction of justice" offense. [*See* Memorandum and Order Accepting Judge Shirley's Report and Recommendation to Deny Defendant's Motion to Dismiss Charge of Anticipatory Obstruction of Justice, Doc. 165]. The Court has previously rejected Defendant's "timing" and "materiality" arguments. [Id.]. Specifically, the Court has already ruled that (1) "materiality" and "prejudice" are not elements of Section 1519; and (2) the investigation does not have to be ongoing at the time of the deletion or alteration of documents or records. [Id.]. Accordingly, Defendant's argument is without merit.

Finally, Defendant argues that the Court should have given a "unanimity" instruction concerning the means in which the offense was committed. The Court denied the proffered defense instruction because it was not supported by Sixth Circuit practice. Under Sixth Circuit Pattern Jury Instruction 8.03A, "Unanimity of Theory," the Court of Appeals has stated that "[n]o [i]nstruction [r]ecommended." *See* Sixth Circuit Pattern Jury Instruction 8.03A (effective December 2009). Accordingly, the Court did not err when it denied Defendant's request for a "unanimity" jury instruction. Defendant's Motion for Judgment of Acquittal [Doc. 194] is therefore **DENIED**.

## 2. The Evidence Was Sufficient to Support a Conviction of the Lesser-Included Offense of Count Three

Defendant was convicted of the lesser-included offense of 18 U.S.C. § 1030(a)(2)(C), which makes the following conduct criminal:

(a) Whoever

(2) intentionally accesses a computer without

7

> authorization or exceeds authorized access, and thereby obtains-
>
> > (C) information from any protected computer if the conduct involved an interstate or foreign communication.

18 U.S.C. § 1030(a)(2)(C). Under the statute, "computer" is defined as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device . . ." 18 U.S.C. § 1030(e)(1). "Protected computer" is defined as a computer "which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." Id. § 1030(e)(2)(B).

Defendant argues that "[t]he government failed to prove the 'protected computer' element of Count 3 or its lesser-included charge, because Yahoo! either would or could not identify the computer or computers on which the account and its attachments resided." [Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment, Doc. 194 at 2]. Defendant's argument is without merit. During trial, Yahoo! records revealed that the computers managing the Account on the date of the offense were located in Quincy, Washington. Defendant does not dispute that a Yahoo! computer located in Quincy, Washington was managing the Account at that time. The records also showed that Defendant accessed the Account by using Internet Protocol address "66.253.190.21."

It was not necessary for the Government to identify the specific Yahoo! computer that managed the Account because: (1) the location of the Yahoo! computer was verified; and (2) the IP

8

address used by the Defendant to access the Account was verified. Accordingly, the Court finds that a rational trier of fact, when viewing the evidence in the light most favorable to the Government, could have found the essential elements of the lesser-included offense of Count Three. Defendant's Motion for Judgement of Acquittal [Doc. 194] is therefore **DENIED**.

### 3. The Court Will Not Address Count One

On April 30, 2010, the Court declared a mistrial on Count One based upon jury deadlock. On May 7, 2010, the Government filed a Motion to Continue the Retrial of Count One. [Doc. 192]. In that Motion [Doc. 192], the Government requested to continue the retrial of Count One until: (1) the conclusion of any motion for a new trial; and (2) the appeal of the convictions as to Count Four and the lesser-included offense of Count Three. [Id.].

On May 13, 2010, the Court granted the Government's Motion to Continue Retrial of Count One. [Doc. 193]. Because the retrial of Count One has been continued until a later date, it would be improper for the Court to consider Defendant's Motion for Judgment of Acquittal [Doc. 194] as it relates to Count One. Defendant's Motion for Judgement of Acquittal is therefore **DENIED**.

### B. Defendant's Motion for Arrest of Judgment is Denied

### 1. The Court Will Not Arrest Judgment as to Count Four

One court has described the differences between a motion for judgment of acquittal under Rule 29, and a motion for arrest of judgment under Rule 34, as follows:

> In deciding a Rule 29 motion for acquittal, the court must look to all the evidence, and, when taken in the light most favorable to the government, determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
>
> A Rule 34 motion for arrest of judgment, on the other hand, must be decided on the record alone, that is, on the indictment, plea, and verdict. The evidence is not within the record. Challenges to the

9

sufficiency of the evidence are not proper under Rule 34.

Guthrie, 814 F. Supp. at 944 (internal quotations and citations omitted). Defendant argues that "[t]he court must arrest judgment as to Count 4 because the indictment does not charge an offense." [Defendant's Motion for Acquittal and Motion for Arrest of Judgment, Doc. 194 at 11]. In particular, Defendant challenges the validity of 18 U.S.C. § 1519 and the Superseding Indictment. [Id.]. For example, Defendant argues that the "'in relation to and contemplation of' prongs of 18 U.S.C. § 1519, as charged in Count 4, do not contain a specific intent element." [Id. at 11]. The Court has previously rejected these arguments, and will not disturb its rulings. [*See* Memorandum and Order Accepting Judge Shirley's Report and Recommendation to Deny Defendant's Motion to Dismiss Charge of Anticipatory Obstruction of Justice, Doc. 165].

Finally, to the extent that Defendant argues that Section 1519 "was not meant to apply to individuals who have no duty to preserve materials before an investigation exists," [Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment, Doc. 194 at 12], that argument has been rejected by other courts. *See* United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008). Likewise, this Court holds that Section 1519 is not limited to the corporate context. Accordingly, Defendant's Motion for Arrest of Judgment [Doc. 194] is **DENIED**.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal and Motion for Arrest of Judgment [Doc. 194] is **DENIED**.

10

**IT IS SO ORDERED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge