IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:08-cr-142 |
| | ) | JUDGE PHILLIPS |
| DAVID C. KERNELL | ) | |

**MOTION FOR DOWNWARD DEPARTURE AND VARIANCE**

Comes the defendant, DAVID C. KERNELL, by and through undersigned counsel, and hereby respectfully moves this Honorable Court to grant a downward departure under the U.S. Sentencing Guidelines, a variance based upon the statutory factors set out at 18 U.S.C. § 3553(a), or both, and impose a sentence of probation with reasonable conditions. In support of this motion, Mr. Kernell would show as follows:

1. An advisory base offense level of 14 is provided under the U.S. Sentencing Guidelines for offenses involving "obstruction of justice," including 18 U.S.C. § 1519. U.S.S.G. §2J1.2.

2. While defense counsel will cite varied grounds for variance and departure, given the Guideline range, only a slight departure or variance is required in order to impose a probationary sentence.

3. The recent judgment of the U.S. Sentencing Commission is that alternative sentencing should be applied to a wider range of sentences. Under the 2010 amendments that will be effective at the time of Mr. Kernell's sentencing, Zone C extends to Level 13.

4. Mr. Kernell moves for a downward departure based on the following:

a. Pursuant to U.S.S.G. § 5K2.0, the conduct at issue falls outside the heartland of the conduct that §2J1.2, the Obstruction of Justice guideline, was designed to punish.

b. Section 2J1.2 applies to all the "obstruction" statutes and was promulgated prior to Congress enacting 18 U.S.C. § 1519, a statute which broadened the scope of illegal conduct by removing the nexus and materiality elements required in traditional obstruction prosecutions.

c. The government has repeatedly pointed out that it did not charge Mr. Kernell with "obstruction of justice" and was not required to prove that there was a pending investigation or that the record or document was material to the prosecution.

d. The proof showed that Mr. Kernell very quickly took actions that resulted in the evidence being preserved.

e. When Mr. Kernell's impulsive conduct is balanced against the preservation of the computer, his conduct is mitigated in comparison with conduct covered by the obstruction guideline.

f. A comparison of the obstruction guideline (base level 14) with the guideline for the underlying misdemeanor offense (base level 6) shows that the derivative conduct for which Mr. Kernell was punished is punished significantly more seriously than the underlying offense.

g. Mr. Kernell's behavior was an aberration from his normal course of conduct. § 5K2.20.

h. Mr. Kernell's youth and emotional condition justify a departure pursuant to § 5HK1.1 and 5H1.3.

i. Pursuant to §5K2.11, Mr. Kernell's early attempt to delete items from his computer did not cause or threaten the harm sought to be prevented under 18 U.S.C. § 1519, a statute aimed at combating widespread corporate fraud.

j. For additional bases for departure, Mr. Kernell relies on the memorandum filed under seal.

5. Pursuant to 18 U.S.C. § 3553(a), Mr. Kernell asks the Court to consider:

a. The nature and circumstances of the offense.

b. Many of the defendants who have been convicted of violating 18 U.S.C. § 1519 have received probation or some form of alternative sentence. Granting Mr. Kernell probation would be in keeping with the way this statute has been applied and would prevent sentencing disparity.

c. The public humiliation, trial, and felony conviction are enough to deter any future violations of the law.

d. General deterrence has been achieved in this case by educating the public that accessing another's email account is conduct that violates federal law.

e. For additional reasons why a variance is warranted in this case, Mr. Kernell relies on the memorandum filed under seal.

Because the distinction between a departure and variance is not precise, Mr. Kernell recognizes that some of these requests are cumulative. Mr. Kernell asks the Court to consider these issues individually and cumulatively and to keep in mind that Mr. Kernell seeks only a slight departure and variance from the advisory Guidelines sentence. The grounds available to Mr. Kernell more than justify the Court to grant a sentence of probation with appropriate conditions.

Respectfully submitted this 26th day of October, 2010.

> RITCHIE, DILLARD & DAVIES, P.C.
>
> /s Wade V. Davies
> WADE V. DAVIES [BPR #016052]
> ANNE E. PASSINO [BPR #027456]
> 606 W. Main Street, Suite 300
> P. O. Box 1126
> Knoxville, TN 37901-1126
> (865) 637-0661
> wdavies@rddlawfirm.com
> apassino@rddlawfirm.com
>
> *Counsel for David C. Kernell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically this 26th day of October, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

> /s Wade V. Davies
> WADE V. DAVIES