```
 1              IN THE UNITED STATES DISTRICT COURT
 2            FOR THE EASTERN DISTRICT OF TENNESSEE
 3                       NORTHERN DIVISION
 4
 5   UNITED STATES OF AMERICA,      )
 6                                  )   No. 3:08-CR-142
 7      Plaintiff,                  )
 8                                  )   Knoxville, TN
 9   vs.                            )   April 30, 2010
10                                  )   9:00 a.m.
11   DAVID C. KERNELL,              )
12                                  )
13      Defendant.                  )
14
15
16                 TRANSCRIPT OF JURY TRIAL
17         BEFORE THE HONORABLE THOMAS W. PHILLIPS
18               UNITED STATES DISTRICT JUDGE
19
20
21   APPEARANCES:
22   For the Plaintiff:  D. Gregory Weddle, AUSA
23                       US Department of Justice (Knox USAO)
24                       800 Market Street, Suite 211
25                       Knoxville, TN  37902
26
27   For the Defendant:  Wade V. Davies, Esq.
28                       Ritchie, Dillard & Davies, P.C.
29                       606 West Main Street, Suite 300
30                       Knoxville, TN  37902
31
32
33   _____
34           DANA HOLLOWAY, LCR #11, CCR #455, CIR
35              MILLER & MILLER COURT REPORTERS
36         12804 Union Road, Knoxville, Tennessee  37934
37          Phone (865) 675-1471 / Fax (865) 675-6398
38                 E-mail:  JMccon3590@aol.com
```

1                           INDEX

2                                                      PAGE

3        JURY CHARGE                                    7

4        VERDICT                                       14

5        POLLING OF THE JURY                           16

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24       (NOTE:  Unless provided to the Court Reporter, all names

25       are spelled to the best phonetic approximation.)

1        This cause came on for hearing on the 30th

2    day of April 2010, in the United States District Court

3    for the Eastern District of Tennessee, Northern

4    Division, the Honorable Thomas W. Phillips presiding.

5        The Court having been duly opened, the

6    following proceedings were had, to-wit:

7        THE COURT:  Counsel, before the Jury gets here,

8    let's decide what to do about the Allen Charge.

9        Mr. Weddle, have you received a copy of

10   Mr. Davies' suggested Allen Charge?

11       MR. WEDDLE:  I have, Your Honor.

12       THE COURT:  And what is the Government's

13   position?

14       MR. WEDDLE:  Well, our position is that if the

15   Court gives the Allen Charge, the Court should give the

16   pattern instruction.  There's no reason to deviate from

17   the pattern instruction.

18       THE COURT:  Okay.  Well, the Sixth Circuit

19   Court of Appeals has approved the pattern jury charge

20   that's in the Pattern Jury Instruction Manual.  And I

21   have no intention to deviate from that pattern jury

22   instruction.

23       And Mr. Davies, your suggested Allen Charge

24   encourages the jury not to reach a verdict.  The purpose

25   of the Allen Charge is to encourage them to reach a

1    verdict.  So I will overrule your request.

2           Now let's talk about whether we should give the

3    Allen Charge.  Your position, Mr. Davies?

4           MR. DAVIES:  Your Honor, as I stated yesterday,

5    under the circumstances, I don't think it's appropriate,

6    particularly given the last communication from the jury

7    that indicated that there was some identified group

8    that, at least some of the jurors were stating, were

9    having a problem.

10          So I think that under the circumstances, the

11    Allen Charge would seem to be too directed towards the

12    group that was identified in the communication from the

13    jury.  I think that's what makes it a little different

14    from most circumstances where the jury is having trouble

15    reaching a verdict.

16          And just with regard to...  I certainly did not

17    intend to encourage them not to reach a verdict.  I just

18    think the instruction needs to be clear that you're

19    not -- that the Court is not telling them that they have

20    to, because that, of course, is not the law.

21          THE COURT:  Thank you, Mr. Davies.  I realize

22    that you're doing your job for your client, and doing it

23    very well.

24          Mr. Weddle, your position with regard to the

25    Allen Charge?

1          MR. WEDDLE:  Well, Your Honor, I think I concur

2     with the Court's statement yesterday, that we're

3     probably getting very pretty close to that point in the

4     trial where we should give them that instruction.  I

5     guess I would say that maybe not quite yet.

6          They've indicated one time that they were

7     deadlocked as to Count 1.  And then when the Court gave

8     the partial verdict instruction, I think that they

9     communicated that they would like to continue to

10    deliberate rather than return a partial verdict.  And

11    that was late yesterday afternoon.

12         So perhaps we should allow them to continue to

13    deliberate a little more this morning on fresh minds.

14    And then at some point after some brief period this

15    morning, if they still are having trouble, and they

16    indicate that there is an impasse, then I think an Allen

17    Charge would be appropriate at that time.

18         THE COURT:  Okay.  Mr. Davies?

19         MR. DAVIES:  Your Honor, I think if the Court

20    is going to give it, it would be better to give it first

21    thing this morning before they start.  It will seem less

22    unusual that way.

23         And I think the case law indicates that the

24    further along in the deliberations the Allen Charge is

25    given, the more coercive that it becomes.  So it seems

1    like if the Court is going to give it, it just makes

2    sense to do it first thing in the morning.  It won't

3    seem like such an unusual charge if the Court is simply

4    reminding them what their obligations are.

5        So if you're going to give it, I ask that it be

6    done before they start this morning.

7        THE COURT:  Thank you, Mr. Davies.  Well, as

8    usual, you're not in agreement.

9        MR. WEDDLE:  Well, Your Honor, I guess I will

10   say that the defendant was objecting to the giving of

11   the charge.  Now that he requests that it be given now,

12   maybe it is appropriate to give it now, since that is

13   the defendant's preference.

14       And we -- obviously, the case law suggests that

15   it is not to be viewed as coercive.  So if that's the

16   defendant's position that he prefer that it be given

17   now, we don't have any objection to that.  Obviously, we

18   leave it to the Court's discretion.

19       THE COURT:  Well, I do believe that Mr. Davies

20   has a very valid point.  Giving it the first thing this

21   morning would probably be less coercive than giving it

22   later in the day.

23       So I think you're right, Mr. Davies.  I'll give

24   it as soon as the jury assembles.

25       Now, do we have all the jurors here?

1          DEPUTY CLERK:  If you would like for me to

2     check, I can do that now.

3          THE COURT:  Yes, if you would, please.

4          DEPUTY CLERK:  Yes, they are all here.

5          THE COURT:  Counsel, I'm going to change the

6     introduction to the charge very slightly.  Do you have

7     it before you?

8          MR. DAVIES:  Yes, Your Honor.

9          THE COURT:  Okay.  I'm going to state, "Members

10    of the Jury, it is now time for you to return to the

11    jury room."  Rather than, "I'm going to ask that you

12    return."

13         MR. WEDDLE:  Okay.

14         THE COURT:  So that it will appear that it's

15    more in the ordinary course of affairs.  Do any of you

16    have a problem with that?

17         MR. DAVIES:  No, Your Honor.

18         MR. WEDDLE:  No, Your Honor.

19         THE COURT:  Okay.  Let's bring them in, please.

20         DEPUTY CLERK:  All rise.

21    (Jury in at 9:05.)

22                    JURY CHARGE

23         THE COURT:  You may be seated, ladies and

24    gentlemen.

25         Good morning, Ladies and Gentlemen of the Jury.

1     It's a beautiful day out there today.

2         Members of the Jury, it is now time for you to

3     return to the jury room and deliberate further.  I

4     realize that you're having some difficulty reaching

5     unanimous agreement, but that is not unusual.  And

6     sometimes after further discussion, jurors are able to

7     work out their differences and agree.

8         Please keep in mind how very important it is

9     for you to reach unanimous agreement.  If you cannot

10     agree, and this case is tried again, there is no reason

11     to believe that any new evidence will be presented, or

12     that the next 12 jurors will be any more conscientious

13     and impartial than you are.

14         Let me remind you that it is your duty as

15     jurors to talk with each other about the case, to listen

16     carefully and respectfully to each other's views, and to

17     keep an open mind as you listen to what your fellow

18     jurors have to say.

19         And let me remind you that it is your duty to

20     make every reasonable effort you can to reach unanimous

21     agreement.

22         Each of you, whether you are in majority or the

23     minority, are to seriously reconsider your position in

24     light of the fact that other jurors who are just as

25     conscientious and impartial as you are, have come to a

1    different conclusion.

2        Those of you who believe that the government

3    has proved the defendant guilty beyond a reasonable

4    doubt should stop and ask yourselves if the evidence is

5    really convincing enough, given that the other members

6    of the jury are not convinced.

7        And those of you who believe that the

8    government has not proved the defendant guilty beyond a

9    reasonable doubt should stop and ask yourselves if the

10    doubt you have is a reasonable one, given that other

11    members of the jury do not share your doubt.

12        None of you should hesitate to change your mind

13    if after reconsidering things you were convinced that

14    other jurors are right and that your original position

15    was wrong.  But remember this, do not ever change your

16    mind just because other jurors see things differently,

17    or just to get the case over with.

18        As I told you before, in the end, your vote

19    must be exactly that, your own vote.  As important as it

20    is for you to reach unanimous agreement, it is just as

21    important that you do so honestly and in good

22    conscience.

23        What I have just said is not meant to rush or

24    pressure you into agreeing on a verdict.  Take as much

25    time as you need to discuss things.  There is no hurry.

1          I will ask you at this time to return to the

2     jury room and resume your deliberations.  And

3     Mr. Foreperson, you can decide when the jury will take

4     breaks.  And you may also decide when to take your lunch

5     break, and what time the jury is to return.  Thank you,

6     Ladies and Gentlemen of the Jury.  You are excused at

7     this time.

8          DEPUTY CLERK:  All rise.

9     (Jury out at 9:09.)

10         THE COURT:  We are in recess.

11     (Court is in recess.)

12         DEPUTY CLERK:  Please come to order.

13         THE COURT:  Well, ladies and gentlemen, we do

14     have a communication from the jury.  And the

15     communication states as follows:

16         "After continued discussion and debate, the

17     jury remains deadlocked regarding Count 1.  As

18     previously stated, we have reached unanimous decisions

19     on Counts 2,3, and 4, and are willing to share the

20     results with the Court."

21         Ladies and gentlemen, if you'll be seated,

22     please.

23         I think what the jury is saying to us, Counsel,

24     is that they continue to be deadlocked as to Count 1.

25     Under Rule 26.3 of the Federal Rules of Criminal

1    Procedure, before ordering a mistrial, the Court must

2    give each defendant, and the Government, an opportunity

3    to comment on the propriety of the order, to state

4    whether that party consents, or objects, and to suggest

5    alternatives.

6         Mr. Weddle, on behalf of the Government, what

7    is the Government's position as to declaring a mistrial

8    as to Count 1?

9         MR. WEDDLE:  Well, Your Honor, I think it might

10   be more appropriate to defer that to the defendant.

11        Obviously, the concern we would have is based

12   on a possible double jeopardy bar.  In the event of a

13   retrial we would intend...  From the circumstances we

14   now know, we would intend to retry that count.

15        And, of course, that's our concern as to

16   whether there would be an interposition of a double

17   jeopardy challenge to that.  And that largely depends on

18   whether the defendant would agree, or object, to a

19   mistrial.  So it might be more appropriate to deal with

20   that.

21        But certainly, you know, some of the factors

22   that are involved are the length of deliberations.  This

23   jury has clearly deliberated a long time.  Whether they

24   are hopelessly deadlocked...  Certainly the Court may

25   inquire of the jury whether they believe they are able

1    to reach a unanimous verdict.  It appears now, this is

2    the second communication, they are deadlocked on this

3    count.

4             Whether there are any alternatives...  To my

5    mind, I can't think of any alternatives at this point.

6             But again, our concern would, of course, be a

7    possible double jeopardy bar.  And I think what I'm also

8    advising the defendant and the Court is that based on

9    circumstances we now know, if the Court were to declare

10   a mistrial on a hung jury, we would intend to retry the

11   case.

12             THE COURT:  As to Count 1?

13             MR. WEDDLE:  Yes, sir.

14             THE COURT:  Okay.  Mr. Davies, your position?

15             MR. DAVIES:  Your Honor, this being the second

16   communication that the jury is deadlocked, and the Court

17   having given the Allen Charge, the jury has been

18   deliberating since Tuesday.  Your Honor, I see no reason

19   to question the jury's communication to the Court that

20   they are, in fact, deadlocked.  And I think it would be

21   appropriate to declare a mistrial as to Count 1.

22             THE COURT:  Thank you, Mr. Davies.

23             Mr. Kernell, what is your feeling in regard to

24   declaring a mistrial as to Count 1.

25             MR. KERNELL:  I agree with that.

1          THE COURT:  Okay.  Thank you, Mr. Kernell.

2          Well, I think that we have exhausted all

3   alternatives in this matter.  The jury has returned, or

4   is ready to return, a partial verdict as to the counts

5   upon which they have reached a unanimous agreement.

6          I will question the jurors in just a moment to

7   see if there's any hope that they will be able reach a

8   unanimous verdict as to Count 1.  But I did want to

9   comply with the Rule and give you an opportunity to file

10  any objections, or statements, that you may have in

11  regard to a mistrial before it's actually declared as to

12  Count 1.  And I will check with you again before we

13  continue.

14         Okay.  We'll bring the jury in, please.

15         DEPUTY CLERK:  All rise.

16  (Jury in at 2:50.)

17         THE COURT:  You may be seated, ladies and

18  gentlemen.

19         Members of the Jury, I have received the

20  following communication from the jury:

21         "After continued discussion and debate, the

22  jury remains deadlocked regarding Count 1.

23         As previously stated, we have reached unanimous

24  decisions on Counts 2, 3, and 4, and are willing to

25  share the results with the Court."

1         If the Foreperson would please stand.

2    Mr. Foreperson, has the jury reached a unanimous verdict

3    as to three of the four counts in the Indictment?

4         JURY FOREPERSON:  Yes, Your Honor.

5         THE COURT:  And you have reached unanimous

6    verdicts as to Counts 2, 3, and 4?  Is that correct,

7    sir?

8         JURY FOREPERSON:  Yes, Your Honor.

9         THE COURT:  And do you wish to make a return on

10   those counts at this time?

11        JURY FOREPERSON:  Yes, we do.

12        THE COURT:  Okay.  If you'll pass the Verdict

13   Form to the marshal, please.

14        Okay.  Marshal, if you would hand the Verdict

15   Form back to the Foreperson, please.

16        And Mr. Foreperson, if you would read the

17   Verdict Form to the assembled parties as to each verdict

18   to which you have reached unanimous agreement.

19                          VERDICT

20        MR. FOREPERSON:  Yes, Your Honor.

21        We, the members of the jury, find unanimously,

22   and from all the evidence, as follows:

23        Count 2.  As to Count 2 of the Indictment

24   charging violation of §18 U.S.C. 1343, Wire Fraud, we

25   find the defendant, David C. Kernell, not guilty.

1        3(A).  As to the lesser included offense of

2    Count 3 charging a violation of §18 U.S.C. 1030,

3    unlawfully obtaining information from a protected

4    computer as a result of unauthorized access to a

5    computer, we found the defendant, David C. Kernell,

6    guilty.

7        As to Count 4 of the Indictment charging a

8    violation of §18 U.S.C. 1519, Destruction, alteration,

9    or falsification of records in Federal investigations,

10   we found the defendant, David C. Kernell, guilty.

11       THE COURT:  Thank you, Mr. Foreperson.  If you

12   would give the Verdict Form back to the Marshal, please.

13       THE COURT:  Members of the Jury, I want to make

14   sure that this verdict is the verdict of each of you.

15   If this is the verdict of each member of the jury as to

16   Counts 2, 3, and 4 of the Indictment, would you please

17   so indicate at this time by raising your right hand.

18       Let the record reflect that each member of the

19   jury raised his, or her, right hand.

20       Ladies and Gentlemen of the Jury, I wish to

21   thank you for your time and effort spent in helping the

22   cause of justice in this case.  You have been very

23   patient and attentive.  And on behalf of the United

24   States District Court for the Eastern District of

25   Tennessee, I wish to thank you for your willingness to

1    do your civic duty by serving on the jury in this case.

2         Now at this time, Mr. Foreperson, if you would

3    please stand again.

4         Mr. Foreperson, without relating in any way any

5    of the proceedings which have taken place in the secrecy

6    of the jury room, how the jury has voted on any issue,

7    or indicating in any way the split of the vote, do you

8    believe that there is a probability that the jury can

9    reach a verdict within a reasonable time?  Or do you

10   believe that the jury is hopelessly deadlocked as to

11   Count 1 of the Indictment?

12        In other words, do you believe that there is a

13   prospect of the jury reaching a verdict within a

14   reasonable period of time as to Count 1?

15        JURY FOREPERSON:  Your Honor, I do not believe

16   we will be able to reach a verdict -- a unanimous

17   decision, no, sir.

18        THE COURT:  Thank you, Mr. Foreperson.

19        Now, Ladies and Gentlemen of the Jury, I need

20   to ask the same question to each of you.

21        Juror No. 279, do you believe that there is a

22   probability that the jury can reach a verdict within a

23   reasonable time as to Count 1 of the Indictment?  Or do

24   you believe that the jury is hopelessly deadlocked on

25   Count 1?

1          JUROR 279:  Your Honor, I believe that the jury

2     is hopelessly deadlocked.

3          THE COURT:  Thank you, Juror No. 279.

4          Juror No. 281, do you believe that there is a

5     probability that the jury can reach a verdict within a

6     reasonable time as to Count 1?  Or do you believe that

7     the jury is hopelessly deadlocked as to Count 1?

8          JUROR NO. 281:  Hopelessly deadlocked.

9          THE COURT:  Thank you, Juror No. 281.

10          Juror No. 13, do you believe that there is a

11     probability that the jury can reach a verdict within a

12     reasonable time?  Or do you believe that the jury is

13     hopelessly deadlocked on Count 1?

14          JUROR NO. 13:  We are deadlocked, Your Honor.

15          THE COURT:  Thank you, Juror No. 13.

16          Juror No. 283, do you believe that there is a

17     probability that the jury can reach a verdict within a

18     reasonable time?  Or do you believe that the jury is

19     hopelessly deadlocked on Count 1?

20          JUROR NO. 283:  No, Your Honor.  This jury is

21     hopelessly deadlocked.

22          THE COURT:  Thank you, Juror No. 283.

23          Juror 228, do you believe that there is a

24     probably that the jury can reach a verdict within a

25     reasonable time as to Count 1?  Or do you believe that

1    the jury is hopelessly deadlocked on Count 1?

2              JUROR No. 228:  The jury is hopelessly

3    deadlocked on Count 1.

4              THE COURT:  Thank you, Juror No. 228.  If you

5    would hand the -- yes to 284.

6              Juror No. 284, do you believe that there is a

7    probability that the jury can reach a verdict within a

8    reasonable time?  Or do you believe that the jury is

9    hopelessly deadlocked on Count 1?

10             JUROR NO. 284:  We're hopelessly deadlocked.

11             THE COURT:  Thank you, Juror No. 284.

12             Juror No. 237, do you believe that there is a

13   probability that the jury can reach a verdict within a

14   reasonable time?  Or do you believe that the jury is

15   hopelessly deadlocked on Count 1?

16             JUROR NO. 237:  Hopelessly deadlocked.

17             THE COURT:  Thank you, Juror No. 237.

18             Juror No. 6, do you believe that there is a

19   probability that the jury can reach a verdict within a

20   reasonable time as to Count 1?  Or do you believe that

21   the jury is hopelessly deadlocked on Count 1?

22             JUROR NO. 6:  Hopelessly deadlocked.

23             THE COURT:  Thank you, Juror No. 6.

24             Well, the Foreperson has already reported.

25             Juror No. 29, do you believe that there is a

1    probability that the jury can reach a verdict within a

2    reasonable time?  Or do you believe that the jury is

3    hopelessly deadlocked on Count 1?

4                    JUROR NO. 29:  Hopelessly deadlocked, Your

5    Honor.

6                    THE COURT:  Thank you, Juror No. 29.

7                    Juror No. 286, do you believe that there is a

8    probability that the jury can reach a verdict within a

9    reasonable time as to Count 1?  Or do you believe that

10   the jury is hopelessly deadlocked on Count 1?

11                   JUROR NO. 286:  Hopelessly deadlocked.

12                   THE COURT:  Thank you, Juror No. 286.

13                   Juror No. 57, do you believe that there is a

14   probability that the jury can reach a verdict within a

15   reasonable time?  Or do you believe the jury is

16   hopelessly deadlocked on Count 1?

17                   JUROR NO. 57:  We are hopelessly deadlocked.

18                   THE COURT:  Thank you, Juror No. 57.

19                   Rule 26.3 of the Federal Rules of Criminal

20   Procedure requires the Court to provide an opportunity

21   for all parties to comment prior to the order of

22   mistrial, including whether each party consents, or

23   objects, to a mistrial, and to suggest other

24   alternatives.

25                   At this time, Mr. Davies, do you wish to

1        object, or consent, to the declaration of a mistrial as

2        to Count 1 of the Indictment?

3                MR. DAVIES:  Nothing further.  I consent.

4                THE COURT:  Thank you, Mr. Davies.

5                Mr. Kernell, do you consent to a mistrial as to

6        Count 1 of the Indictment?

7                MR. KERNELL:  Yes, I do, Your Honor.

8                THE COURT:  Thank you, Mr. Kernell.

9                Mr. Weddle, what is the position of the

10       Government with regard to Count 1 of the Indictment?

11               MR. WEDDLE:  We likewise consent, Your Honor.

12               THE COURT:  Thank you, Mr. Weddle.

13               A mistrial is not to be declared unless; number

14       one, there is manifest necessity for termination of the

15       proceedings; or number two, the ends of public justice

16       would otherwise be defeated.

17               Before declaring a mistrial, the United States

18       Supreme Court has indicated that a trial judge must

19       consider all the procedural alternatives to a mistrial.

20       And after finding none of them to be adequate, make a

21       finding of manifest necessity for the declaration of a

22       mistrial.

23               The general rule followed by the Sixth Circuit

24       Court of Appeals is that manifest necessity for the

25       declaration of a mistrial may be found in the inability

1     of a jury to reach a verdict.

2     The Court has carefully considered all

3     procedural alternatives to a mistrial on Count 1 in this

4     case, and has found none to be adequate.

5     The Court has provided an opportunity for all

6     parties to comment on the propriety of that order of

7     mistrial as to Count 1, including whether each party

8     consents, or objects, to the mistrial, and to suggest

9     other alternatives.

10     The Court has collectively and individually

11     inquired of the jury whether they believe there is a

12     probability that the jury can reach a verdict within a

13     reasonable time as to Count 1 of the Indictment, or

14     whether it is hopelessly deadlocked.  And each juror has

15     declared in open court that the jury is hopelessly

16     deadlocked on Count 1, and there is no probability that

17     the jury can reach a verdict within a reasonable time.

18     Accordingly, the Court finds that the manifest

19     necessity for the declaration of a mistrial as to

20     Count 1 of the Indictment in this case, has been

21     established by the inability of the jury to reach a

22     verdict, and that the ends of public justice would

23     otherwise be defeated should a mistrial not be declared

24     in this case, as to Count 1 of the Indictment.

25     This case took four days to try.  And the jury

1     has deliberated now for almost five days.  Manifest

2     necessity and the ends of public justice require the

3     declaration of a mistrial as to Count 1 of the

4     Indictment in this case, at this time.

5          Thank you, very much, Ladies and Gentlemen of

6     the Jury, for your attentiveness and for all your

7     assistance in carrying out the cause of justice in this

8     case.

9          Mr. Davies, are you aware of any reason why

10    this jury should not be discharged at this time?

11         MR. DAVIES:  No, Your Honor.

12         THE COURT:  Mr. Weddle, are aware of any reason

13    why this jury should not be discharged at this time?

14         MR. WEDDLE:  None, Your Honor.

15         THE COURT:  Ladies and Gentlemen of the Jury,

16    the verdict you have rendered in this case is your

17    business, and you do not have to discuss it with any

18    one.

19         My personal feeling is, if I were a juror, I

20    would not discuss my verdict publicly.  However, I will

21    not instruct you not to discuss the case if you want to

22    do so.

23         Please be aware, however, that I have not given

24    the lawyers in this case permission to talk to you about

25    the case.

1    Counsel, I want to direct your attention to
2    Local Rule 48.1, which prohibits your contacting, or
3    talking, with any juror without prior leave of the
4    Court.  I do not grant such leave at this time, or in
5    this case.
6    Ladies and Gentlemen of the Jury, you are
7    discharged at this time.  If you'll call back in, the
8    Jury Clerk will let you know when to return.  And have a
9    good weekend.
10    DEPUTY CLERK:  All rise.
11    (Jury is discharged.)
12    THE COURT:  Okay.  Ladies and gentlemen, if you
13    will be seated.
14    Madam Clerk, if you would show the Verdict Form
15    first to counsel for the defendant, and then to counsel
16    for the Government.
17    Counsel, if you would like a copy of the
18    Verdict Form, the Clerk would be glad to make a copy for
19    you.
20    Counsel, I have been provided the following
21    dates for sentencing.  However, I guess, Mr. Weddle, a
22    decision will have to be made as to whether the
23    Government wishes to pursue Count 1 of the Indictment.
24    How much time will you need to make that decision?
25    MR. WEDDLE:  Your Honor, if I could have --

1          would it be possible to have at least through Wednesday

2          of next week?

3                    THE COURT:  Mr. Davies?

4                    MR. DAVIES:  That's fine, Your Honor.  However

5          much time he needs.

6                    THE COURT:  Do you need more time than that,

7          Mr. Weddle?

8                    MR. WEDDLE:  Well, if I could have more time, I

9          would like until the end of week.  Because there are

10         obviously a number of factors to be considered, and a

11         number of folks to discuss this with.

12                   THE COURT:  Okay.  Why don't you make the

13         filing with the Court then by close of business hours

14         next Friday.

15                   MR. WEDDLE:  That would be fine, Your Honor.

16                   THE COURT:  And send a copy, of course, to

17         Mr. Davies, so he will be apprised of what the

18         Government needs to do.

19                   MR. WEDDLE:  Yes, Your Honor.

20                   THE COURT:  And I think, Counsel, we probably

21         should wait on a sentencing date until that decision has

22         been made.

23                   MR. WEDDLE:  Yes, Your Honor.

24                   THE COURT:  Mr. Davies?

25                   MR. DAVIES:  I think that's appropriate, Your

1    Honor.  We need to know which way we're going.  That

2    would be fine.

3            THE COURT:  Okay.  Now, is there any objection,

4    Mr. Weddle, to the defendant remaining on the same bond

5    that he is under currently?

6            MR. WEDDLE:  No, Your Honor.

7            THE COURT:  I do not have his bond conditions

8    before me.  I forgot to bring that.  Does anybody have a

9    copy of the bond conditions?

10           DEPUTY CLERK:  I can get a copy of that.

11           THE COURT:  Will you pull it up for me, please?

12           DEPUTY CLERK:  Yes, Your Honor.

13           THE COURT:  Okay.  Mr. Kernell, let's review

14   your conditions of release.  First of all, you must

15   report to your probation officer as directed.  You must

16   surrender any passport to your probation officer.  I

17   would assume that you've already done that.

18           MR. KERNELL:  Yes, sir.

19           THE COURT:  And you must not obtain any

20   additional passport.  Travel is restricted to the

21   Eastern District of Tennessee, unless approved in

22   advance by your probation officer.  However, the Court

23   did allow you to travel to Hawaii to visit your mother.

24   But you did get permission to do that before you left.

25           You must avoid all contact with Governor Palin

1    or her family.  You must refrain from possessing a

2    firearm, destructive device, or other dangerous weapon.

3    You must refrain from excessive use of alcohol, and you

4    must report any contact with law enforcement with your

5    probation officer.

6         You shall not own, or possess, a computer, nor

7    access the internet other than e-mail or specific

8    college class assignments.  And no driving, unless you

9    have a valid license.

10        Well, those conditions appear to be reasonable.

11   And I think we will keep them as they are.

12        Mr. Kernell, remember that it is very important

13   for you to comply with the order setting the conditions

14   of your release.  Because if you don't, then of course

15   I'll have to revoke your bond.  And you don't want that

16   to happen.

17        Okay.  Anything further we need to take up at

18   this time on behalf of the Government, Mr. Weddle?

19        MR. WEDDLE:  No, Your Honor.

20        THE COURT:  Anything further, Mr. Davies?

21        MR. DAVIES:  No, Your Honor.

22        THE COURT:  We'll stand adjourned.

23        DEPUTY CLERK:  All rise.  This Honorable Court

24   stands adjourned.

25                    (END OF PROCEEDINGS.)

1                            REPORTER'S CERTIFICATE

2    STATE OF TENNESSEE    )

3    COUNTY OF BLOUNT     )

4                 I, Dana Holloway, Certified Court Reporter

5    and Notary Public in and for the County of Blount, State

6    of Tennessee, do hereby certify:

7                 That I reported stenographically the

8    proceedings held in open court on the 30th day of April,

9    2010; that said proceedings in connection with the

10   hearing were reduced to typewritten form by me; and that

11   the foregoing transcript is a true and accurate record

12   of said proceedings to the best of my knowledge, skills,

13   and ability.

14       I further certify that I am not kin to any of the

15   parties involved therein nor their counsel, and I have

16   no financial or otherwise interest in the outcome of

17   these proceedings whatsoever.

18               This the 31st day of December, 2010.

19

20                _____

21                Dana Holloway, LCR #11, CCR #455, CIR

22                Expiration Date 7/1/2012

23                Notary Public Commission Expires 2/25/2014

24                Miller & Miller Court Reporters

25                12804 Union Road

26                Knoxville, TN  37934

27                Phone:  865-675-1471/Fax 865-675-6398

28                E-mail:  Jmccon3590@aol.com

29